COPY

1 **AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
2 Email: justin.balser@akerman.com
725 South Figueroa Street, 38th Floor
3 Los Angeles, California 90017-5433
Telephone: (213) 688-9500
4 Facsimile: (213) 627-6342

5 Attorneys for Defendants
NATIONSTAR MORTGAGE LLC and
6 FEDERAL HOME LOAN MORTGAGE CORPORATION

FILED
CLERK U.S. DISTRICT COURT

SEP 17 2013

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11 WENDY BRISCOE,

12 Plaintiff,

13 v.

14 NATIONSTAR MORTGAGE, LLC, a
Delaware limited liability company,
15 FEDERAL HOME LOAN MORTGAGE
CORPORATION, and DOES 1
16 THROUGH 50 INCLUSIVE

17 Defendants.

18

19

Case No. **CV 13-06840 –DDP CPLA**

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION BASED ON DIVERSITY JURISDICTION**

**[28 U.S.C. §§ 1332, 1441, AND 1446]**

[Los Angeles County Superior Court
Case No. BC518110]

Complaint Filed: August 13, 2013
Trial Date: None

20 **TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

21     Defendants Nationstar Mortgage LLC (**Nationstar**) and Federal Home Loan

22 Mortgage Corporation (**Freddie Mac**) (collectively, **defendants**), pursuant to 28

23 U.S.C. §§ 1332, 1441 and 1446, hereby remove this action from the Superior Court of

24 the County of Los Angeles, to the United States District Court for the Central District

25 of California, and state as follows:

26              **I.**    **STATEMENT OF THE CASE**

27     1.    On August 13, 2013, an action was commenced in the Superior Court of

28 the County of Los Angeles, styled *Wendy Briscoe v. Nationstar Mortgage, LLC, et al.,*

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   Case No. BC518110 (**State Court Action**).   A copy of the Complaint in the State

2   Court Action is attached hereto as part of **Exhibit 1**.

3       2.    Plaintiff Wendy Briscoe (**plaintiff**) asserts twelve causes of action, which

4   she characterizes as follows: (**1**) breach of oral contract; (**2**) breach of written contract;

5   (**3**) wrongful foreclosure; (**4**) quiet title; (**5**) cancellation of instruments (trustee's deed

6   upon sale); (**6**) promissory estoppel; (**7**) negligence; (**8**) negligent misrepresentation;

7   (**9**) fraud; (**10**) violation of the Rosenthal Fair Debt Collection Practices Act; (**11**)

8   violation of California *Business & Professions Code* § 17200; and (**12**) violation of

9   California's Homeowner Bill of Rights.

10   **II.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

11       1.    This Court has jurisdiction over this matter under 28 U.S.C. § 1332 as it is

12   a civil action between citizens of different states and as the matter in controversy

13   exceeds the sum of $75,000, exclusive of interest and costs.

14   **A.    Complete Diversity of Citizenship**

15       2.    Federal courts have jurisdiction over diversity cases in order to ensure that

16   citizens of different states can adjudicate their disputes in a neutral forum.   See *Bank of*

17   *United States v. Devaux*, 9 U.S. (5 Cranch) 61, 87 (1809) (Marshall, C. J.).   For this

18   reason, "[d]efendants may remove an action on the basis of diversity of citizenship if

19   there is complete diversity between all named plaintiffs and all named defendants, and

20   no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S.

21   81, 84 (2005).

22       3.    Complete diversity of citizenship exists because plaintiff is a citizen of

23   California, and both Nationstar and Freddie Mac are citizens of another state.

24       4.    Plaintiff is a California citizen.   "A person's domicile is her permanent

25   home, where she resides with the intention to remain or to which she intends to return."

26   *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).   "The courts have

27   held that the determination of an individual's domicile involves a number of factors (no

28   single factor controlling), including: **current residence**, voting registration and voting

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

practices, **location of personal and real property**, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes" (emphasis added). *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff is a citizen of California as she admits that she resides in the County of Los Angeles in the State of California and as she claims ownership in the real property located at "9950 Reseda Boulevard, Unit Number 10, zip code 91324, assessor number 2371-024-047" (**subject property**). (See Complaint ¶ 1).

5. Freddie Mac is a federally-chartered corporation organized under the laws of the United States, 12 U.S.C. § 1451, *et seq.*, with its headquarters in Virginia.

6. Nationstar is a limited liability company organized under Delaware law. As a limited liability company, Nationstar "is a citizen of every state of which its owners/members are citizens," for purposes of diversity jurisdiction under § 1332(a). *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Nationstar has two members, Nationstar Sub1 LLC and Nationstar Sub2 LLC. Both of Nationstar's members are Delaware limited liability companies that are completely owned by Nationstar Mortgage Holdings, Inc., a Delaware corporation. Nationstar Mortgage Holdings, Inc.'s principal place of business is in Texas. Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Nationstar is a citizen of Delaware and Texas, but not California.

7. "The citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). It does not appear that fictitiously named defendants Does 1 through 50 have been named or served, and their citizenship is irrelevant for the purposes of this removal.

**B.    The Matter in Controversy is Satisfied**

8. Under 28 U.S.C. § 1332(a), the matter in controversy must exceed $75,000. The amount in controversy here exceeds this statutory minimum as the

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

1   subject property last sold at a nonjudicial foreclosure sale plaintiff seeks to set aside for

2   the price of $323,701.00.  (See **Exhibit 2**, Trustee's Deed Upon Sale).

3        9.     Both the Supreme Court and the Court of Appeals for the Ninth Circuit

4   have held that "it is well established that the amount in controversy is measured by the

5   **value of the object of the litigation**" (emphasis added).  *Hunt v. Washington State*

6   *Apple Advertising Com'n*, 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.*, 281 F.3d

7   837, 840 (9th Cir. 2002).  In actions challenging the foreclosure of real property by the

8   lender pursuant to a borrower's default on a mortgage loan, the value of the object of

9   litigation is measured by either the value of the underlying loan or the value of the

10  property securing the loan.  See *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076

11  (9th Cir. 1973); *Cabriales v. Nationstar Loan Services*, 2010 WL 761081 (N.D.Cal.

12  2010); *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785 (N.D.Cal. 2010);

13  *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 FN2 (9th Cir. 2011).

14       10.     Plaintiff's entire action here, arises from and relates to the trustee's sale of

15  the subject property pursuant to her default.  The value of the object of litigation (i.e.

16  the amount in controversy) is therefore properly measured as the value of the subject

17  property based on the purchase price. This amount exceeds the $75,000.00

18  jurisdictional minimum thereby satisfying the matter in controversy requirement.

19  Indisputably, the United States District Court has subject matter jurisdiction over

20  plaintiff's action

21  **III.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN**

22  **SATISFIED**

23       1.     Plaintiff filed proofs of service indicating Freddie Mac and Nationstar

24  were served by certified mail on August 15, 2013.  Under Federal Rule of Civil

25  Procedure 4, this is not a proper form of service.  Therefore, defendants have not been

26  properly served and removal of this action is timely.

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

2.     However, Nationstar acknowledges it received a copy of the complaint on August 19, 2013 via certified mail. This action has been removed within 30 days of receipt.

3.     Doe Defendants 1-50 have not been named or served, and their consent is therefore not required. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir. 1984), *overruled on other grounds by Ethridge v. Harbor House Restaurant,* 861 F.2d 1389 (9th Cir. 1988), *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action.").

4.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action are attached hereto as **Exhibit 1**.

5.     Pursuant to 28 U.S.C. § 1446(d), defendants shall promptly file a notice of removal of this action with the clerk of the Los Angeles County Superior Court where this action commenced, and defendants shall promptly serve plaintiff and all parties who have appeared, if any, with this notice of removal as well as the notice to be filed in the California Superior Court.

## IV.   CONCLUSION

1.     By this notice of removal and the associated attachments, defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this notice, and expressly reserve all defenses, motions and/or pleas. Defendants pray that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that defendants receive all additional relief to which they are entitled.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Dated: September 17, 2013

**AKERMAN SENTERFITT LLP**

By: _____

Justin D. Balser
Attorneys for Defendants
NATIONSTAR MORTGAGE LLC
and FEDERAL HOME LOAN
MORTGAGE CORP.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

EXHIBIT 1

# Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC518110
WENDY BRISCOE VS NATIONSTAR MORTGAGE LLC ET AL

**Filing Date:** 08/13/2013
**Case Type:** Contractual Fraud (General Jurisdiction)
**Status:** Pending

Future Hearings

**02/20/2014** at 09:30 am in department 38 at 111 North Hill Street, Los Angeles, CA 90012
Motion(PLAINTIFF'S MOTION FOR PROTECTIVEORDER)

**12/06/2013** at 08:30 am in department 38 at 111 North Hill Street, Los Angeles, CA 90012
Conference-Case Management

Documents Filed | Proceeding Information

Parties

BRISCOE WENDY - Plaintiff/Petitioner

DOES 1 THROUGH 50 - Defendant/Respondent

FEDERAL HOME LOAN MORTGAGE CORPORATION - Defendant/Respondent

FRANK MICHAEL F. - Attorney for Plaintiff/Petitioner

NATIONSTAR MORTGAGE LLC - Defendant/Respondent

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

Documents Filed (Filing dates listed in descending order)

**09/13/2013** Ex-Parte Application (BY PLAINTIFF WENDY RISCOE FOR INJUNCTIVE ORDER STAYING ACTIONS OR PROCEEDINGS BY DEFENDANT FEDERAL HOME LOAN MORTGAGE CORP. TO TAKE POSSESSION OF PLAINTFF RESIDENCE)
Filed by Plaintiff

**09/13/2013** Declaration (DECLARATION OF MICHAEL F. FRANK RE NOTICE )
Filed by Plaintiff

**08/28/2013** Motion
Filed by Attorney for Plaintiff/Petitioner

**08/22/2013** Proof-Service/Summons
Filed by Attorney for Plaintiff/Petitioner

**08/22/2013** Notice-Related Cases
Filed by Attorney for Plaintiff/Petitioner

**08/21/2013** Notice-Case Management Conference
Filed by Clerk

**08/16/2013** Notice (OF PENDENCY OF ACTION )
Filed by Attorney for Plaintiff/Petitioner

**08/13/2013** Complaint

Case Information | Party Information | Documents Filed

Proceedings Held (Proceeding dates listed in descending order)

**09/13/2013** at 08:30 am in Department 38, MAUREEN DUFFY-LEWIS, Presiding
Ex Parte Motion - **Off Calendar**

Case Information | Party Information | Documents Filed | Proceeding Information

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, FEDERAL HOME LOAN MORTGAGE CORPORATION, and DOES 1 THROUGH 50, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WENDY BRISCOE

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 13 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*
**BC518110**

Los Angeles Superior Court, 111 N. Hill St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael F. Frank, Esq., Michael F. Frank, Attorney at Law, 9901 Durant Dr. #H, Beverly Hills, CA 90212
Peggi A. Gross, Esq.                                    (310) 277-2559

DATE:                    Clerk, by _____ , Deputy
*(Fecha)*  AUG 13 2013  *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Nationstar mortgage LLC, a Delaware limited liability company

under: ☑ CCP 416.10 (corporation) / LLC       ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, FEDERAL HOME LOAN MORTGAGE CORPORATION, and DOES 1 THROUGH 50, INCLUSIVE,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>WENDY BRISCOE | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**CONFORMED COPY**<br>**OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>**AUG 13 2013**<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ , Deputy<br>SHAUNYA WESLEY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles Superior Court, 111 N. Hill St., Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC 518110** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael F. Frank, Esq., Michael F. Frank, Attorney at Law, 9903 Durant Dr. #H, Beverly Hills, CA 90212
**Peggi A. Gross, Esq.**                                                                (310) 277-2569

| DATE:<br>*(Fecha)* AUG 13 2013 | JOHN A. CLARKE | Clerk, by<br>*(Secretario)* Shaunya Wesley | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael F. Frank, Esq. Michael F. Frank, Attorney at Law 9901 Durant Drive, Suite H Beverly Hills, CA 90212 | |

TELEPHONE NO.: (310) 277-2559   FAX NO.: (866) 279-2860

ATTORNEY FOR *(Name):* Plaintiff Wendy Briscoe

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Briscoe vs. Nationstar

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☑ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* twelve (12)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 10, 2013

Michael F. Frank
_____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| SHORT TITLE: Briscoe vs. Nationstar | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ◯ YES   LIMITED CASE? ◯ YES   TIME ESTIMATED FOR TRIAL 3 ___ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Briscoe vs. Nationstar | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Briscoe vs. Nationstar | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Briscoe vs. Nationstar | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 9950 Roscoe Blvd. |
|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 91324 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>August 10, 2013</u>

_(signature)_

<u>(SIGNATURE OF ATTORNEY/FILING PARTY)</u>

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. SBN 125149
Peggi A. Gross, Esq. SBN 250648
9901 Durant Drive, Suite H
Beverly Hills, CA  90212
Telephone: (310) 277-2559
Facsimile (866) 279-2860

Attorneys for Plaintiff
    WENDY BRISCO

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 13 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
    SHAUNNA WEBLEY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  |  |
|---|---|
| WENDY BRISCOE, | Case No.: |
|  | **BC 5 1 8 1 1 0** |
| Plaintiff, | [Dept:                    ] |
|  | [Assigned to:             ] |
| vs. |  |
| NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, FEDERAL HOME LOAN MORTGAGE CORPORATION, and DOES 1 THROUGH 50, INCLUSIVE, | **COMPLAINT** |
|  | [unlimited jurisdiction] |
|  | Complaint Filed: 08-  - 2013 |
| Defendants. | REQUEST FOR JURY TRIAL |

COMES NOW, THE PLAINTIFF, KHANEH HOLDINGS, LLC, a Nevada Company, WHO COMPLAINS AND ALLEGES AS FOLLOWS:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.   That Plaintiff WENDY BRISCO (hereinafter "BRISCO") is and was at all relevant times an individual residing in the City of Los Angeles, County of Los Angeles, and State of California at 9950 Reseda Boulevard, unit number 10 (a condominium), zip code 91324, assessor number 2731-024-047 (in Northridge) (hereinafter the "RESIDENCE") and at all relevant times BRISCOE owned in fee simple the RESIDENCE.

1

2. That defendant NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") is a limited liability company lender, mortgage company, and servicer of mortgages and trust deeds, and was formed in Delaware and doing business in the State of California and NATIONSTAR held and/or serviced the first trust deed and note (mortgage) on the RESIDENCE via a promissory note and trust deed with BRISCOE at all relevant times and NATIONSTAR had the right to forebear, foreclose, and modify the loan associated with the RESIDENCE [for which the loan number was likely 0597119813 with NATIONSTAR for the RESIDENCE].

3. That any and all contracts between BRISCOE and NATIONSTAR were to be performed in the State of California, NATIONSTAR does business in California, BRISCOE resides in California and BRISCOE's RESIDENCE and the foreclosure on the RESIDENCE are in the State of California, County of Los Angeles

4. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 50, Inclusive, are unknown to Plaintiff who, therefore, sues said defendants by such fictitious names, and plaintiff will ask leave of court to amend this complaint when their true names and capacities have been ascertained.

5. That at all times herein mentioned each of the defendants were authorized and empowered by each of the remaining defendants to, and did, act as the agents of all defendants and each and all of the things herein alleged to have been done by them were done in the capacity of and as said agents and/or the principals, officers, directors, agents,

employees, representatives, and/or co-conspirators of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor.

6.    That plaintiff is informed and believes, and thereon alleges that each of the defendants designated herein as a DOE is in some way negligently and/or otherwise legally responsible for the events and happenings herein referred to, and negligently and/or otherwise illegally caused damages proximately thereby to plaintiff as hereinafter alleged.

7.    That venue of this action is appropriate in Los Angeles County because the agreements alleged herein were entered into, and the acts alleged herein took place, in Los Angeles County.

8.    The Federal Home Loan Mortgage Corporation ("FREDDIE MAC"), a national corporation, is a nominal defendant merely here for the cancelation, set-aside, and quiet title since the buyer at the foreclosure sale of the RESIDENCE, and according to its Act and statute may be sued in a state court and no affirmative relief of damages is being sought against it, but if they held the note and trust deed then they are the true lender and sued substantively and NATIONSTAR the servicer and NATIONSTAR would be the agent and FREDDIE MAC the principal and the principal would be liable for the acts of the agent.

///

///

///

///

3

9.   The agent for service of process in the State of California for NATIONSTAR is presently Corporation Service Company located at 2711 Centerville Rd., Wilmington, DE 19808.

10.   The RESIDENCE legal description is TRACT NOS 21726 AND 26884 CONDOMINIUM UNIT 10.

11.   The instrument number for Trustee Sale Deed is 2013-1004407 (hereinafter "TRUSTEE DEED") for RESIDENCE.

12.   The Trustee Sale took place on June 26, 2013 and TRUSTEE DEED recorded July 9, 2013 for the RESIDENCE.

13.   The Notice of Trustee Sale was recorded June 3, 2013 as instrument number 0***3389 for the RESIDENCE.

14.   The Notice of Default was recorded February 27, 2013 as instrument number 0***8682 for the RESIDENCE.

15.   The California Homeowner's Bill of Rights statutes became effective January 1, 2013.

16.   The estimated foreclosure accelerated note amount by NATIONSTAR was supposedly $310,927.00 while the estimated value of the RESIDENCE is $324,000 as of date of foreclosure.

17.   The NATIONSTAR contacts with plaintiff and her designee and agent were all conversations and representations that were oral at all relevant times and were made by ANDREA SMITH 0116, ERICA extension 2404635, TJ, JOHN (on conversations May 2, 2013 regarding taxes), KRISTA (June 10, 2013), Hannah (on June 12, 2013), Kim (on July 11, 2013 who said RESIDENCE went to sale on June 26, 2013 but wanted letter stating BRISCOE had until July 13, 2013 to complete paperwork), Nicole (on July 11, 2013 said the paperwork sent out offering the loan modification and staying and forbearing the sale of RESIDENCE

4

was sent out in error and now an REO property and nothing can be done and don't bother contacting an attorney as nothing legally could be done and she confirmed that all information had been received prior to the July 12, deadline in the NATIONSTAR letter but that this did not matter) NATHAN FRANCE (FRAN — conversations on May 2, 2013) extension 9566820 account manager (who confirmed nothing legally could be done), through NATIONSTAR contact telephone number 866-316-2432 and NATIONSTAR contact fax number was 972-353-6962 and NATIONSTAR Krista contact fax number was 214-488-1823, and NATIONSTAR Kim fax number is 972-966-4846. NATIONSTAR acted through these persons.

18.   The TENDER RULE is not applicable in this action. The subject sale is and was void [and void *ab initio*] and not merely voidable thereby. "[W]here a sale is void, rather than simply voidable, tender is not required." *Tamburri v. Suntrust Mortgage*, 2011 WL 6294472 at 4 (citing *Miller & Starr California Real Estate* 3d § 10:212 and the sale "has no force and effect," *Dimock v. Emerald Properties LLC.* 81 Cal. Apo. 4th 868. 878 (2000). There is at minimum herein a notice defect providing the basis for challenging the sale under a deed of trust, as is the case here with the allegation of noncompliance with *Cal. Civ. Code* § 2923.5.

///
///
///
///
///
///

5

**FIRST CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT**

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

19.   That Plaintiff repeats and re-alleges paragraphs 1 through 18, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

20.   That after February 27, 2013 and before May 1, 2013, BRISCOE contacted NATIONSTAR and submitted an application for a loan modification as to her RESIDENCE on her own initiative.

21.   The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

22.   BRISCOE performed on the oral contract by submitting the application and all required paperwork the RESIDENT loan for a modification.   Any further requested performance could not be done and is excused since NATIONSTAR foreclosed on the RESIDENCE.

23.   NATIONSTAR breached the oral contract by failing to postpone the sale from June 26, 2013 and selling the RESIDENCE.

24.   As a proximate result of NATIONSTAR's breach, Plaintiff has sustained damages in an amount according to proof.

25.   A breach of an oral contract requires a contract, plaintiff's performance or excuse for non-performance, defendant's breach, and damage therefrom. *Wall Street Network Ltd v. New York Times Co.* 164 Cal. App. 4th 1171, 1178, 80 Cal.

Rptr. 3d 6 (2008).   There was detrimental reliance by BRISCOE and change of position in not filing for bankruptcy, obtaining other financing or loan to prevent foreclosure preventing a statute of frauds defense thereon. Cal. Civ. Code § 1624.

### SECOND CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

26.   That Plaintiff repeats and re-alleges paragraphs 1 through 25, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

27.   On June 12, 2013 via the date printed therein, NATIONSTAR sent to BRISCOE who received it shortly thereafter a letter containing an offer and promise constituting a written contract upon BRISCOE's acceptance which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request.   In order to be considered for this program, these documents must be returned no later than 07/12/2013:   I. Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps.   Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure processes if your account was previously referred to foreclosure.   However, your property will not be sold at a foreclosure sale if you are

7

offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . ."

28. The offer and promise in the June 12, 2013 dated letter by NATIONSTAR offering postponement of the sale promised by NATIONSTAR to BRISCOE if accepted by BRISCOE was accepted by BRISCOE as on July 10, 2013 BRISCOE sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was prior to the July 12, 2013 acceptance date.

29. BRISCOE performed on the written contract thereby and could not perform any more as and is excused since NATIONSTAR foreclosed on the RESIDENCE on June 26, 2013.

30. NATIONSTAR breached the written contract by failing to postpone the sale from June 26, 2013 and selling the RESIDENCE on said date.

31. As a proximate result of NATIONSTAR's breach, Plaintiff has sustained damages in an amount according to proof.

32. A breach of a written contract requires a contract, plaintiff's performance or excuse for non-performance, defendant's breach, and damage therefrom. *Wall Street Network Ltd v. New York Times Co.* 164 Cal. App. 4th 1171, 1178, 80 Cal. Rptr. 3d 6 (2008). There was detrimental reliance by BRISCOE and change of position in not filing for bankruptcy, obtaining other financing or loan to prevent foreclosure preventing a statute of frauds defense thereon. In addition, there is a writing, the June 12, 2013 letter itself Cal. Civ. Code § 1624.

## THIRD CAUSE OF ACTION FOR WRONGFUL FORECLOSURE

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

33.     That Plaintiff repeats and re-alleges paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

34.     NATIONSTAR violated *California Civil Code* § 2923.5(a)(1) by not contacting BRISCOE prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR.

35.     Since NATIONSTAR mortgagee, beneficiary, or authorized agent failed to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010). The only remedy for a violation of this section is "to postpone the sale until there has been compliance with section 2923.5." *Id.* (citing Cal. Civ. Code § 2924g, subdivision (c)(1)(A). Therefore, any sale thereon and deed thereon is void *ab initio* since no sale could have taken place as to the RESIDENCE.

36.     NATIONSTAR committed fraud by processing a loan modification and claiming that the sale would be postponed and making such oral misrepresentations as stated in paragraph 17 above to BRISCOE yet sold on June 26, 2013 and for which BRISCOE detrimentally relied on such promises of postponement and could have filed for bankruptcy to prevent the foreclosure

9

or could have borrowed or arranged financing to pay off the debt or the alleged arrears but changed her position thereon.

37.   NATIONSTAR committed fraud by sending a letter to BRISCOE dated June 12, 2013 with the language as stated in paragraph 27 offering and inviting BRISCOE to submit certain information and that no sale would take place if she did so by July 12, 2013 for which such information was provided and confirmed received by July 10, 2013 and NATIONSTAR sold the RESIDENCE on June 26, 2013 for which BRISCOE detrimentally relied on such promise not to sell and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears but changed her position thereon.

38.   NATIONSTAR had oral and written contracts separately with BRISCOE as such oral promises are stated in paragraphs 17 and 22 and that by processing the loan modification that the sale would be postponed and processing notice sent June 5, 2013 from NATIONSTAR to BRISCOE, and by such written letter dated June 12, 2013 promising [as in paragraph 22] that if certain information (i.e., the Borrower Response Package and Tax Return request) was received by NATIONSTAR by July 12, 2013 that NATIONSTAR could perform a workout on the RESIDENCE loan and the sale postponed and such information was sent complete to NATIONSTAR by BRISCOE on July 10, 2013 which was timely and verified received, both breached by NATIONSTAR by not postponing the sale and foreclosing on the RESIDENCE on June 26, 2013.

///

39.   That NATIONSTAR committed a wrongful closure on June 26, 2013 against BRISCOE and recorded a TRUSTEE DEED thereon and thereafter July 9, 2013, as borrower BRISCOE was in the midst of a modification negotiation when the foreclosure occurred and had accepted a postponement of the sale also in writing as specific information and forms were submitted by the date set forth in the offer and promise and representation by NATIONSTAR to BRISCOE. Such June 12, 2013 letter (as stated in paragraph 22) is in writing signed by the party charged and not subject thereby to the statute of frauds. *Cal. Civ. Code* § 1624; *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552–553 (2008) { as a modification or offer to and an agreement to forebear from foreclosing on real property under a deed of trust must be in writing or have an exception}.

40.   By violating California Civil Code § 2923.5, committing fraud, and via promissory estoppel, the TRUSTEE DEED and sale thereon of the RESIDENCE is void and void *ab initio*.

41.   As a proximate result of NATIONSTAR's acts, Plaintiff has sustained damages in an amount according to proof.

42.   That the acts of Defendants were willful and oppressive, fraudulent, and malicious, and Plaintiff should therefore be awarded punitive damages in an amount to be established by proof at the time of trial.

## FOURTH CAUSE OF ACTION FOR QUIET TITLE

(Plaintiff BRISCOE against

Defendant NATIONSTAR, FREDDIE MAC, and

DOES 1 THROUGH 50, INCLUSIVE)

11

43.   That Plaintiff repeats and re-alleges paragraphs 1 through 42, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

44.   The complaint herein is verified.

45.   BRISCOE seeks to quiet title as to the RESIDENCE, the real property that is the subject of this action, as against NATIONSTAR and FREDDIE MAC pursuant to *Cal. Code Civ. Proc.* § 761.020 as to the RESIDENCE.

46.   BRISCOE seeks determination under *Cal. Code Civ. Proc.* § 761.020 (i.e., quiet title) for fee simple ownership to BRISCOE subject to the existing trust deed of NATIONSTAR/FREDDIE MAC (servicer and/or holders of note and trust deed) and the basis is that the TRUSTEE DEED is void (void *ab initio*) for such breach of contract (oral and written), wrongful foreclosure, fraud, violation of *California Civil Code* § 2923.5, promissory estoppel, and other acts of NATIONSTAR as alleged in this complaint, as to the RESIDENCE.

47.   That the adverse claim to such fee simple title in favor of BRISCOE, for which determine is sought, is the TRUSTEE DEED and Trust Sale that wrongfully took place on June 26, 2013 and is void and the TRUSTEE DEED recorded thereon on July 9, 2013 that is void, as to the RESIDENCE.

48.   The date for which such determination is sought is for June 26, 2013 as to the sale and July 9, 2013 as to the recorded TRUSTEE DEED, both void (void *ab initio*), as these two dates are when the wrongful acts took place and are void, as to the RESIDENCE.

///

12

49.   BRISCOE  prays  for  determination  of  title  for  fee simple in favor of BRISCOE and against the wrongful foreclosure and recording of TRUSTEE DEED of NATIONSTAR and/or FREDDIE MAC subject to a trust deed and note in favor of NATIONSTAR and/or FREDDIE MAC (as servicer and/or holder of note and trust deed) as to the RESIDENCE.

50.   The  plaintiffs  "are  the  rightful  owners  of  the [RESIDENCE] property, i.e., that they have satisfied their obligations under the deed of trust" as to the RESIDENCE or were prevented from performing such obligations by NATIONSTAR and/or  FREDDIE  MAC.   See  *Kelley  v.  Mortgage  Electronic Registration Systems, Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).

### FIFTH CAUSE OF ACTION FOR CANCELLATION OF INSTRUMENTS

(Plaintiff BRISCOE against

Defendant NATIONSTAR, FREDDIE MAC, and

DOES 1 THROUGH 50, INCLUSIVE)

51.   That Plaintiff repeats and re-alleges paragraphs 1 through 50, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

52.   NATIONSTAR  violated  *California  Civil  Code*  § 2923.5(a)(1) by not contacting BRISCOE prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR.

///

13

53.     Since    NATIONSTAR    mortgagee,    beneficiary,    or
authorized agent failed to comply with § 2923.5, ''then there
is no valid notice of default and, without a valid notice of
default, a foreclosure sale cannot proceed." *Mabry v. Superior
Court*, 185 Cal. App. 4th 208, 223 (2010). The only remedy for a
violation of this section is "to postpone the sale until there
has been compliance with section 2923.5." *Id.* (citing Cal. Civ.
Code § 2924g, subdivision (c)(1)(A).     Therefore, any sale
thereon and deed thereon is void *ab initio* since no sale could
have taken place as to the RESIDENCE.

54.     NATIONSTAR committed fraud by processing a loan
modification and claiming that the sale would be postponed and
making such oral misrepresentations as stated in paragraph 17
above to BRISCOE yet sold on June 26, 2013 and for which
BRISCOE detrimentally relied on such promises of postponement
and could have filed for bankruptcy to prevent the foreclosure
or could have borrowed or arranged financing to pay off the
debt or the alleged arrears but changed her position thereon.

55.     NATIONSTAR committed fraud by sending a letter to
BRISCOE dated June 12, 2013 with the language as stated in
paragraph 27 offering and inviting BRISCOE to submit certain
information and that no sale would take place if she did so by
July 12, 2013 for which such information was provided and
confirmed received by July 10, 2013 and NATIONSTAR sold the
RESIDENCE on June 26, 2013 for which BRISCOE detrimentally
relied on such promise not to sell and could have filed for
bankruptcy to prevent the foreclosure or could have borrowed or

arranged financing to pay off the debt or the alleged arrears but changed her position thereon.

56.    NATIONSTAR had oral and written contracts separately with BRISCOE as such oral promises are stated in paragraphs 17 and 22 and that by processing the loan modification that the sale would be postponed and processing notice sent June 5, 2013 from NATIONSTAR to BRISCOE, and by such written letter dated June 12, 2013 promising [as in paragraph 22] that if certain information (i.e., the Borrower Response Package and Tax Return request) was received by NATIONSTAR by July 12, 2013 that NATIONSTAR could perform a workout on the RESIDENCE loan and the sale postponed and such information was sent complete to NATIONSTAR by BRISCOE on July 10, 2013 which was timely and verified received, both breached by NATIONSTAR by not postponing the sale and foreclosing on the RESIDENCE on June 26, 2013.

57.    The  TRUSTEE  DEED  purportedly  transferred  the RESIDENCE at the Trustee Sale from BRISCOE to FREDDIE MAC via the Trust Deed held by and/or serviced by NATIONSTAR.

58.    The TRUSTEE DEED was wrongfully recorded and the TRUSTEE DEED is void.

59.    Plaintiff seeks, prays, and requests cancellation and voiding *ab initio* of the TRUSTEE DEED and set aside of the trustee sale as to the RESIDENCE.

### SIXTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

15

60.    That Plaintiff repeats and re-alleges paragraphs 1 through 59, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

61.    That after February 27, 2013 and before May 1, 2013, BRISCOE contacted NATIONSTAR and submitted an application for a loan modification as to her RESIDENCE on her own initiative.

62.    The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

63.    BRISCOE performed on the promise by submitting the application and all required paperwork the RESIDENT loan for a modification.

64.    NATIONSTAR failed to postpone the sale from June 26, 2013 and sold the RESIDENCE.

65.    On June 12, 2013 via the date printed therein, NATIONSTAR sent to BRISCOE who received it shortly thereafter a letter which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request.  In order to be considered for this program, these documents must be returned no later than 07/12/2013:   I. Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps.    Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure processes if your account was previously referred to foreclosure.  However, your

16

property will not be sold at a foreclosure sale if you are offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . .”

66.   The June 12, 2013 dated letter by NATIONSTAR offered postponement of the sale promised by NATIONSTAR to BRISCOE if accepted by BRISCOE was accepted by BRISCOE as on July 10, 2013 BRISCOE sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was prior to the July 12, 2013 acceptance date.

67.   NATIONSTAR foreclosed on the RESIDENCE on June 26, 2013, failing to postpone the sale from June 26, 2013 and selling the RESIDENCE on said date, recording the TRUSTEE DEED on July 9, 2013.

68.   The promises by NATIONSTAR were clear and unambiguous in their terms, reliance by BRISCOE to whom the promise(s) were made, the reliance by BRISCOE was both reasonable and foreseeable, and BRISCOE asserts the estoppel and was injured by such reliance. *Kaks v. Coast Fed. S&L Assn*, 60 Cal. App. 3d 885, 890, 131 Cal. Rptr. 836 (1976).

69.   There was detrimental reliance by BRISCOE and change of position in not filing for bankruptcy, obtaining other financing or loan, or borrowing from retirement, to prevent foreclosure but relied on the clear and unambiguous promise of postponement of sale.

70.   As a proximate result, Plaintiff has sustained damages in an amount according to proof.

71.   Therefore, BRISCOE alleges such promissory estoppel. *Aceves v U.S. Bank N.A.* (2011) 192 Cal. App. 4th 218, 120 Cal. Rptr. 3d 507.   The doctrine of promissory estoppel makes a promise binding under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange... although no consideration or benefit accrues to the person making the promise, he is the author or promoter of the very condition of affairs which stands in his way." *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1039–1041 (2010).

## SEVENTH CAUSE OF ACTION FOR NEGLIGENCE

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

72.   That Plaintiff repeats and re-alleges paragraphs 1 through 71, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

73.   Pursuant to the California Homeowner's Bill of Rights (HBOR) and *California Civil Code* § 2923.5, NATIONSTAR, lender and mortgagee, has and had at all relevant times a duty towards BRISCOE, the borrower and homeowner, and such duty is to use reasonable care as defined by such California statutes.

74.   NATIONSTAR has breached that duty towards BRISCOE.

75.   The breach of that duty by NATIONSTAR is the proximate or legal cause breach and damages to BRISCOE.

///

///

18

76.     NATIONSTAR has committed negligence against BRISCOE. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339, 78 Cal. Rptr. 2d 525 (1998).

77.     As a proximate result of NATIONSTAR's acts and/or negligence, Plaintiff has sustained damages in an amount according to proof.

**EIGHTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

78.     That Plaintiff repeats and re-alleges paragraphs 1 through 77, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

79.     NATIONSTAR committed negligent misrepresentation by processing a loan modification and claiming to BRISCOE that the sale would be postponed and making such oral misrepresentations as stated in paragraph 17 above to BRISCOE yet sold on June 26, 2013 and for which BRISCOE detrimentally relied on such promises of postponement and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears or borrowed from her retirement but changed her position thereon.

80.     NATIONSTAR committed additional negligent misrepresentations by sending a letter to BRISCOE dated June 12, 2013 with the language as stated in paragraph 27 representing to BRISCOE to submit certain information and that no sale would take place if she did so by July 12, 2013 for

19

which such information was provided and confirmed received by July 10, 2013 and NATIONSTAR sold the RESIDENCE on June 26, 2013 for which BRISCOE detrimentally relied on such promise not to sell and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears or borrowed from her retirement but changed her position thereon.

81.    Therefore, NATIONSTAR made false representations to BRISCOE for which BRISCOE justifiably relied, with resulting damage. *Caldo v. Owens-Illinois, Inc.* 125 Cal. App. 4th 513, 519, 23 Cal. Rptr. 3d 1 (2004).

82.    As a proximate result of NATIONSTAR's negligent misrepresentations, Plaintiff has sustained damages in an amount according to proof.

### NINTH CAUSE OF ACTION FOR FRAUD

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

83.    That Plaintiff repeats and re-alleges paragraphs 1 through 82, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

84.    NATIONSTAR committed intentional misrepresentation and fraud by processing a loan modification and claiming to BRISCOE that the sale would be postponed and making such oral misrepresentations as stated in paragraph 17 above to BRISCOE yet sold on June 26, 2013 and for which BRISCOE detrimentally relied on such promises of postponement and could have filed

20

for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears or borrowed from her retirement but changed her position thereon.

85.     NATIONSTAR committed additional intentional misrepresentations and fraud by sending a letter to BRISCOE dated June 12, 2013 with the language as stated in paragraph 27 representing to BRISCOE to submit certain information and that no sale would take place if she did so by July 12, 2013 for which such information was provided and confirmed received by July 10, 2013 and NATIONSTAR sold the RESIDENCE on June 26, 2013 for which BRISCOE detrimentally relied on such promise not to sell and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears or borrowed from her retirement but changed her position thereon.

86.     Therefore, NATIONSTAR made false representations with intend to defraud or induce reliance to BRISCOE for which BRISCOE justifiably relied, with resulting damage. *Lazar v. Superior Court* 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377 (1996). Intentional misrepresentations and promises were made in writing taking any argument of oral representations outside of the statute of frauds. *Aceves v U.S. Bank N.A.* (2011) 192 Cal. App. 4th 218, 120 Cal. Rptr. 3d 507.

87.     As a proximate result of NATIONSTAR's misrepresentations and fraud, Plaintiff has sustained damages in an amount according to proof.

21

88.  That  the  acts  of  Defendants  were  willful  and oppressive,  fraudulent,  and  malicious,  and  Plaintiff  should therefore  be  awarded  punitive  damages  in  an  amount  to  be established by proof at the time of trial.

## TENTH CAUSE OF ACTION FOR VIOLATION OF

## FAIR DEBT COLLECTION PRACTICES ACT

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

89.  That  Plaintiff  repeats  and  re-alleges  paragraphs  1 through 88, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

90.  Creditor NATIONSTAR violated the Rosenthal Fair Debt Collection  Practices  Act,  *Cal.  Civ.  Code*  §  1788.1,  by performing  unfair  and  deceptive  debt  collection  practices, namely, promising postponement of foreclosure sales both orally and  in  writing  (paragraphs  17  and  27)  in  order  to  induce BRISCOE  into  not  filing  for  bankruptcy,  seeking  counsel,  or taking other action to prevent foreclosure of her RESIDENCE and rely upon the alleged postponement that was to never take place and  then  claiming  that  the  representations  and/or  letter  was made or sent by mistake.

91.  A  violation  of  the  foreclosure  activities  does  not necessarily  constitute  "debt  collection"  activities,  but  the misrepresentations  and  fraud  prior  to  foreclosure  do  so constitute.  *Gamboa  v.  Trustee  Corps*,  2009  WL  656285,  at  *  4 (N.D. Cal. Mar. 12, 2009).

22

92. As a proximate result of NATIONSTAR's violations, Plaintiff has sustained damages in an amount according to proof that she seeks, incurred and is able to seek and collect attorney fees under the statues and statutory damages, penalties, and other damages under the statute.

### ELEVENTH CAUSE OF ACTION FOR VIOLATION OF B&P § 17200

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

93. That Plaintiff repeats and re-alleges paragraphs 1 through 92, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

94. That NATIONSTAR violated Business & Professions Code §17200, which includes any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising (including any act prohibited by Section 17500 et seq. or violates a specific statute enjoined under Section 17203). *Allied Grape Growers v. Bronco Wine Co.* (1988) 203 Cal. App. 3d 432. Section 17200 is not confined to anticompetitive business practice but is equally directed toward the right of the public to protection from fraud and deceit. *Consumers Union of United States, Inc. v Fisher Development, Inc.* (1989) 208 Cal App 3d 1433, 257 Cal Rptr 151. Section 17200 includes any deceptive or fraudulent conduct in whatever context such activity might occur. *Committee on Children's Television, Inc. v General Foods Corp.* (1983) 35 Cal 3d 197, 197 Cal Rptr 783, 673 P2d 660. Fraudulent or deceptive

23

conduct is alleged, even as a separate wrong and cause of action herein. Therefore, any deceptive or fraudulent conduct permits the cause of action for a violation of section 17200 and certainly the facts herein are deceptive and fraudulent conduct.

95. Unfair Business Practices under Bus. & Prof. Code § 17200 et seq. holds that a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and "vice versa." *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 643–644 (2008). *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 186–187 (1999).

96. BRISCOE requests restitution, a permanent injunction against Defendants restraining continuation of the conduct under section 17203, and attorney fees under Business and Professions Code Section 17200 et seq.

97. Clearly, other members of the public would be deceived based upon the fraud and misrepresentation conducted by NATIONSTAR permitting foreclosures without prevention and then informing consumers not to seek counsel and that there is nothing that they can do and that the promises of postponements were mistakes. Such fraud clearly shows that members of the public are likely to be deceived.

### TWELFTH CAUSE OF ACTION FOR VIOLATION OF HBOR

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

24

98.    That Plaintiff repeats and re-alleges paragraphs 1 through 97, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

99.    That notice of default by NATIONSTAR was not recorded nor served upon BRISCOE before February 27, 2013.

100.    That after February 27, 2013 and before May 1, 2013, BRISCOE contacted NATIONSTAR and submitted an application for a loan modification as to her RESIDENCE on her own initiative.

101.    The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

102.    BRISCOE performed on the promise by submitting the application and all required paperwork the RESIDENT loan for a modification.

103.    NATIONSTAR failed to postpone the sale from June 26, 2013 and sold the RESIDENCE.

104.    On June 12, 2013 via the date printed therein, NATIONSTAR sent to BRISCOE who received it shortly thereafter a letter which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request.  In order to be considered for this program, these documents must be returned no later than 07/12/2013:    I.  Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps.    Please note that during the evaluation period, your mortgage loan will be subject to

25

concurrent modification and foreclosure processes if your account was previously referred to foreclosure. However, your property will not be sold at a foreclosure sale if you are offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . ."

105. The June 12, 2013 dated letter by NATIONSTAR offered postponement of the sale promised by NATIONSTAR to BRISCOE if accepted by BRISCOE was accepted by BRISCOE as on July 10, 2013 BRISCOE sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was prior to the July 12, 2013 acceptance date.

106. NATIONSTAR foreclosed on the RESIDENCE on June 26, 2013, failing to postpone the sale from June 26, 2013 and selling the RESIDENCE on said date, recording the TRUSTEE DEED on July 9, 2013.

107. These acts by NATIONSTAR are violations of California Homeowners Bill of Rights (i.e., "HBOR") — as to "dual tracking" and causing "damages following a sale" [AB278, SB900, AB2610, AB1950, SB1474, AB2314] for which there is a private right of action.

108. The California Homeowner Bill of Rights became law on January 1, 2013 to ensure fair lending and borrowing practices for California homeowners. The laws are designed to guarantee basic fairness and transparency for homeowners in the foreclosure process. The Key applicable provisions include:

///

**Restriction on dual track foreclosure:** Mortgage servicers are restricted from advancing the foreclosure process if the homeowner is working on securing a loan modification. When a homeowner completes an application for a loan modification, the foreclosure process is essentially paused until the complete application has been fully reviewed.

**Enforceability:** Borrowers will have authority to seek redress of "material" violations of the new foreclosure process protections. Injunctive relief will be available prior to a foreclosure sale and recovery of damages will be available following a sale. (AB 278, SB 900)

109. Plaintiff has sustained damages in an amount according to proof and seeks damages pursuant to the HBOR.

## THIRTEENTH CAUSE OF ACTION FOR
## VIOLATION OF CAL. CIV. CODE § 2923.5

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

110. That Plaintiff repeats and re-alleges paragraphs 1 through 109, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

111. *California Civil Code* § 2923.5(a)(1) provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days *after* initial contact is made as required by paragraph (2) or 30 days *after* satisfying the due diligence requirements as

27

described in subdivision (g)." Cal. Civ. Code § 2923.5(a)(1) (emphasis added). Under paragraph (2), "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id.* § 2923.5(a)(2). Under subdivision (g), "[a] notice of default may be filed ... when a mortgagee, beneficiary, or authorized agent has *not* contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." *Id.* § 2923.5(g) (emphasis added). If a mortgagee, beneficiary, or authorized agent fails to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010).

112.   NATIONSTAR violated *California Civil Code* § 2923.5(a)(1) by not contacting BRISCOE prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR.

113.   Since NATIONSTAR mortgagee, beneficiary, or authorized agent failed to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010). The only remedy for a violation of this section is "to postpone the sale until there has been compliance with section 2923.5." *Id.* (citing Cal. Civ.

Code § 2924g, subdivision (c)(1)(A).   Therefore, any sale thereon and deed thereon is void *ab initio* since no sale could have taken place as to the RESIDENCE.

114. As a proximate result of NATIONSTAR's acts, Plaintiff has sustained damages in an amount according to proof.

115. That the acts of Defendants were willful and oppressive, fraudulent, and malicious, and Plaintiff should therefore be awarded punitive damages in an amount to be established by proof at the time of trial.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

29

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. The trustee sale as to the RESIDENCE is set aside;

2. The TRUSTEE DEED is void and *void abitio*, canceled.

3. For general damages in an amount to be submitted by proof;

4. For punitive damage in an amount to be submitted by proof;

5. For compensatory, general, and special damages, consequential damages if a tort is found, and all other damages of any type allowed;

6. For an Order quieting title in fee simple to BRISCOE as to the RESIDENCE.

7. For reasonable attorney's fees pursuant to statute and contract.

8. For an injunction to prevent eviction/sale/re-sale [ a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants]

9. For specific performance of the agreements;

10. For the costs of suit herein incurred;

11. For such other and further relief as the Court may deem just and proper.

12. Injunction preventing this conduct to consumers.

MICHAEL F. FRANK, ATTORNEY AT LAW

DATED: August 10, 2013    By: *Michael F. Frank* .
MICHAEL F. FRANK, Esq.
Attorneys for Plaintiff
WENDY BRISCOE

1

2

3

4
**REQUEST FOR JURY TRIAL**

5
Plaintiff requests a jury trial for all causes so applicable.

6

7
MICHAEL F. FRANK, ATTORNEY AT LAW

DATED:    August 10, 2013      By:      _Michael F. Frank_      .

8
MICHAEL F. FRANK, Esq.
Attorneys for Plaintiff

9
WENDY BRISCOE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
31

28

**VERIFICATION**

STATE OF CALIFORNIA , COUNTY OF LOS ANGELES:

    I have read the foregoing:

    **COMPLAINT**

    I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true and as to the legal statements for which I only believe them to be true.

    Executed on August 10, 2013 at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                              08/ 1/31 2013
                                WENDY BRISCOE

32

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>   C 5 1 8 1 1 0

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Daniel Buckley | 1 | 534 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Ralph W. Dau | 57 | 517 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Rita Miller | 16 | 309 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Kevin C. Brazile | 20 | 310 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Mary Ann Murphy | 25 | 317 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | | | | |
| | Hon. Barbara Scheper | 30 | 400 | | | | | |
| | Hon. Mary H. Strobel | 32 | 406 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| ⊠ | Hon. Maureen Duffy-Lewis | 38 | 412 | | **Hon. Elihu M. Berle\*** | **323** | **CCW** | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | OTHER | | | |
| | Hon. Ronald M. Sohigian | 41 | 417 | | | | | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | | | | |
| | Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| | Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| | Hon. Deirdre Hill | 49 | 509 | | | | | |
| | Hon. John L. Segal | 50 | 508 | | | | | |
| | Hon. Abraham Khan | 51 | 511 | | | | | |
| | Hon. Susan Bryant-Deason | 52 | 510 | | | | | |
| | Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| | Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |
| | Hon. Malcolm H. Mackey | 55 | 515 | | | | | |

**\*Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

LACIV CCH 190 (Rev. 01/12)   **NOTICE OF CASE ASSIGNMENT –**   Page 1 of 2
LASC Approved 05-06
For Optional Use   **UNLIMITED CIVIL CASE**

By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.   Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.:                         FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
| --- | --- |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____  ►  _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR PLAINTIFF)

Date:

_____  ►  _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date:

_____  ►  _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date:

_____  ►  _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date:

_____  ►  _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

Date:

_____  ►  _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

Date:

_____  ►  _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

<table>
<tr><td>SHORT TITLE:</td><td>CASE NUMBER:</td></tr>
</table>

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, **including** the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. SBN 125149
Peggi A. Gross, Esq. SBN 250648
9901 Durant Drive, Suite H
Beverly Hills, CA  90212
Telephone: (310) 277-2559
Facsimile (866) 279-2860

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 16 2013

John A. Clarke, Executive Officer/Clerk
BY _Cristina Orejalva_ Deputy
Cristina Orejalva

Attorneys for Plaintiff
      WENDY BRISCO

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| WENDY BRISCOE, | Case No.: BC 5 1 8 1 1 0 |
| Plaintiff, | [Dept:                    ] |
| | [Assigned to:            ] |
| vs. | |
| NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, FEDERAL HOME LOAN MORTGAGE CORPORATION, and DOES 1 THROUGH 50, INCLUSIVE, | NOTICE OF PENDING ACTION [C.C.P. §872.250(a)] [unlimited jurisdiction] |
| Defendants. | Complaint Filed: 08-13 2013 |

NOTICE IS HEREBY GIVEN that the above-entitled action concerning and affecting real property as described herein was commenced on August ___, 2013 in the above-named court by WENDY BRISCOE, plaintiff, against NATIONSTAR MORTGAGE, LLC, defendant, et al.; the action is now pending in the above-named court.

The action affects the disposition of real property situated in the City of LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, and is described as follows:

1

1        TRACT NOS 21726 AND 26884 CONDOMINIUM UNIT 10

2

3

4

5

6  in the office of the County Recorder of Los Angeles County

7  which has the following street addresses of :

8

9      9950 Reseda Boulevard, unit number 10 (a condominium), Los

10  Angeles (Northridge)  91324, assessor number 2731-024-047

11

12      The object of plaintiff's action above is to place

13  plaintiff back on title, quite title, cancel trustee sale deed

14  and set aside sale.

15      This notice is being served by first class mail upon:

16

17               Nationstar Mortgage LLC
          c/o Agent for Service of Process
          Corporation Service Company

18              2711 Centerville Rd.
           Wilmington, DE 19808

19

20      Executed August     , 2013 in Los Angeles, California under

21  penalty of perjury under the laws of the State of California.

22

23                  MICHAEL F. FRANK, ATTORNEY AT LAW

24  DATED:    August 10, 2013     By:    _Michael F. Frank_____.
                      MICHAEL F. FRANK, Esq.

25                     Attorneys for Plaintiff
                    WENDY BRISCOE

26

27                    2

28



ORIGINAL FILED

NOTICE SENT TO:

Frank, Michael F.
9901 Durant Drive, Suite H
Beverly Hills          CA   90212

FILE STAMP
AUG 2 1 2013

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| WENDY BRISCOE | BC518110 |
| Plaintiff(s), VS. | |
| NATIONSTAR MORTGAGE LLC ET AL Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _December 6, 2013_ at _8:30 am_ in _Dept. 38_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _August 21, 2013_

MAUREEN DUFFY-LEWIS
_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: _August 21, 2013_

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

1

2

3

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5      I am employed in the County of Los Angeles, State of California.  I am over the age of
18 and not a party to the within action; my business address is:  [ ] 2600 W. Olive Av, Suite
6  500, Burbank, CA  91505; [X]  9901 Durant Drive, Suite H, Beverly Hills, California  90212;
[ ] Buter Attorney Service, 850 Venice Blvd., Los Angeles, California  90015; [ ] United
7  Express, Los Angeles, California.

8      On September 10 , 2013, I served the foregoing document(s) described as:

9  **"NOTICE OF CASE MANAGEMENT CONFERENCE**

10  in this action [X] by placing [ ] the original [X] a true copy thereof enclosed in sealed
envelope(s) addressed as follows:

11              [X]    See Attached Mailing/Service List

12  [X]   **VIA MAIL**
I deposited such envelope(s) in the U.S. mail at 1875 Century Park East, Los Angeles,
13  California.  The envelope was mailed with postage thereon fully prepaid as first class.

14  [ ]   **VIA EMAIL**

15  [ ]   **VIA MESSENGER**
I delivered such envelope(s) by hand to the office(s) of the addressee(s) during regular
16  business hours on said date.

17  [ ]   **VIA TELECOPIER** [i.e., facsimile]
A   copy   of   the   above-referenced   document(s)   was   transmitted,   via   facsimile
18  transmission, to the above addressee and said date.

19  [ ]   **VIA PERSONAL SERVICE**
I personally delivered such envelope(s) to the addressee(s) at 2029 Century Park East,
20  Suite 1020 prior to 5:00 p.m., normal business hours, on said date.

21  I declare under penalty of perjury under the laws of the State of California that the

22  above is true and correct. Executed this    September 10 , 2013 in California.

23

24  /s/_____ *Michael F. Frank* _____.
Print Name:        Michael F. Frank

25

26

27

28  Briscoe vs. Nationstar                     2                        Ntc of CMC

1
2
3
4
5

**Service/Mailing List**

6
7
8
9
10

Michael Withem, Esq.
Michael D Zeff, Esq.
Robert L Rosenthal, Esq.
Rosenthal, Withem and Zeff
16027 Ventura Blvd ste 320
Encino Ca 91436

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CM-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Michael F. Frank, Esq. SBN 125149<br>Michael F. Frank, Attorney at Law<br>9901 Durant Drive, Suite H<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 277-2559   FAX NO. *(Optional):* (866) 279-2860<br>E-MAIL ADDRESS *(Optional):* mfrankatty@aol.com<br>ATTORNEY FOR *(Name):* plaintiff Wendy Briscoe | *FOR COURT USE ONLY*<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>AUG 22 2013<br><br>JOHN A. CLARKE, CLERK<br><br>BY AMBER HAYES, DEPUTY |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central District | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Wendy Briscoe<br><br>DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC, Federal Home Loan, | **CASE NUMBER:**<br>BC518110<br><br>**JUDICIAL OFFICER:**<br>Maureen Duffy-Lewis |

| | |
|---|---|
| **NOTICE OF RELATED CASE** | **DEPT.:**<br>38 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Federal Home Loan Mortgage v. Wendy E. Briscoe
   b. Case number: PAS 13P04496
   c. Court: ☐ same as above
       ☑ other state or federal court *(name and address):* LASC, 300 East Walnut Street, Pasadena, CA 91101
   d. Department: TBD
   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☑ other *(specify):* unlawful det.
   f. Filing date: August 16, 2013
   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
       ☑ involves the same parties and is based on the same or similar claims.
       ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       ☑ involves claims against, title to, possession of, or damages to the same property.
       ☑ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
       ☐ Additional explanation is attached in attachment 1h.
   **Title to the real property residence is at issue in both cases.  The earlier filed civil case BC518110**
   i. Status of case: **alleges title to lender void due to fraud, breach of contract, and wrongful foreclosure.**
       ☑ pending
       ☐ dismissed ☐ with ☐ without prejudice
       ☐ disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: ☐ same as above
       ☐ other state or federal court *(name and address):*
   d. Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |

CM-015

| PLAINTIFF/PETITIONER: Wendy Briscoe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC, Federal Home Loan, | BC518110 |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3.  a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: August 22, 2013

Michael F. Frank                                          ▶ _____

_____                              (SIGNATURE OF PARTY OR ATTORNEY)
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

CM-015

| PLAINTIFF/PETITIONER: Wendy Briscoe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC, Federal Home Loan, | BC518110 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

**(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)**

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

   9901 Durant Drive, Suite H, Beverly Hills, CA 90212

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:
   a. ☑ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date)*: August 22, 2013
   b. from *(city and state)*: Beverly Hills, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
   NATIONSTAR MORTGAGE, LLC
   Street address: 2711 Centerville Rd.
   City: Wilmington
   State and zip code: Delaware 19808

   c. Name of person served:
   Street address:
   City:
   State and zip code:

   b. Name of person served:
   FEDERAL HOME LOAN MORTGAGE
   Street address: 8200 Jones Branch Drive
   City: McLean
   State and zip code: VA 22102-3110

   d. Name of person served:
   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 22, 2013

Michael F. Frank
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael F. Frank, Esq. SBN 125149<br>Michael F. Frank, Attorney at Law<br>9901 Durant Drive, Suite H<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 277-2559   FAX NO. *(Optional):* (866) 279-2860<br>E-MAIL ADDRESS *(Optional):* mfrankatty@aol.com<br>ATTORNEY FOR *(Name):* Plaintiff Wendy Briscoe | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>AUG 22 2013<br>JOHN A. CLARKE, CLERK<br>BY AMBER HAYES, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California  90012
BRANCH NAME: Central District

| PLAINTIFF/PETITIONER: Wendy Briscoe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC, et al. | BC518110 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Department 38 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment; Lis Pendens

3. a. Party served *(specify name of party as shown on documents served):*
   NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Corporation Service Company, agent for service of process for NATIONSTAR MORTGAGE, LLC

4. Address where the party was served:
   2711 Centerville Rd., Wilmington, Delaware 19808
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                     (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*                at *(time):*                I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Wendy Briscoe | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC, et al. | BC518110 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* August 15, 2013        (2) from *(city):* Los Angeles, California

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify):*  NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation) **LLC**     ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                      ☐ other:

7.  **Person who served papers**
  a.  Name: Michael F. Frank, Esq.
  b.  Address: 9901 Durant Drive, Suite H, Beverly Hills, CA  90212
  c.  Telephone number: (310) 277-2559
  d.  **The fee** for service was: $-0-
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i)  ☐ owner ☐ employee ☐ independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 21, 2013

Michael F. Frank, Esq.
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael F. Frank, Esq. SBN 125149
Michael F. Frank, Attorney at Law
9901 Durant Drive, Suite H
Beverly Hills, California 90212
TELEPHONE NO.: (310) 277-2559   FAX NO. *(Optional):* (866) 279-2860
E-MAIL ADDRESS *(Optional):* mfrankatty@aol.com
ATTORNEY FOR *(Name):* Plaintiff Wendy Briscoe

**FOR COURT USE ONLY**

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 22 2013

JOHN A. CLARKE, CLERK

BY AMBER HAYES, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Wendy Briscoe

DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC, et al.

CASE NUMBER:
BC518110

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Department 38 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment; Lis Pendens

3. a. Party served *(specify name of party as shown on documents served):*
   FEDERAL HOME LOAN MORTGAGE CORPORATION

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Authorized Agent or Officer of the FEDERAL HOME LOAN MORTGAGE CORPORATION

4. Address where the party was served:
   8200 Jones Branch Drive McLean, VA 22102-3110

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*           (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*           at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*           from *(city):*           or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Wendy Briscoe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC, et al. | BC518110 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* August 15, 2013      (2) from *(city):* Los Angeles, California

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* FEDERAL HOME LOAN MORTGAGE CORPORATION
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
                    ☐ other:

7.  **Person who served papers**
  a. Name: Michael F. Frank, Esq.
  b. Address: 9901 Durant Drive, Suite H, Beverly Hills, CA 90212
  c. Telephone number: (310) 277-2559
  d. **The fee** for service was: $-0-
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    ☐ or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 21, 2013

Michael F. Frank, Esq.
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
                    (SIGNATURE )

1  Michael F. Frank, Esq. SBN 125149
2  MICHAEL F. FRANK, ATTORNEY AT LAW
   9901 Durant Dr, # H
3  Beverly Hills, California  90212
   Telephone: (310) 497-0120

**FILED**
Los Angeles Superior Court

AUG 28 2013

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

4

5  Attorneys for Plaintiff
6      WENDY BRISCOE

7

8       **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

9                                    )   Case No.:  BC518110
                                     )   [Assigned to Dept 38; Judge
10                                   )   Maureen Duffy-Lewis]
                                     )
11  WENDY BRISCOE,                   )   NOTICE OF MOTION AND MOTION
                                     )   BY PLAINTIFF WENDY BIRSCOE
12                                   )   FOR AN ORDER CONSOLIDATING
                                     )   LOS ANGELES SUPERIOR COURT
13          Plaintiff,               )   CASES BC518110 (BRISCOE vs.
                                     )   NATIONSTAR)   and   PAS
14  vs.                              )   13P04496 (FEDERAL HOME LOAN
                                     )   MORTGAGE   CORPORATION   vs.
15                                   )   BRISCOE);   MEMORANDUM   OF
                                     )   POINTS AND AUTHORITIES AND
16  NATIONSTAR MORTGAGE, LLC, a      )   DECLARATION   IN   SUPPORT;
    Delaware   limited   liability   )   EXHIBITS
17  company,  FEDERAL  HOME  LOAN    )
    MORTGAGE   CORPORATION,   and    )   Trial:  Date: 02  20, 2018
18  DOES   1   THROUGH   50,         )           Time: 8:30 a.m.
    INCLUSIVE,                       )           Dept: 38
19                                   )
                                     )   Complaint filed: 08-13-2013
20                                   )   FSC: None.
            Defendants.              )   Trial Date: None.
21  _____)

22  TO:   ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23      NOTICE IS HEREBY GIVEN that on  February   20, 2018 that

24  8:30 a.m., or as soon thereafter as the matter may be heard in

25  Department 38 of the Los Angeles Superior Court - Central

26  District,   located   at   111   N.   Hill   Street,   Los   Angeles,

27  California   90012,   Plaintiff   WENDY   BRISCOE   (hereinafter

28  "MOVANT"/"BRISCOE")   will   request   the   court   FOR   AN   ORDER

                                    1

consolidating LOS ANGELES SUPERIOR COURT CASES BC518110 (*BRISCOE vs. NATIONSTAR — Civil Action*) and PAS 13P04496 (*FEDERAL HOME LOAN MORTGAGE CORPORATION vs. BRISCOE- Unlawful Detainer Action*);

MOVANT makes this motion on the following grounds: Each of the two cases has the same parties involved, the same issues, common issues of law and fact, and necessarily the civil case needs to determine ownership and title to the subject residence prior to the Unlawful Detainer action being held since the alleged foreclosure trustee sale is void and deed void  based upon fraud and wrongful foreclosure.

Said motion will be based upon this notice/motion, the attached declaration of Michael F. Frank, memorandum of points and authorities, exhibits, and the complete files and records in this action.

MICHAEL F. FRANK, ATTORNEY AT LAW

DATED:     August 23, 2013          By:  *Michael F. Frank*          .
                                     MICHAEL F. FRANK, Esq.,
                                     Attorney for Plaintiff BRISCOE

2

Briscoe vs. Nationstar                              Mtn to Consolidate

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

## FACTUAL BACKGROUND

Plaintiff BRISCOE was wrongfully foreclosed and fraud was committed based upon the verified Complaint filed August 13, 2013, case number BC518110 (Briscoe vs. Nationstar, et al) [Exhibit A] as the lender claimed that if documents were submitted prior to a certain date that a sale date would be postponed – so BRISCOE did not take action to stay the sale but instead followed the offer to her detriment and then the void sale was conducted by defendant Federal Home Loan Mortgage Corporation via servicer  co-defendant Nationstar Mortgage, LLC.

The defendant Federal Home Loan Mortgage Corporatino is now attempting to evict the rightful owner in fee simple, BRISCOE, via an unlawful detainer action despite the lack of a such determination of the void sale by the Court to date. [PAS 13P04496 *FEDERAL HOME LOAN MORTGAGE CORPORATION vs. BRISCOE- Unlawful Detainer Action*], Unlawful Detainer complaint filed on August 16, 2013 [Exhibit B].

## II.

## THE ACTIONS SHOULD BE CONSOLIDATED

*Cal. Code Civ. Proc.* § 1048(a) states:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Each of the two cases clearly have the same parties, common legal and factual issues and the civil matter must be had before the unlawful detainer action since ownership and title to the fee simple residence is at issue.

### III.

### CONCLUSION

Based upon the foregoing, the motion to consolidate should be granted.  Clearly, there are common issues of facts and law and duplication and confusion otherwise and miscarriage of justice if the unlawful detainer proceeds without ownership and title to the fee simple determined first.  Clearly, these cases need to be tried as a single case in a specific order of issues.

MICHAEL F. FRANK, ATTORNEY AT LAW

DATED:    August 23, 2013           By: _Michael F. Frank_____ .
                                    MICHAEL F. FRANK, Esq.,
                                    Attorney for Defendant DINA

## DECLARATION OF MICHAEL F. FRANK

I, MICHAEL F. FRANK, declare as follows:

1.   I am counsel for plaintiff and defendant BRISCOE in the above-entitled matters and the related matters herein.   I am a member in good standing of the California State Bar.   I have personal knowledge of the facts set forth herein and could, if called upon, competently testify thereto.

2.   A true and correct copy of verified complaint filed on August 13, 2013 in LOS ANGELES SUPERIOR COURT CASE BC518110 (*BRISCOE vs. NATIONSTAR — Civil Action*) is attached as Exhibit A and a true and correct copy of the complaint received in PAS 13P04496 (*FEDERAL HOME LOAN MORTGAGE CORPORATION vs. BRISCOE- Unlawful Detainer Action*) is attached hereto as Exhibit B.

3.   On August 22, 2013, I personally drafted and had filed a Notice of Related Case as to the above two cases in the lead case.

I declare, under penalty of perjury under the Laws of the State of California, that the foregoing is true and correct and that this Declaration is executed this 23rd day of August, 2013, at Beverly Hills, California.

_____
Michael F. Frank
MICHAEL F. FRANK

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

6

Mtn to Consolidate

MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. SBN 125149
Peggi A. Gross, Esq. SBN 250648
9901 Durant Drive, Suite H
Beverly Hills, CA  90212
Telephone: (310) 277-2559
Facsimile (866) 279-2860

Attorneys for Plaintiff
WENDY BRISCO

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 13 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

WENDY BRISCOE,

    Plaintiff,

  vs.

NATIONSTAR MORTGAGE, LLC, a
Delaware limited liability
company, FEDERAL HOME LOAN
MORTGAGE CORPORATION, and
DOES 1 THROUGH 50,
INCLUSIVE,

    Defendants.

Case No.:

BC 518110

[Dept:         ]
[Assigned to:      ]

COMPLAINT

[unlimited jurisdiction]

Complaint Filed: 08- - 2013

REQUEST FOR JURY TRIAL

COMES NOW, THE PLAINTIFF, KHANEH HOLDINGS, LLC, a Nevada
Company, WHO COMPLAINS AND ALLEGES AS FOLLOWS:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

  1. That Plaintiff WENDY BRISCO (hereinafter "BRISCO") is
and was at all relevant times an individual residing in the
City of Los Angeles, County of Los Angeles, and State of
California at 9950 Reseda Boulevard, unit number 10 (a
condominium), zip code 91324, assessor number 2731-024-047 (in
Northridge) (hereinafter the "RESIDENCE") and at all relevant
times BRISCOE owned in fee simple the RESIDENCE.

1

2.    That    defendant    NATIONSTAR    MORTGAGE,    LLC ("NATIONSTAR") is a limited liability company lender, mortgage company, and servicer of mortgages and trust deeds, and was formed  in  Delaware  and  doing  business  in  the  State  of California and NATIONSTAR held and/or serviced the first trust deed and note (mortgage) on the RESIDENCE via a promissory note and  trust  deed  with  BRISCOE  at  all  relevant  times  and NATIONSTAR had the right to forebear, foreclose, and modify the loan associated with the RESIDENCE [for which the loan number was likely 0597119813 with NATIONSTAR for the RESIDENCE].

3.    That  any  and  all  contracts  between  BRISCOE  and NATIONSTAR were to be performed in the State of California, NATIONSTAR does business in California, BRISCOE resides in California and BRISCOE's RESIDENCE and the foreclosure on the RESIDENCE are in the State of California, County of Los Angeles

4.    That  the  true  names  and  capacities,  whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 50, Inclusive, are unknown to Plaintiff  who,  therefore,  sues  said  defendants  by  such fictitious  names,  and  plaintiff  will  ask  leave  of  court  to amend this complaint when their true names and capacities have been ascertained.

5.    That at all times herein mentioned each of the defendants  were  authorized  and  empowered  by  each  of  the remaining defendants to, and did, act as the agents of all defendants and each and all of the things herein alleged to have been done by them were done in the capacity of and as said agents and/or the principals, officers, directors, agents,

employees, representatives, and/or co-conspirators of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor.

6. That plaintiff is informed and believes, and thereon alleges that each of the defendants designated herein as a DOE is in some way negligently and/or otherwise legally responsible for the events and happenings herein referred to, and negligently and/or otherwise illegally caused damages proximately thereby to plaintiff as hereinafter alleged.

7. That venue of this action is appropriate in Los Angeles County because the agreements alleged herein were entered into, and the acts alleged herein took place, in Los Angeles County.

8. The Federal Home Loan Mortgage Corporation ("FREDDIE MAC"), a national corporation, is a nominal defendant merely here for the cancelation, set-aside, and quiet title since the buyer at the foreclosure sale of the RESIDENCE, and according to its Act and statute may be sued in a state court and no affirmative relief of damages is being sought against it, but if they held the note and trust deed then they are the true lender and sued substantively and NATIONSTAR the servicer and NATIONSTAR would be the agent and FREDDIE MAC the principal and the principal would be liable for the acts of the agent.

///
///
///
///

3

9. The agent for service of process in the State of California for NATIONSTAR is presently Corporation Service Company located at 2711 Centerville Rd., Wilmington, DE 19808.

10. The RESIDENCE legal description is TRACT NOS 21726 AND 26884 CONDOMINIUM UNIT 10.

11. The instrument number for Trustee Sale Deed is 2013-1004407 (hereinafter "TRUSTEE DEED") for RESIDENCE.

12. The Trustee Sale took place on June 26, 2013 and TRUSTEE DEED recorded July 9, 2013 for the RESIDENCE.

13. The Notice of Trustee Sale was recorded June 3, 2013 as instrument number 0***3389 for the RESIDENCE.

14. The Notice of Default was recorded February 27, 2013 as instrument number 0***8682 for the RESIDENCE.

15. The California Homeowner's Bill of Rights statutes became effective January 1, 2013.

16. The estimated foreclosure accelerated note amount by NATIONSTAR was supposedly $310,927.00 while the estimated value of the RESIDENCE is $324,000 as of date of foreclosure.

17. The NATIONSTAR contacts with plaintiff and her designee and agent were all conversations and representations that were oral at all relevant times and were made by ANDREA SMITH 0116, ERICA extension 2404635, TJ, JOHN (on conversations May 2, 2013 regarding taxes), KRISTA (June 10, 2013), Hannah (on June 12, 2013), Kim (on July 11, 2013 who said RESIDENCE went to sale on June 26, 2013 but wanted letter stating BRISCOE had until July 13, 2013 to complete paperwork), Nicole (on July 11, 2013 said the paperwork sent out offering the loan modification and staying and forbearing the sale of RESIDENCE

4

was sent out in error and now an REO property and nothing can be done and don't bother contacting an attorney as nothing legally could be done and she confirmed that all information had been received prior to the July 12, deadline in the NATIONSTAR letter but that this did not matter) NATHAN FRANCE (FRAN — conversations on May 2, 2013) extension 9566820 account manager (who confirmed nothing legally could be done), through NATIONSTAR contact telephone number 866-316-2432 and NATIONSTAR contact fax number was 972-353-6962 and NATIONSTAR Krista contact fax number was 214-488-1823, and NATIONSTAR Kim fax number is 972-966-4846. NATIONSTAR acted through these persons.

18. The TENDER RULE is not applicable in this action. The subject sale is and was void [and void *ab initio*] and not merely voidable thereby. "[W]here a sale is void, rather than simply voidable, tender is not required." *Tamburri v. Suntrust Mortgage,* 2011 WL 6294472 at 4 (citing *Miller & Starr California Real Estate* 3d § 10:212 and the sale "has no force and effect," *Dimock v. Emerald Properties LLC.* 81 Cal. Apo. 4th 868. 878 (2000). There is at minimum herein a notice defect providing the basis for challenging the sale under a deed of trust, as is the case here with the allegation of noncompliance with *Cal. Civ. Code* § 2923.5.

///
///
///
///
///
///

**FIRST CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT**

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

19. That Plaintiff repeats and re-alleges paragraphs 1 through 18, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

20. That after February 27, 2013 and before May 1, 2013, BRISCOE contacted NATIONSTAR and submitted an application for a loan modification as to her RESIDENCE on her own initiative.

21. The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

22. BRISCOE performed on the oral contract by submitting the application and all required paperwork the RESIDENT loan for a modification. Any further requested performance could not be done and is excused since NATIONSTAR foreclosed on the RESIDENCE.

23. NATIONSTAR breached the oral contract by failing to postpone the sale from June 26, 2013 and selling the RESIDENCE.

24. As a proximate result of NATIONSTAR's breach, Plaintiff has sustained damages in an amount according to proof.

25. A breach of an oral contract requires a contract, plaintiff's performance or excuse for non-performance, defendant's breach, and damage therefrom. *Wall Street Network Ltd v. New York Times Co.* 164 Cal. App. 4th 1171, 1178, 80 Cal.

6

Rptr. 3d 6 (2008).   There was detrimental reliance by BRISCOE and change of position in not filing for bankruptcy, obtaining other financing or loan to prevent foreclosure preventing a statute of frauds defense thereon. Cal. Civ. Code § 1624.

## SECOND CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

26.  That Plaintiff repeats and re-alleges paragraphs 1 through 25, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

27.  On June 12, 2013 via the date printed therein, NATIONSTAR sent to BRISCOE who received it shortly thereafter a letter containing an offer and promise constituting a written contract upon BRISCOE's acceptance which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request.   In order to be considered for this program, these documents must be returned no later than 07/12/2013:  I. Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps.    Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure processes if your account was previously referred to foreclosure.  However, your property will not be sold at a foreclosure sale if you are

offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . ."

28. The offer and promise in the June 12, 2013 dated letter by NATIONSTAR offering postponement of the sale promised by NATIONSTAR to BRISCOE if accepted by BRISCOE was accepted by BRISCOE as on July 10, 2013 BRISCOE sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was prior to the July 12, 2013 acceptance date.

29. BRISCOE performed on the written contract thereby and could not perform any more as and is excused since NATIONSTAR foreclosed on the RESIDENCE on June 26, 2013.

30. NATIONSTAR breached the written contract by failing to postpone the sale from June 26, 2013 and selling the RESIDENCE on said date.

31. As a proximate result of NATIONSTAR's breach, Plaintiff has sustained damages in an amount according to proof.

32. A breach of a written contract requires a contract, plaintiff's performance or excuse for non-performance, defendant's breach, and damage therefrom. *Wall Street Network Ltd v. New York Times Co.* 164 Cal. App. 4th 1171, 1178, 80 Cal. Rptr. 3d 6 (2008). There was detrimental reliance by BRISCOE and change of position in not filing for bankruptcy, obtaining other financing or loan to prevent foreclosure preventing a statute of frauds defense thereon. In addition, there is a writing, the June 12, 2013 letter itself Cal. Civ. Code § 1624.

8

## THIRD CAUSE OF ACTION FOR WRONGFUL FORECLOSURE

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

33.     That Plaintiff repeats and re-alleges paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

34.     NATIONSTAR violated *California Civil Code* § 2923.5(a)(1) by not contacting BRISCOE prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR.

35.     Since NATIONSTAR mortgagee, beneficiary, or authorized agent failed to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010). The only remedy for a violation of this section is "to postpone the sale until there has been compliance with section 2923.5." *Id.* (citing Cal. Civ. Code § 2924g, subdivision (c)(1)(A).   Therefore, any sale thereon and deed thereon is void *ab initio* since no sale could have taken place as to the RESIDENCE.

36.     NATIONSTAR committed fraud by processing a loan modification and claiming that the sale would be postponed and making such oral misrepresentations as stated in paragraph 17 above to BRISCOE yet sold on June 26, 2013 and for which BRISCOE detrimentally relied on such promises of postponement and could have filed for bankruptcy to prevent the foreclosure

9

or could have borrowed or arranged financing to pay off the debt or the alleged arrears but changed her position thereon.

37. NATIONSTAR committed fraud by sending a letter to BRISCOE dated June 12, 2013 with the language as stated in paragraph 27 offering and inviting BRISCOE to submit certain information and that no sale would take place if she did so by July 12, 2013 for which such information was provided and confirmed received by July 10, 2013 and NATIONSTAR sold the RESIDENCE on June 26, 2013 for which BRISCOE detrimentally relied on such promise not to sell and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears but changed her position thereon.

38. NATIONSTAR had oral and written contracts separately with BRISCOE as such oral promises are stated in paragraphs 17 and 22 and that by processing the loan modification that the sale would be postponed and processing notice sent June 5, 2013 from NATIONSTAR to BRISCOE, and by such written letter dated June 12, 2013 promising [as in paragraph 22] that if certain information (i.e., the Borrower Response Package and Tax Return request) was received by NATIONSTAR by July 12, 2013 that NATIONSTAR could perform a workout on the RESIDENCE loan and the sale postponed and such information was sent complete to NATIONSTAR by BRISCOE on July 10, 2013 which was timely and verified received, both breached by NATIONSTAR by not postponing the sale and foreclosing on the RESIDENCE on June 26, 2013.

///

39. That NATIONSTAR committed a wrongful closure on June 26, 2013 against BRISCOE and recorded a TRUSTEE DEED thereon and thereafter July 9, 2013, as borrower BRISCOE was in the midst of a modification negotiation when the foreclosure occurred and had accepted a postponement of the sale also in writing as specific information and forms were submitted by the date set forth in the offer and promise and representation by NATIONSTAR to BRISCOE. Such June 12, 2013 letter (as stated in paragraph 22) is in writing signed by the party charged and not subject thereby to the statute of frauds. *Cal. Civ. Code* § 1624; *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552–553 (2008) { as a modification or offer to and an agreement to forebear from foreclosing on real property under a deed of trust must be in writing or have an exception}.

40. By violating California Civil Code § 2923.5, committing fraud, and via promissory estoppel, the TRUSTEE DEED and sale thereon of the RESIDENCE is void and void *ab initio*.

41. As a proximate result of NATIONSTAR's acts, Plaintiff has sustained damages in an amount according to proof.

42. That the acts of Defendants were willful and oppressive, fraudulent, and malicious, and Plaintiff should therefore be awarded punitive damages in an amount to be established by proof at the time of trial.

### FOURTH CAUSE OF ACTION FOR QUIET TITLE

(Plaintiff BRISCOE against

Defendant NATIONSTAR, FREDDIE MAC, and

DOES 1 THROUGH 50, INCLUSIVE)

11

43.   That Plaintiff repeats and re-alleges paragraphs 1 through 42, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

44.   The complaint herein is verified.

45.   BRISCOE seeks to quiet title as to the RESIDENCE, the real property that is the subject of this action, as against NATIONSTAR and FREDDIE MAC pursuant to *Cal. Code Civ. Proc.* § 761.020 as to the RESIDENCE.

46.   BRISCOE seeks determination under *Cal. Code Civ. Proc.* § 761.020 (i.e., quiet title) for fee simple ownership to BRISCOE subject to the existing trust deed of NATIONSTAR/FREDDIE MAC (servicer and/or holders of note and trust deed) and the basis is that the TRUSTEE DEED is void (void *ab initio*) for such breach of contract (oral and written), wrongful foreclosure, fraud, violation of *California Civil Code* § 2923.5, promissory estoppel, and other acts of NATIONSTAR as alleged in this complaint, as to the RESIDENCE.

47.   That the adverse claim to such fee simple title in favor of BRISCOE, for which determine is sought, is the TRUSTEE DEED and Trust Sale that wrongfully took place on June 26, 2013 and is void and the TRUSTEE DEED recorded thereon on July 9, 2013 that is void, as to the RESIDENCE.

48.   The date for which such determination is sought is for June 26, 2013 as to the sale and July 9, 2013 as to the recorded TRUSTEE DEED, both void (void *ab initio*), as these two dates are when the wrongful acts took place and are void, as to the RESIDENCE.

///

49.  BRISCOE prays for determination of title for fee simple in favor of BRISCOE and against the wrongful foreclosure and recording of TRUSTEE DEED of NATIONSTAR and/or FREDDIE MAC subject to a trust deed and note in favor of NATIONSTAR and/or FREDDIE MAC (as servicer and/or holder of note and trust deed) as to the RESIDENCE.

50.  The plaintiffs "are the rightful owners of the [RESIDENCE] property, i.e., that they have satisfied their obligations under the deed of trust" as to the RESIDENCE or were prevented from performing such obligations by NATIONSTAR and/or FREDDIE MAC.  See *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).

### FIFTH CAUSE OF ACTION FOR CANCELLATION OF INSTRUMENTS

(Plaintiff BRISCOE against

Defendant NATIONSTAR, FREDDIE MAC, and

DOES 1 THROUGH 50, INCLUSIVE)

51.  That Plaintiff repeats and re-alleges paragraphs 1 through 50, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

52.  NATIONSTAR violated *California Civil Code* § 2923.5(a)(1) by not contacting BRISCOE prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR.

///

13

53.   Since NATIONSTAR mortgagee, beneficiary, or authorized agent failed to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010). The only remedy for a violation of this section is "to postpone the sale until there has been compliance with section 2923.5." *Id.* (citing Cal. Civ. Code § 2924g, subdivision (c)(1)(A). Therefore, any sale thereon and deed thereon is void *ab initio* since no sale could have taken place as to the RESIDENCE.

54.   NATIONSTAR committed fraud by processing a loan modification and claiming that the sale would be postponed and making such oral misrepresentations as stated in paragraph 17 above to BRISCOE yet sold on June 26, 2013 and for which BRISCOE detrimentally relied on such promises of postponement and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears but changed her position thereon.

55.   NATIONSTAR committed fraud by sending a letter to BRISCOE dated June 12, 2013 with the language as stated in paragraph 27 offering and inviting BRISCOE to submit certain information and that no sale would take place if she did so by July 12, 2013 for which such information was provided and confirmed received by July 10, 2013 and NATIONSTAR sold the RESIDENCE on June 26, 2013 for which BRISCOE detrimentally relied on such promise not to sell and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or

arranged financing to pay off the debt or the alleged arrears but changed her position thereon.

56.    NATIONSTAR had oral and written contracts separately with BRISCOE as such oral promises are stated in paragraphs 17 and 22 and that by processing the loan modification that the sale would be postponed and processing notice sent June 5, 2013 from NATIONSTAR to BRISCOE, and by such written letter dated June 12, 2013 promising [as in paragraph 22] that if certain information (i.e., the Borrower Response Package and Tax Return request) was received by NATIONSTAR by July 12, 2013 that NATIONSTAR could perform a workout on the RESIDENCE loan and the sale postponed and such information was sent complete to NATIONSTAR by BRISCOE on July 10, 2013 which was timely and verified received, both breached by NATIONSTAR by not postponing the sale and foreclosing on the RESIDENCE on June 26, 2013.

57.    The   TRUSTEE   DEED   purportedly   transferred   the RESIDENCE at the Trustee Sale from BRISCOE to FREDDIE MAC via the Trust Deed held by and/or serviced by NATIONSTAR.

58.    The TRUSTEE DEED was wrongfully recorded and the TRUSTEE DEED is void.

59.    Plaintiff seeks, prays, and requests cancellation and voiding *ab initio* of the TRUSTEE DEED and set aside of the trustee sale as to the RESIDENCE.

### SIXTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

15

60. That Plaintiff repeats and re-alleges paragraphs 1 through 59, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

61. That after February 27, 2013 and before May 1, 2013, BRISCOE contacted NATIONSTAR and submitted an application for a loan modification as to her RESIDENCE on her own initiative.

62. The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

63. BRISCOE performed on the promise by submitting the application and all required paperwork the RESIDENT loan for a modification.

64. NATIONSTAR failed to postpone the sale from June 26, 2013 and sold the RESIDENCE.

65. On June 12, 2013 via the date printed therein, NATIONSTAR sent to BRISCOE who received it shortly thereafter a letter which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request. In order to be considered for this program, these documents must be returned no later than 07/12/2013: I. Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps. Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure processes if your account was previously referred to foreclosure. However, your

16

property will not be sold at a foreclosure sale if you are offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . ."

66. The June 12, 2013 dated letter by NATIONSTAR offered postponement of the sale promised by NATIONSTAR to BRISCOE if accepted by BRISCOE was accepted by BRISCOE as on July 10, 2013 BRISCOE sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was prior to the July 12, 2013 acceptance date.

67. NATIONSTAR foreclosed on the RESIDENCE on June 26, 2013, failing to postpone the sale from June 26, 2013 and selling the RESIDENCE on said date, recording the TRUSTEE DEED on July 9, 2013.

68. The promises by NATIONSTAR were clear and unambiguous in their terms, reliance by BRISCOE to whom the promise(s) were made, the reliance by BRISCOE was both reasonable and foreseeable, and BRISCOE asserts the estoppel and was injured by such reliance. *Kaks v. Coast Fed. S&L Assn*, 60 Cal. App. 3d 885, 890, 131 Cal. Rptr. 836 (1976).

69. There was detrimental reliance by BRISCOE and change of position in not filing for bankruptcy, obtaining other financing or loan, or borrowing from retirement, to prevent foreclosure but relied on the clear and unambiguous promise of postponement of sale.

70. As a proximate result, Plaintiff has sustained damages in an amount according to proof.

71. Therefore, BRISCOE alleges such promissory estoppel. *Aceves v U.S. Bank N.A.* (2011) 192 Cal. App. 4th 218, 120 Cal. Rptr. 3d 507. The doctrine of promissory estoppel makes a promise binding under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange... although no consideration or benefit accrues to the person making the promise, he is the author or promoter of the very condition of affairs which stands in his way." *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1039—1041 (2010).

### SEVENTH CAUSE OF ACTION FOR NEGLIGENCE

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

72. That Plaintiff repeats and re-alleges paragraphs 1 through 71, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

73. Pursuant to the California Homeowner's Bill of Rights (HBOR) and *California Civil Code* § 2923.5, NATIONSTAR, lender and mortgagee, has and had at all relevant times a duty towards BRISCOE, the borrower and homeowner, and such duty is to use reasonable care as defined by such California statutes.

74. NATIONSTAR has breached that duty towards BRISCOE.

75. The breach of that duty by NATIONSTAR is the proximate or legal cause breach and damages to BRISCOE.

///

///

18

76.   NATIONSTAR has committed negligence against BRISCOE. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339, 78 Cal. Rptr. 2d 525 (1998).

77.   As a proximate result of NATIONSTAR's acts and/or negligence, Plaintiff has sustained damages in an amount according to proof.

### EIGHTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

78.   That Plaintiff repeats and re-alleges paragraphs 1 through 77, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

79.   NATIONSTAR committed negligent misrepresentation by processing a loan modification and claiming to BRISCOE that the sale would be postponed and making such oral misrepresentations as stated in paragraph 17 above to BRISCOE yet sold on June 26, 2013 and for which BRISCOE detrimentally relied on such promises of postponement and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears or borrowed from her retirement but changed her position thereon.

80.   NATIONSTAR committed additional negligent misrepresentations by sending a letter to BRISCOE dated June 12, 2013 with the language as stated in paragraph 27 representing to BRISCOE to submit certain information and that no sale would take place if she did so by July 12, 2013 for

which such information was provided and confirmed received by July 10, 2013 and NATIONSTAR sold the RESIDENCE on June 26, 2013 for which BRISCOE detrimentally relied on such promise not to sell and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears or borrowed from her retirement but changed her position thereon.

81.    Therefore, NATIONSTAR made false representations to BRISCOE for which BRISCOE justifiably relied, with resulting damage. *Caldo v. Owens-Illinois, Inc.* 125 Cal. App. 4th 513, 519, 23 Cal. Rptr. 3d 1 (2004).

82.    As a proximate result of NATIONSTAR's negligent misrepresentations, Plaintiff has sustained damages in an amount according to proof.

### NINTH CAUSE OF ACTION FOR FRAUD

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

83.    That Plaintiff repeats and re-alleges paragraphs 1 through 82, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

84.    NATIONSTAR committed intentional misrepresentation and fraud by processing a loan modification and claiming to BRISCOE that the sale would be postponed and making such oral misrepresentations as stated in paragraph 17 above to BRISCOE yet sold on June 26, 2013 and for which BRISCOE detrimentally relied on such promises of postponement and could have filed

for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears or borrowed from her retirement but changed her position thereon.

85. NATIONSTAR committed additional intentional misrepresentations and fraud by sending a letter to BRISCOE dated June 12, 2013 with the language as stated in paragraph 27 representing to BRISCOE to submit certain information and that no sale would take place if she did so by July 12, 2013 for which such information was provided and confirmed received by July 10, 2013 and NATIONSTAR sold the RESIDENCE on June 26, 2013 for which BRISCOE detrimentally relied on such promise not to sell and could have filed for bankruptcy to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears or borrowed from her retirement but changed her position thereon.

86. Therefore, NATIONSTAR made false representations with intend to defraud or induce reliance to BRISCOE for which BRISCOE justifiably relied, with resulting damage. *Lazar v. Superior Court* 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377 (1996). Intentional misrepresentations and promises were made in writing taking any argument of oral representations outside of the statute of frauds. *Aceves v U.S. Bank N.A.* (2011) 192 Cal. App. 4th 218, 120 Cal. Rptr. 3d 507.

87. As a proximate result of NATIONSTAR's misrepresentations and fraud, Plaintiff has sustained damages in an amount according to proof.

88. That the acts of Defendants were willful and oppressive, fraudulent, and malicious, and Plaintiff should therefore be awarded punitive damages in an amount to be established by proof at the time of trial.

## TENTH CAUSE OF ACTION FOR VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

89. That Plaintiff repeats and re-alleges paragraphs 1 through 88, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

90. Creditor NATIONSTAR violated the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* § 1788.1, by performing unfair and deceptive debt collection practices, namely, promising postponement of foreclosure sales both orally and in writing (paragraphs 17 and 27) in order to induce BRISCOE into not filing for bankruptcy, seeking counsel, or taking other action to prevent foreclosure of her RESIDENCE and rely upon the alleged postponement that was to never take place and then claiming that the representations and/or letter was made or sent by mistake.

91. A violation of the foreclosure activities does not necessarily constitute "debt collection" activities, but the misrepresentations and fraud prior to foreclosure do so constitute. *Gamboa v. Trustee Corps*, 2009 WL 656285, at * 4 (N.D. Cal. Mar. 12, 2009).

22

92.   As   a   proximate   result   of   NATIONSTAR's   violations, Plaintiff  has  sustained  damages  in  an  amount  according  to  proof that  she  seeks,  incurred  and  is  able  to  seek  and  collect attorney   fees   under   the   statues   and   statutory   damages, penalties, and other damages under the statute.

## ELEVENTH CAUSE OF ACTION FOR VIOLATION OF B&P § 17200

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

93.   That  Plaintiff  repeats  and  re-alleges  paragraphs  1 through  92,  inclusive,  and  incorporates  them  by  this  reference as though fully set forth in this paragraph.

94.   That  NATIONSTAR  violated  Business  &  Professions  Code §17200,  which  includes  any  unlawful,  unfair,  or  fraudulent business  act  or  practice  and  unfair,  deceptive,  untrue,  or misleading  advertising  (including  any  act  prohibited  by  Section 17500  et  seq.  or  violates  a  specific  statute  enjoined  under Section 17203). *Allied Grape Growers v. Bronco Wine Co.* (1988) 203  Cal.  App.  3d  432.    Section  17200  is  not  confined  to anticompetitive  business  practice  but  is  equally  directed toward  the  right  of  the  public  to  protection  from  fraud  and deceit. *Consumers  Union  of  United  States,  Inc.  v  Fisher Development, Inc.* (1989) 208 Cal App 3d 1433, 257 Cal Rptr 151. Section  17200  includes  any  deceptive  or  fraudulent  conduct  in whatever  context  such  activity  might  occur. *Committee  on Children's Television, Inc. v General Foods Corp.* (1983) 35 Cal 3d 197, 197 Cal Rptr 783, 673 P2d 660.    Fraudulent or deceptive

23

conduct is alleged, even as a separate wrong and cause of action herein. Therefore, any deceptive or fraudulent conduct permits the cause of action for a violation of section 17200 and certainly the facts herein are deceptive and fraudulent conduct.

95.    Unfair Business Practices under Bus. & Prof. Code § 17200 *et seq.* holds that a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and "vice versa." *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 643–644 (2008). *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 186–187 (1999).

96.    BRISCOE requests restitution, a permanent injunction against Defendants restraining continuation of the conduct under section 17203, and attorney fees under Business and Professions Code Section 17200 *et seq.*

97.    Clearly, other members of the public would be deceived based upon the fraud and misrepresentation conducted by NATIONSTAR permitting foreclosures without prevention and then informing consumers not to seek counsel and that there is nothing that they can do and that the promises of postponements were mistakes. Such fraud clearly shows that members of the public are likely to be deceived.

### TWELFTH CAUSE OF ACTION FOR VIOLATION OF HBOR

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

24

98.     That Plaintiff repeats and re-alleges paragraphs 1 through 97, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

99.     That notice of default by NATIONSTAR was not recorded nor served upon BRISCOE before February 27, 2013.

100.    That after February 27, 2013 and before May 1, 2013, BRISCOE contacted NATIONSTAR and submitted an application for a loan modification as to her RESIDENCE on her own initiative.

101.    The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

102.    BRISCOE performed on the promise by submitting the application and all required paperwork the RESIDENT loan for a modification.

103.    NATIONSTAR failed to postpone the sale from June 26, 2013 and sold the RESIDENCE.

104.    On June 12, 2013 via the date printed therein, NATIONSTAR sent to BRISCOE who received it shortly thereafter a letter which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request. In order to be considered for this program, these documents must be returned no later than 07/12/2013:    I.  Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps.    Please note that during the evaluation period, your mortgage loan will be subject to

concurrent modification and foreclosure processes if your account was previously referred to foreclosure.  However, your property will not be sold at a foreclosure sale if you are offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . ."

105. The June 12, 2013 dated letter by NATIONSTAR offered postponement of the sale promised by NATIONSTAR to BRISCOE if accepted by BRISCOE was accepted by BRISCOE as on July 10, 2013 BRISCOE sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was prior to the July 12, 2013 acceptance date.

106. NATIONSTAR foreclosed on the RESIDENCE on June 26, 2013, failing to postpone the sale from June 26, 2013 and selling the RESIDENCE on said date, recording the TRUSTEE DEED on July 9, 2013.

107. These acts by NATIONSTAR are violations of California Homeowners Bill of Rights (i.e., "HBOR") — as to "dual tracking" and causing "damages following a sale" [AB278, SB900, AB2610, AB1950, SB1474, AB2314] for which there is a private right of action.

108. The California Homeowner Bill of Rights became law on January 1, 2013 to ensure fair lending and borrowing practices for California homeowners. The laws are designed to guarantee basic fairness and transparency for homeowners in the foreclosure process. The Key applicable provisions include:

///

**Restriction on dual track foreclosure:** Mortgage servicers are restricted from advancing the foreclosure process if the homeowner is working on securing a loan modification. When a homeowner completes an application for a loan modification, the foreclosure process is essentially paused until the complete application has been fully reviewed.

**Enforceability:** Borrowers will have authority to seek redress of "material" violations of the new foreclosure process protections. Injunctive relief will be available prior to a foreclosure sale and recovery of damages will be available following a sale. (AB 278, SB 900)

109. Plaintiff has sustained damages in an amount according to proof and seeks damages pursuant to the HBOR.

### THIRTEENTH CAUSE OF ACTION FOR
### VIOLATION OF CAL. CIV. CODE § 2923.5

(Plaintiff BRISCOE against

Defendant NATIONSTAR and

DOES 1 THROUGH 50, INCLUSIVE)

110. That Plaintiff repeats and re-alleges paragraphs 1 through 109, inclusive, and incorporates them by this reference as though fully set forth in this paragraph.

111. *California Civil Code* § 2923.5(a)(1) provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days *after* initial contact is made as required by paragraph (2) or 30 days *after* satisfying the due diligence requirements as

27

described in subdivision (g)." Cal. Civ. Code § 2923.5(a)(1) (emphasis added). Under paragraph (2), "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id.* § 2923.5(a)(2). Under subdivision (g), "[a] notice of default may be filed ... when a mortgagee, beneficiary, or authorized agent has *not* contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." *Id.* § 2923.5(g) (emphasis added). If a mortgagee, beneficiary, or authorized agent fails to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010).

112. NATIONSTAR violated *California Civil Code* § 2923.5(a)(1) by not contacting BRISCOE prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR.

113. Since NATIONSTAR mortgagee, beneficiary, or authorized agent failed to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010). The only remedy for a violation of this section is "to postpone the sale until there has been compliance with section 2923.5." *Id.* (citing Cal. Civ.

28

Code § 2924g, subdivision (c)(1)(A). Therefore, any sale thereon and deed thereon is void *ab initio* since no sale could have taken place as to the RESIDENCE.

114. As a proximate result of NATIONSTAR's acts, Plaintiff has sustained damages in an amount according to proof.

115. That the acts of Defendants were willful and oppressive, fraudulent, and malicious, and Plaintiff should therefore be awarded punitive damages in an amount to be established by proof at the time of trial.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

29

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1.    The trustee sale as to the RESIDENCE is set aside;

2.    The TRUSTEE DEED is void and *void abitio*, canceled.

3.    For general damages in an amount to be submitted by proof;

4.    For punitive damage in an amount to be submitted by proof;

5.    For compensatory, general, and special damages, consequential damages if a tort is found, and all other damages of any type allowed;

6.    For an Order quieting title in fee simple to BRISCOE as to the RESIDENCE.

7.    For reasonable attorney's fees pursuant to statute and contract.

8.    For an injunction to prevent eviction/sale/re-sale [ a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants]

9.    For specific performance of the agreements;

10.   For the costs of suit herein incurred;

11.   For such other and further relief as the Court may deem just and proper.

12.   Injunction preventing this conduct to consumers.

MICHAEL F. FRANK, ATTORNEY AT LAW

DATED:    August 10, 2013    By:    *Michael F. Frank*    .

MICHAEL F. FRANK, Esq.
Attorneys for Plaintiff
WENDY BRISCOE

30

**REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial for all causes so applicable.

MICHAEL F. FRANK, ATTORNEY AT LAW

DATED:   August 10, 2013    By:     *Michael F. Frank*   .
                                        MICHAEL F. FRANK, Esq.
                                        Attorneys for Plaintiff
                                        WENDY BRISCOE

31

## VERIFICATION

STATE OF CALIFORNIA , COUNTY OF LOS ANGELES:

I have read the foregoing:

**COMPLAINT**

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true and as to the legal statements for which I only believe them to be true.

Executed on August 10, 2013 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

08/ 15/ 2013 Wendy Briscoe

WENDY BRISCOE

32

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT  B

Briscoe vs. Nationstar                          nsolidate

08/21/2013  04:40   8187469841              IV DEPT                      PAGE  02/02

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS: 300 EAST WALNUT STREET
PASADENA, CALIFORNIA 91101

PLAINTIFF: FEDERAL HOME LOAN MORTGAGE

DEFENDANT: BRISCOE, WENDY E.

| NOTICE OF UNLAWFUL DETAINER (EVICTION) | CASE NUMBER: PAS 13P04496 |
|---|---|

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant. It is important for you to take immediate action. **YOU ARE ALLOWED FIVE (5) DAYS AFTER YOU ARE SERVED TO RESPOND TO THE COMPLAINT.**

The following organizations, among others, may be called for legal advice:

| | | | |
|---|---|---|---|
| BET TZEDEK LEGAL SERVICES (L.A. COUNTY) | (323) 939-0506 | LEGAL AID FOUNDATION OF LOS ANGELES | (213) 640-3881 |
| LEGAL AID SOCIETY OF ORANGE COUNTY | (800) 834-5001 | LOS ANGELES CENTER FOR LAW AND JUSTICE | (313) 980-3500 |
| EVICTION ASSISTANCE CENTER (SHRIVER) | (818) 485-0578 | LOS ANGELES COUNTY BAR ASSOCIATION | (213) 243-1525 |
| (FOR HELP WITH CASES FILED ONLY AT THE STANLEY MOSK COURTHOUSE, 111 N. HILL ST., RM. 118, LOS ANGELES.) | | NEIGHBORHOOD LEGAL SERVICES OF LOS ANGELES | (800) 433-6251 |
| LOS ANGELES COUNTY BAR ASSOCIATION | (213) 627-2727 | | |

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-422-2529.

Persons with disabilities may request an accommodation by completing a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council Form MC-410). Forms are available in the clerk's office, on the court's Web site, or will be mailed upon request. Submit the completed form to the clerk or ADA Coordinator at the courthouse where your case is pending. **Form MC-410, and any other pleadings in this case, may be filed by Fax.** For more information, contact the ADA Coordinator's office at (213) 974-5586, TDD (213) 633-4863 or visit the court's Web site at  www.lasuperiorcourt.org.

During the first 60 days from the date of filing, the case file may only be reviewed by the following persons:
1) Any party listed in the action,
2) An attorney for one of the parties,
3) Any other person who provides the clerk the following: (a) Name of at least one plaintiff and one defendant in the action and the address, including any applicable apartment, unit, or space number of the subject premises, (b) The name of one of the parties in the action or the case number and can establish through proper identification that (s)he lives at the subject premises.

Persons who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except pursuant to an ex parte order upon a showing of good cause.

## CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in PASADENA, CALIFORNIA,
one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

| | |
|---|---|
| BRISCOE, WENDY E. | ANY AND ALL OCCUPANTS |
| 9950 RESEDA BLVD., UNIT 10 | 9950 RESEDA BLVD., UNIT 10 |
| NORTHRIDGE, CA 91324 | NORTHRIDGE, CA 91324 |

JOHN A. CLARKE, Executive Officer/Clerk

Dated: 08/16/2013

By: GILBERT GLORIOSO, Deputy Clerk

LACIV 002 (Rev. 04/13)
LASC Approved 04-05
For Optional Use

## NOTICE OF UNLAWFUL DETAINER (EVICTION)

Code Civ. Proc., Sections
1161.2, 1161.2(c)

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: [ ] 2600 W. Olive Av, Suite 500, Burbank, CA 91505; [X] 9901 Durant Drive, Suite H, Beverly Hills, California 90212; [ ] Buter Attorney Service, 850 Venice Blvd., Los Angeles, California 90015; [ ] United Express, Los Angeles, California.

On August 28, 2013, I served the foregoing document(s) described as:

"NOTICE OF MOTION AND MOTION BY PLAINTIFF WENDY BIRSCOE FOR AN ORDER CONSOLIDATING LOS ANGELES SUPERIOR COURT CASES BC518110 (BRISCOE vs. NATIONSTAR) and PAS 13P04496 (FEDERAL HOME LOAN MORTGAGE CORPORATION vs. BRISCOE); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT; EXHIBITS"

in this action [X] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[X]     See Attached Mailing/Service List

[X]     **VIA MAIL**
I deposited such envelope(s) in the U.S. mail at 1875 Century Park East, Los Angeles, California. The envelope was mailed with postage thereon fully prepaid as first class.

[ ]     **VIA EMAIL**

[ ]     **VIA MESSENGER**
I delivered such envelope(s) by hand to the office(s) of the addressee(s) during regular business hours on said date.

[ ]     **VIA TELECOPIER** [i.e., facsimile]
A copy of the above-referenced document(s) was transmitted, via facsimile transmission, to the above addressee and said date.

[ ]     **VIA PERSONAL SERVICE**
I personally delivered such envelope(s) to the addressee(s) at 2029 Century Park East, Suite 1020 prior to 5:00 p.m., normal business hours, on said date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this _____ August 28, 2013 in California.

/s/_____ Michael F. Frank _____.
Print Name:         Michael F. Frank

Briscoe vs. Nationstar                                    Mtn to Consolidate

1

2

3

4

5

6

**Service/Mailing List**

Robert L Rosenthal, State Bar #74875

Michael D Zeff, State Bar #78685

Rosenthal, Withem + Zeff

16027 Ventura Blvd. Suite 320

Encino, CA 91436

(818) 789-7711

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Briscoe vs. Nationstar          9          Mtn to Consolidate

Robert L. Rosenthal, State Bar #74975
Michael D. Zeff, State Bar #78685
ROSENTHAL, WITHEM & ZEFF
16027 Ventura Blvd., Suite 320
Encino, California 91436
(818) 789-7711

Attorney for Plaintiff
FEDERAL HOME LOAN
MORTGAGE CORPORATION

FILED
LOS ANGELES SUPERIOR COURT

AUG 15 2013

JOHN A. CLARKE, CLERK
BY JESSE ARROYO, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

13 P 04496

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | Case No.: |
| | COMPLAINT FOR UNLAWFUL DETAINER [CCP § 1161a (b) (3), (c),1161b (a), 1166; FEDERAL PROTECTING TENANTS AT FORECLOSURE ACT] |
| Plaintiff, | **LIMITED CIVIL CASE** |
| vs. | **AMOUNT DEMANDED DOES NOT EXCEED $10,000.00** |
| WENDY E. BRISCOE; and Does 1 to 10, Inclusive, | |
| Defendants. | |

PLAINTIFF, FEDERAL HOME LOAN MORTGAGE CORPORATION alleges as follows:

I.

### FIRST CAUSE OF ACTION FOR UNLAWFUL DETAINER

#### (Against All Defendants)

1. At all times mentioned herein, Plaintiff FEDERAL HOME LOAN MORTGAGE CORPORATION (hereinafter "Plaintiff") was and is a Corporation, authorized to conduct business within the County of Los Angeles, State of California.

2. Plaintiff is informed and believes and upon such information and belief alleges that Defendant WENDY E. BRISCOE (hereinafter "Defendant") at all times herein

1

mentioned was, and currently is, an individual residing in the City and County of Los Angeles, State of California.

3. The true names and capacities of Defendants sued herein as Does 1 to 10, Inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, and will amend this Complaint to allege their true names and capacities when the same is ascertained. Plaintiff is informed and believes and thereon alleges that each such "Doe" Defendant is in possession of the real property described in Paragraph 4 below without the permission or consent of Plaintiff, and that each such Doe Defendant claims a right under the named Defendants to possession of the real property against Plaintiff.

4. Plaintiff is the owner of, and in such capacity, is entitled to immediate possession of the real property located within the jurisdictional boundaries of, the above-entitled Court in the City and County of Los Angeles, State of California more particularly described as 9950 Reseda Blvd., Unit 10, Northridge, California 91324 (hereinafter "the Property"). Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are and remain in possession of the Property as or under the former owner/ trustor and not as tenants.

5. On or about June 26, 2013, Plaintiff acquired title to the Property at a Trustee's Sale following foreclosure proceedings and perfected its title as reflected in the duly recorded Trustee's Deed Upon Sale, a true and correct copy of which is attached hereto as Exhibit "1" and incorporated herein by reference.

6. On July 19, 2013, in the manner provided by law, Plaintiff caused to be served on the Defendants, and each of them, a Three-Day Notice to Quit and Notice to Any Renters at the Property stating that Plaintiff had purchased the Property and that its title had been duly perfected and demanding that Defendant and all those occupying the Property, quit and deliver up possession of the Property to Plaintiff within three days after service of said Notice. True and correct copies of said Notices and the Declaration of service

2

Complaint – Unlawful Detainer

7. The notice period expired on July 23, 2013, and since that date Plaintiff has been and is entitled to immediate possession of the Property.

8. Defendants, and each of them, failed and refused to deliver up possession within the said notice period and continue in possession of the Property without Plaintiff's permission or consent.

9. The reasonable value of the use and occupancy of the Property is a sum not less than $100.00 per day, the true amount of same to be proven at trial. Defendant's unlawful detention of the Property commenced on July 23, 2013 and will continue to accrue at a sum not less than $100.00 per day until time of Judgment.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For restitution and possession of the Property;

2. For damages for the unlawful detention of the Property in a sum not less than $100.00 per day through the date of Judgment herein, to be proven at trial, for each day that Defendant continues in possession of the Property;

3. For costs of suit incurred herein;

4. For such other and further relief as the Court may deem just and proper; and

5. Plaintiff waives all damages in excess of the jurisdictional limit of this Court.


Dated: July 25, 2013                    ROSENTHAL, WITHEM & ZEFF


                                        By _____
                                           MICHAEL D. ZEFF, ESQ.
                                           Attorney for Plaintiff
                                           FEDERAL HOME LOAN MORTGAGE
                                           CORPORATION


File No.: 13-426

3

Complaint – Unlawful Detainer


ORiGiNAL

1   Michael D. Zeff (SBN 78685)
    Michael L. Withem (SBN 83002)
2   ROSENTHAL, WITHEM & ZEFF
    16027 Ventura Boulevard, Suite 320
3   Encino, California 91436-2763
    Telephone: (818) 789-7711
4   Facsimile: (818) 986-3875
    E-Mail: withem@rosenthalzeff.com
5
    Attorneys for Unlawful Detainer Plaintiff,
6   FEDERAL HOME LOAN MORTGAGE CORPORATION

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 06 2013

JOHN A. CLARKE CLERK

BY PAUL SANCHE___ DEPUTY

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10

11  WENDY BRISCOE,                    )   **Civil Unlimited Jurisdiction Case No.:**
                                      )       BC518110
12                                    )   **Unlawful Detainer Case No.:**
                                      )       13P04496
13              Plaintiff,            )
                                      )   **OPPOSITION OF UNLAWFUL DETAINER**
14                                    )   **PLAINTIFF FEDERAL HOME LOAN MORTGAGE**
                                      )   **CORPORATION PURSUANT TO CRC 3.300 TO**
15                                    )   **PLAINTIFF AND UNLAWFUL DETAINER**
                                      )   **DEFENDANT WENDY E. BRISCO'S NOTICE OF**
16  vs.                               )   **RELATED CASE; MEMORANDUM OF POINTS**
                                      )   **AND AUTHORITIES; DECLARATION OF**
17  NATIONSTAR MORTGAGE,              )   **MICHAEL L. WITHEM**
    LLC, Delaware limited liability   )
18  company, FEDERAL HOME LOAN        )
    MORTGAGE CORPORATION,             )   **Date:  None**
19  and DOES 1 THROUGH 50,            )   **Time:  None**
    INCLUSIVE,                        )   **Dept:** 38
20                                    )
21              Defendants.           )   Complaint Filed:   August 28, 2013
                                      )   Disc. Cut-Off:     n/a
22                                    )   Motion Cut-Off:    n/a
                                      )   Trial:             Not Assigned
23

24        TO   THE   HONORABLE   COURT   AND   TO   PLAINTIFF/UNLAWFUL   DETAINER

25  DEFENDANT WENDY BRISCOE, AND TO HER COUNSEL OF RECORD:

26        Unlawful Detainer Plaintiff FEDERAL HOME LOAN MORTGAGE CORPORATION, in Los

27  Angeles County Superior Court Case No. 13P04496, submits the following Response and Opposition

28  to Unlawful Detainer Defendant and Civil Plaintiff WENDY BRISCOE'S Notice of Related Case, and

─────────────────────────────────────────────

Opposition of Unlawful Detainer Plaintiff Federal Home Loan Mortgage Corporation to Plaintiff/Unlawful Detainer
Defendant's Notice of Related Case                                                                            1

1    respectfully requests that the Court not deem the cases related.  This opposition is submitted pursuant

2    to the requirements of California Rule of Court 3.300.  This Opposition is based upon the following

3    grounds:

4        1.    That the Unlawful Detainer proceeding, Case Number 13P04496 is based upon the

5            acquisition of a parcel of residential real property, described as 9950 Reseda Blvd.,Unit

6            10, Northridge, CA 91324 that resulted from the default and foreclosure sale of a first

7            trust deed loan that was memorialized by a Deed of Trust recorded in the Los Angeles

8            County Recorders Office on January 3, 2007 as Instrument Number 20070008851 and

9            was in the principle sum of $304,000.00;

10       2.    That the Unlawful Detainer action, Los Angeles Superior Court Case Number 13P04496

11           is a simply post foreclosure Unlawful Detainer action.  WENDY BRISCOE, the former

12           borrower and owner, defaulted on a mortgage loan secured by Deed of Trust which

13           resulted in a foreclosure sale occurring on June 26, 2013 as reflected in the subject

14           Trustee's Deed Upon Sale which was recorded in the Los Angeles County Recorder's

15           Office on July 9, 2013 as instrument number 20131004407;

16       3.    That Plaintiff's Complaint in Unlimited Jurisdiction Superior Court Case No. BC518110

17           ignores the true facts of the underlying matter and recorded title and foreclosure

18           documents, which are a matter of record;

19       4.    That the Unlimited Jurisdiction Superior Court Case No. BC518110 fails to comply with

20           basic pleading requirements, including the obligation to attempt to tender sufficient funds

21           to reinstate the loan and ignores the fact that the underlying loan from, which the

22           foreclosure took place was in default at the time of the foreclosure sale.  At the time of

23           the foreclosure sale, as reflected in the subject Trustee's Deed Upon Sale, a true and

24           correct copy which is attached to the Declaration of Michael L. Withem as Exhibit "A",

25           the amount due on the loan was in the sum $327,970.62 or an arrearage sum of

26           $23,970.00 from the original loan amount of $304,000.00, reflected in the subject Deed

27           of Trust recorded in the Los Angeles County Recorder's Office on January 3, 2007 as

28           instrument number 20070008851.  The subject Deed of Trust is attached to the

---

1    declaration of Michael L. Withem as Exhibit "B";

2    5.   That if these cases are deemed related and tied together as one proceeding, substantial

3         harm would result in that Civil Plaintiff and Unlawful Detainer Defendant WENDY

4         BRISCOE will continue to use the subject property without any concern of paying for

5         the use of the property, paying for property taxes associated with the property, and/or

6         obtaining and maintaining insurance to protect the poperty from damage and third person

7         liability;

8    6.   That deeming these cases related and tying them together would delay the post

9         foreclosure Unlawful Detainer proceeding, causing further harm to FEDERAL HOME

10        LOAN MORTGAGE CORPORATION;

11   7.   That the cases are truly not related pursuant to *California Code of Civil Procedure* §1048

12        in that it appears that numerous party defendants are not before the court and have not

13        been served as of the date of this Opposition being filed;

14   8.   That the Notice of Related Case filed by WENDY BRISCOE is nothing more than a

15        delaying tactic and would cause great delay in the Trial of the Unlawful Detainer

16        proceeding which has priority;

17   9.   That WENDY BRISCOE continues to occupy the subject parcel of residential real

18        property after FEDERAL HOME LOAN MORTGAGE CORPORATION acquired said

19        property by way of a foreclosure proceeding, where WENDY BRISCOE is paying no

20        monies for use of the property, is not paying any property taxes concerning the subject

21        property, and has not maintained any insurance to protect FEDERAL HOME LOAN

22        MORTGAGE CORPORATION from liability issues or damage to the subject property,

23        this demonstrating that consolidation or any stay of any kind would cause further

24        irreparable harm to FEDERAL HOME LOAN MORTGAGE CORPORATION herein.

25   ///

26   ///

27   ///

28   ///

1    This Opposition is based upon these Opposition Papers, the Memorandum Points and Authorities

2    filed herewith, the Declaration of Michael L. Withem, the case register and Court file for the Unlimited

3    Jurisdiction Superior Court matter, Case Number BC518110, as well as the records on file in this case,

4    and the Unlawful Detainer Case Number 13P04496, and upon any additional and/or oral or written

5    documenting evidence as may be presented.

6

7    DATED: September 5, 2013        ROSENTHAL, WITHEM & ZEFF

8

9    BY

10    MICHAEL L. WITHEM
         Attorneys for Unlawful Detainer Plaintiff,
         FEDERAL HOME LOAN MORTGAGE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF THE CASE

The Unlawful Detainer action, Los Angeles Superior Court Case Number 13P04496 is a simply post foreclosure Unlawful Detainer action.  WENDY BRISCOE, the former borrower and owner, defaulted on a mortgage loan secured by Deed of Trust which resulted in a foreclosure sale occurring on June 26, 2013 as reflected in the subject Trustee's Deed Upon Sale which was recorded in the Los Angeles County Recorder's Office on July 9, 2013 as instrument number 20131004407.  At the time of the foreclosure sale, as reflected in the subject Trustee's Deed Upon Sale, a true and correct copy which is attached to the Declaration of Michael L. Withem as Exhibit "A", the amount due on the loan was in the sum $327,970.62 or an arrearage sum of $23,970.00 from the original loan amount of $304,000.00 reflected in the subject Deed of Trust recorded in the Los Angeles County Recorder's Office on January 3, 2007 as instrument number 20070008851.  The subject Deed of Trust is attached to the declaration of Michael L. Withem as Exhibit "B".

## II.

## THERE IS NO SHOWING OR OFFER OF ADMISSIBLE EVIDENCE THAT BOTH CASES ARE RELATED

*California Code of Civil Procedure* §1048 provides as follows:

1048. "(a) When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(b) The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trials will be conducive to expedition and economy, may order a separate trial of any cause of action, including a cause of action asserted in a cross-complaint, or of any separate issue or of any number of causes of action or issues, preserving the right of trial by jury required by

1   the Constitution or a statute of this state or of the United States."

2   There is a complete absolute failure on the part of WENDY BRISCOE to comply with the

3   requirements of *California Code of Civil Procedure* §1048. WENDY BRISCOE'S Complaint identifies

4   numerous party defendants. Those party defendants in the Unlimited Jurisdiction case are not before

5   the Court in the Unlawful Detainer proceeding except, FEDERAL HOME LOAN MORTGAGE

6   CORPORATION.

7   *California Code of Civil Procedure* §1048 further requires facts demonstrating that the cases are

8   clearly related. There are no facts offered by WENDY BRISCOE whatsoever that are admissible facts

9   or evidence to support deeming the matter related and/or to consolidate the cases. There is no

10  explanation as to how numerous defendants in the Unlimited Jurisdiction case have any relationship to

11  a post-foreclosure Unlawful Detainer proceeding and where said defendants are not parties. The

12  Unlawful Detainer action should remain a summary post foreclosure eviction proceeding between the

13  owner of the property and the occupants. The complicated title issues and foreclosure issues which have

14  been stricken from the Unlawful Detainer action as a result of the Motion to Strike of Unlawful Detainer

15  Plaintiff FEDERAL HOME LOAN MORTGAGE CORPORATION mandates that these cases not be

16  related and that the Unlawful Detainer action not be stalled by delaying tactics exhibited by WENDY

17  BRISCOE in prosecuting a civil action filed after the initiation of the Unlawful Detainer process.

18

19                                          **III.**

20                                    **CONCLUSION**

21  Plaintiff FEDERAL HOME LOAN MORTGAGE CORPORATION in the Unlawful Detainer

22  case, Case Number 13P04496, and a named defendants herein in Case number BC51892 respectfully

23  requests that the Court dent WENDY BRISCOE'S "Notice of Related Case". WENDY BRISCOE,

24  Plaintiff in case number BC51892 is using this parcel of residential real property commonly described

25  as 9950 Reseda Blvd.,Unit 10, Northridge, CA 91324 without satisfying any prior mortgage obligations

26  or subsequent rental obligations, without paying any real property taxes, and without addressing

27  homeowners insurance issues at great expense to Plaintiff in the Unlawful Detainer proceeding,

28  FEDERAL HOME LOAN MORTGAGE CORPORATION. If these cases are ordered related, the

1 purposes of the post-foreclosure summary Unlawful Detainer proceeding would be thwarted, and the

2 Unlawful Detainer proceeding would result in a substantial delay at a great expense to FEDERAL

3 HOME LOAN MORTGAGE CORPORATION which is bearing the burden of each delay created by

4 WENDY BRISCOE.

5

6 DATED: September 5, 2013          ROSENTHAL, WITHEM & ZEFF

7

8                                              BY
                                                 MICHAEL L. WITHEM
9                                                Attorneys for Unlawful Detainer Plaintiff,
                                                 FEDERAL HOME LOAN MORTGAGE CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1   **DECLARATION OF MICHAEL L. WITHEM IN SUPPORT OF OPPOSITION OF**

2   **UNLAWFUL DETAINER PLAINTIFF FEDERAL HOME LOAN MORTGAGE**

3   **CORPORATION PURSUANT TO CRC 3.300 TO PLAINTIFF AND UNLAWFUL**

4   **DETAINER DEFENDANT WENDY BRISCOE'S AMENDED NOTICE OF RELATED**

5   **CASE**

6   I, Michael L. Withem declares as follows:

7       1. I am an Attorney at Law duly licenced to practice law before all the courts in the state of

8   California. I am a partner in the Law firm of Rosenthal, Withem & Zeff counsel of record for Unlawful

9   Detainer Plaintiff, FEDERAL HOME LOAN MORTGAGE CORPORATION.

10      2. I have personal knowledge of each of the matter stated herein and if called as a witness could

11  and would competently testify thereto.

12      3. I make this declaration in support of Unlawful Detainer Plaintiff FEDERAL HOME LOAN

13  MORTGAGE CORPORATION'S Opposition to Plaintiff and Unlawful Detainer Defendant WENDY

14  BRISCOE'S Amended Notice of Related Case.

15      4. A true and correct copy of the Trustee's Deed Upon Sale, is attached hereto as Exhibit "A",

16  which reflects that the unpaid loan amount was in the sum $327,970.62 or an arrearage sum of

17  $23,970.00 from the original loan amount of $304,000.00 reflected in the subject Deed of Trust recorded

18  in the Los Angeles County Recorder's Office, as of the date of the foreclosure sale in June 26, 2013.

19      5. A true and correct copy of the subject Deed of Trust that was recorded on January 3, 2007 as

20  instrument number 20070008851 is attached hereto as Michael L. Withem as Exhibit "B"

21

22      I declare under the penalty of perjury pursuant to the laws of the state of California that the

23  forgoing is true and correct.

24  Executed on this 5th day of September 2013, at Encino, California.

25

26  _____
    MICHAEL L. WITHEM, declarant

27

28

**EXHIBIT** $\underline{A}$



**This page is part of your document - DO NOT DISCARD**

# 20131004407



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/09/13 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 21.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 21.00 |



**L E A D S H E E T**



201307090210023

00007976125



004983721

**SEQ:**
**20**

**DAR - Title Company (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

t29




RECORDING REQUESTED BY:
First American Title Ins Co.
AND WHEN RECORDED TO:
Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, TX 75067



07/09/2013

*20131004407*

*Mail Tax Statements To The Above Address

[SPACE ABOVE LINE FOR RECORDER'S USE ONLY]

TS #: 12-21905

Order #: 7525344
APN: 2731-024-047

# TRUSTEE'S DEED UPON SALE

A.P.N.: 2731-024-047                    Transfer Tax: $0.00
"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3"

The Grantee Herein **was** The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was **$327,970.62** .
The Amount Paid By The Grantee Was **$323,701.00**
Said Property Is In The City of **NORTHRIDGE**, County of **Los Angeles**

**Law Offices of Les Zieve**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to **Federal Home Loan Mortgage Corporation**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los Angeles**, State of **CALIFORNIA**, described as follows:
A CONDOMINIUM COMPRISED OF: A) AN UNDIVIDED 1/42ND INTEREST IN AND TO LOT 1 OF TRACT NO. 26864, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 825 PAGES 85 AND 86 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND IN AND TO LOT 1 OF TRACT NO. 21726, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 825 PAGES 95 AND 96 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPT FROM THE ABOVE DESCRIBED LAND, UNITS 1 TO 42, INCLUSIVE, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED APRIL 18, 1973 AS INSTRUMENT NO. 582, IN BOOK M4352 PAGE 400, OFFICIAL RECORDS. B) UNIT 10 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED

9950 RESEDA BLVD NO 10
LOS ANGELES, CA 91324

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **WENDY E BRISCOE, A WIDOW** as Trustor, dated **12/11/2006** of the Official Records in the office of the Recorder of **Los Angeles**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **1/3/2007**, instrument number **20070008851**, Book --, Page -- of Official records.

20b

**TRUSTEE'S DEED UPON SALE**

TS #: **12-21905**
Order #: **7525344**

Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **6/26/2013**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$323,701.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Law Offices of Les Zieve**, as Trustee, has this day, caused its name to be hereunto.

Date: ~~6/26/2013~~ 7/5/13 *Ma*

Law Offices of Les Zieve

By: _____

**Marcy Axelrod, Trustee Sale Officer**

State of California
County of Orange
*7·5·13 COB*
On ~~6/26/2013~~ before me, Christine O'Brien Notary Public personally appeared, Marcy Axelrod who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Christine O'Brien                                    (Seal)

CHRISTINE O'BRIEN
Commission # 1986126
Notary Public - California
Orange County
My Comm. Expires Aug 21, 2016

**EXHIBIT** $\mathcal{B}$

 

**This page is part of your document - DO NOT DISCARD**



 **20070008851**

Pages
025



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**01/03/07 AT 08:00AM**

| Fees | |
|---|---|
| Taxes | $160.00 |
| Other | $0.00 |
| Paid | $0.00 |
| | $160.00 |

**TitleCompany**

# TITLE(S) :



L E A D     S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED** 

 

2

01/03/07
20070008851

Landsafe Title

Recording Requested By.
L  SPIRO

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P O Box 10423
Van Nuys, CA 91410-0423

Prepared By
HOBEY VERBRYCK

03381492·25
2731·024·047

[Space Above This Line For Recording Data]

| 14294S | 00015393255512006 |
|--------|--------------------|
| [Escrow/Closing #] | [Doc ID #] |

## DEED OF TRUST

MIN 1000157-0006294130-3

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21  Certain rules regarding the usage of words used in this document are also provided in
Section 16

(A) "Security Instrument" means this document, which is dated  DECEMBER 11, 2006  , together
with all Riders to this document
(B) "Borrower" is
WENDY E BRISCOE, A WIDOW

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 1 of 16

-6A(CA) (0207)   CHL (08/05)(d)   VMP Mortgage Solutions Inc (800)521-7291   Form 3005  1/01
CONV/VA

 

 

DOC ID #· 00015393255512006

Borrower's address is
9950 RESEDA BLVD #10, NORTHRIDGE, CA 91324
Borrower is the trustor under this Security Instrument
(C) "Lender" is
COUNTRYWIDE HOME LOANS, INC.
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613
(D) "Trustee" is
ReconTrust Company, N A
225 West Hillcrest Dr , MSN TO-02, Thousand Oaks, CA 91360
(E) "MERS" is Mortgage Electronic Registration Systems, Inc MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns MERS is the beneficiary under this
Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P O Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS
(F) "Note" means the promissory note signed by Borrower and dated DECEMBER 11, 2006    The
Note states that Borrower owes Lender
THREE HUNDRED FOUR THOUSAND and 00/100

Dollars (U S $ 304,000 00    ) plus interest  Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than JANUARY 01, 2037
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property "
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower  The following
Riders are to be executed by Borrower [check box as applicable]

| [X] Adjustable Rate Rider | [X] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners association
or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers
(M) "Escrow Items" means those items that are described in Section 3
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for (i) damage
to, or destruction of, the Property, (ii) condemnation or other taking of all or any part of the Property; (iii)

-6A(CA) (0207)      CHL (08/06)      Page 2 of 16      Form 3005 1/01

 

DOC ID #: 0001539255512006

conveyance in lieu of condemnation, or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U S C Section 2601 et seq ) and its implementing regulation, Regulation X (24 C F R Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS This Security Instrument secures to Lender, (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY of LOS ANGELES

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number 2731024047                          which currently has the address of

9950 RESEDA BLVD #10, NORTHRIDGE

[Street/City]

California     91324     ("Property Address")

[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Security Instrument All of the foregoing is referred to in this Security Instrument as the "Property " Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

-6A(CA) (0207)        CHL (08/05)        Page 3 of 16        Form 3005 1/01





DOC ID #: 00015393255512006

but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follows.

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note  Borrower shall also pay funds for Escrow Items pursuant to Section 3  Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity, or (d) Electronic Funds Transfer

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15  Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted  If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds  Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current  If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower  If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure  No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority  (a) interest due under the Note, (b) principal due under the Note; (c) amounts due under Section 3  Such payments shall be applied to each Periodic Payment in the order in which it became due  Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full  To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

-6A(CA) (0207)          CHL (08/05)                    Page 4 of 16                    Form 3005  1/01

 

DOC ID #: 00015393255512006

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property, (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5, and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time Any such waiver may only be in writing In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9 If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a Lender can require under RESPA Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender

VMP  -6A(CA) (0207)        CHL (08/06)          Page 5 of 16                    Form 3005  1/01

 

DOC ID #: 00015393255512006

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement, (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of

 

DOC ID #: 00015393255512006

paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

<span>-6A(CA) (0207)</span>        CHL (08/05)        Page 7 of 16        Form 3006  1/01

 

DOC ID #: 0001539325551200G

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower

 

10

DOC ID # 00015393255512006

shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed Borrower is not a party to the Mortgage Insurance

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums)

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance " Further

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security

DOC ID #. 00015393255512006

Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer") (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent

Case 2:13-cv-06840-DDP-PLA   Document 1   Filed 09/17/13   Page 143 of 219   Page ID #:145

DOC ID #: 00015393255512006

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

-6A(CA) (0207)      CHL (08/05)              Page 11 of 16                              Form 3005  1/01



*13*

DOC ID #: 0001539325551 2006

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law

If Lender exercises this option, Lender shall give Borrower notice of acceleration  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of. (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate, or (c) entry of a judgment enforcing this Security Instrument  Those conditions are that Borrower (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements, (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged  Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender  (a) cash; (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer  Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred  However, this right to reinstate shall not apply in the case of acceleration under Section 18

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law  There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note  If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing  If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in




14

DOC ID #. 00015393255512006

compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20

21. Hazardous Substances. As used in this Section 21 (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances· gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials, (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law, and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products)

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law Nothing herein shall create any obligation on Lender for an Environmental Cleanup

NON-UNIFORM COVENANTS Borrower and Lender further covenant and agree as follows

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

-6A(CA) (0207)          CHL (08/05)          Page 13 of 16          Form 3005 1/01



DOC ID # 00015393255512006

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

@ -6A(CA) (0207)        CHL (08/05)            Page 14 of 16                        Form 3005 1/01

 

16

DOC ID # 00015393255512006

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this
Security Instrument and in any Rider executed by Borrower and recorded with it

_Wendy E. Briscoe_                                   (Seal)
WENDY E  BRISCOE                                    -Borrower

                                                    (Seal)
                                                    -Borrower

                                                    (Seal)
                                                    -Borrower

                                                    (Seal)
                                                    -Borrower

07 0003851

-6A(CA) (0207)     CHL (08/05)        Page 15 of 16              Form 3005  1/01

17

State of California
County of Los Angeles } ss.

On 12/26/06 before me, Jason Vallejos,
Notary Public,

personally appeared

Wendy E Briscoe

DOC ID #: 00015393255512006

, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument

WITNESS my hand and official seal.

 (Seal)

JASON VALLEJOS
Commission # 1679867
Notary Public - California
Los Angeles County
My Comm. Expires Aug 5, 2010

-6A(CA) (0207)    CHL (08/05)         Page 16 of 16              Form 3005  1/01

 

*18*

Prepared by  HOBEY VERBRYCK

**COUNTRYWIDE HOME LOANS, INC.**

Branch #  0000729
2595 W. CHANDLER BLVD
CHANDLER, AZ 85224

DATE          12/11/2006          Phone  (866)628-4995
CASE #                            Br Fax No · (480)855-2495
DOC ID #      0001539325551200 6
BORROWER  WENDY E. BRISCOE
PROPERTY ADDRESS 9950 RESEDA BLVD #10
                 NORTHRIDGE, CA 91324

**LEGAL DESCRIPTION EXHIBIT A**

DESCRIPTION.  THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:  A CONDOMINIUM
COMPRISED OF    A) AN UNDIVIDED 1/42ND INTERESTIN AND TO LOT 1 OF TRACT NO.
26864, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN THE BOOK 825 PAGES 85 AND 86 OF MAPS,
IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND IN AND TO LOT 1
OF TRACT NO  21726, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN THE BOOK 825 PAGES 95 AND 96
OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY   EXCEPT FROM
THE ABOVE DESCRIBED LAND, UNITS 1 TO 42, INCLUSIVE, AS SHOWN AND DEFINED
ON THE CONDOMINIUM PLAN RECORDED APRIL 18, 1973 AS INSTRUMENT NO  582, IN
THE BOOK M4352 PAGES 400, OFFICIAL RECORDS   B) UNTIL 10 AS SHOWN AND
DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.  PARCEL NO  2731-024-047

FHA/VA/CONV
• Legal Description Exhibit A
1C404-XX (04/03)(d)

` 2 3 9 9 1 ·          · 1 5 3 9 3 2 5 5 5 0 0 0 0 0 1 0 0 8 A ·

 

19

Assessor's Parcel Number

After Recording Return To
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By
HOBEY VERBRYCK

Recording Requested By

[Space Above This Line For Recording Data]

# FIXED/ADJUSTABLE RATE RIDER
(LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

|  |  |
|---|---|
| 14294S | 00015393255512006 |
| [Escrow/Closing #] | [Doc ID #] |

CONV
* MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family
  INTEREST ONLY
1U796-XX (06/04)(d)          Page 1 of 5          Initials 

* 2 3 8 9 1 *          * 1 5 3 9 3 2 5 5 5 0 0 0 0 0 1 U 7 9 6 *

 

20

DOC ID #: 0001539325551 2006

THIS FIXED/ADJUSTABLE RATE RIDER is made this ELEVENTH        day of
DECEMBER, 2006   , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to
COUNTRYWIDE HOME LOANS, INC.

("Lender") of the same date and covering the property described in the Security Instrument and
located at

9950 RESEDA BLVD #10
NORTHRIDGE, CA 91324
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST
RATE TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE
AMOUNT BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT
ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows
**A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial fixed interest rate of        6.375 % The Note also provides
for a change in the initial fixed rate to an adjustable interest rate, as follows
**4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
  **(A) Change Dates**
  The initial fixed interest rate I will pay will change to an adjustable interest rate on the
first        day of JANUARY, 2017     , and the adjustable interest rate I will pay
may change on that day every 12th month thereafter The date on which my initial fixed interest rate
changes to an adjustable interest rate, and each date on which my adjustable interest rate could
change, is called a "Change Date "
  **(B) The Index**
  Beginning with the first Change Date, my adjustable interest rate will be based on an Index The
"Index" is the average of interbank offered rates for one year U S  dollar-denominated deposits in the
London market ("LIBOR"), as published in *The Wall Street Journal* The most recent Index figure
available as of the date 45 days before each Change Date is called the "Current Index"
  If the Index is no longer available, the Note Holder will choose a new index that is based upon
comparable information  The Note Holder will give me notice of this choice
  **(C) Calculation of Changes**
  Before each Change Date, the Note Holder will calculate my new interest rate by adding
TWO & ONE-QUARTER        percentage points (    2.250 %) to the Current Index
the Note Holder will then round the result of this addition to the nearest one-eighth of one percentage
point (0 125%) Subject to the limits stated in Section 4(D) below, this rounded amount will be my new
interest rate until the next Change Date

CONV
* MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family
  INTEREST ONLY
1U796-XX (06/04)                Page 2 of 5                Initials

 

21

DOC ID #: 00015393255512006

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 11.375 % or less than 2.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 11.375 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

CONV
● MULTISTATE  FIXED/ADJUSTABLE  RATE  RIDER - WSJ One-Year LIBOR - Single Family
  INTEREST ONLY
1U796-XX (06/04)                    Page 3 of 5                    Initials

 

22

DOC ID #: 00015393255512006

2 When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law  Lender also shall not exercise this option if  (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee, and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption  Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument  Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing

G7 0008851

CONV
*MULTISTATE  FIXED/ADJUSTABLE  RATE  RIDER - WSJ  One-Year  LIBOR - Single  Family
INTEREST ONLY
1U796-XX (06/04)                    Page 4 of 5                    Initials



23

DOC ID #: 0001539325512006

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____ (Seal)
WENDY E. BRISCOE                                          -Borrower

_____ (Seal)
                                                         -Borrower

_____ (Seal)
                                                         -Borrower

_____ (Seal)
                                                         -Borrower

CONV
* MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family
INTEREST ONLY
1U796-XX (06/04)                    Page 5 of 5

 

24

DOC ID #: 0001539325551206

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this ELEVENTH          day of
DECEMBER, 2006    , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure Borrower's Note to
COUNTRYWIDE HOME LOANS, INC.

(the "Lender") of the same date and covering the Property described in the Security Instrument and
located at
          9950 RESEDA BLVD #10, NORTHRIDGE, CA 91324

[Property Address]
The Property includes a unit in, together with an undivided interest in the common elements of, a
condominium project known as
          PARKVILLE VILLA HOA

[Name of Condominium Project]
(the "Condominium Project") If the owners association or other entity which acts for the Condominium
Project (the "Owners Association") holds title to property for the benefit or use of its members or
shareholders, the Property also includes Borrower's interest in the Owners Association and the uses,
proceeds and benefits of Borrower's interest

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows
**A. Condominium Obligations.** Borrower shall perform all of Borrower's obligations under the
Condominium Project's Constituent Documents The "Constituent Documents" are the (i) Declaration
or any other document which creates the Condominium Project, (ii) by-laws, (iii) code of regulations,
and (iv) other equivalent documents  Borrower shall promptly pay, when due, all dues and
assessments imposed pursuant to the Constituent Documents

**MULTISTATE CONDOMINIUM RIDER**-Single Family-Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT
                                        Page 1 of 3
-8R (0512)      CHL (12/05)(d)

          VMP Mortgage Solutions, Inc                    Form 3140  1/01

 

 

DOC ID #: 00015393255512006

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, from which Lender requires insurance, then (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property, and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy

What Lender requires as a condition of this waiver can change during the term of the loan

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender  Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain, (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender, (iii) termination of professional management and assumption of self-management of the Owners Association, or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them  Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment

-8R (0512)          CHL (12/05)          Page 2 of 3          Form 3140  1/01

 

26

DOC ID #: 00015393255512006

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider

_____ (Seal)
WENDY E. BRISCOE                      - Borrower

_____ (Seal)
                                     - Borrower

_____ (Seal)
                                     - Borrower

_____ (Seal)
                                     - Borrower

-8R (0512)     CHL (12/05)          Page 3 of 3                Form 3140  1/01

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I AM EMPLOYED IN THE county of Los Angeles, State of California and am over the age of 18 years and not a party to the within action.  My business address is 16027 Ventura Boulevard, Suite 320, Encino, California  91436.

     On September 5, 2013 I served the foregoing documents described as **(1) Opposition of Unlawful Detainer Plaintiff Federal Home Loan Mortgage Corporation Pursuant to CRC 3.300 to Plaintiff and Unlawful Detainer Defendant Wendy Briscoe's Notice of Related Case (Unlimited Jurisdiction Case); (2) Opposition of Unlawful Detainer Plaintiff Federal Home Loan Mortgage Corporation Pursuant to CRC 3.300 to Plaintiff and Unlawful Detainer Defendant Wendy E. Briscoe's Amended Notice of Related Case (Unlawful Detainer Case)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Michael F. Frank, Esq.**
**Michael F. Frank, Attorney at Law**
**9901 Durant Drive, Suite H**
**Beverly Hills, CA 90212**
**Tel: 310-277-2559**
**Fax: 866-279-2860**
**mfrankatty@aol.com**

METHOD OF SERVICE

\_\_\_\_\_  **BY OVERNIGHT MAIL**

 X   **(BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States Mail at Encino, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_\_  **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

\_\_\_\_\_  **(BY FACSIMILE)** I caused such document(s) to be telephonically transmitted to the offices of the addressee(s)' facsimile machine as stated on the attached service list.  The transmission by facsimile was reported as complete and without error, and the transmission report shall be attached to the original Proof of Service.

JURISDICTION

 X   (State) I declare under penalty of perjury that the above is true and correct.

\_\_\_\_\_  (Federal) I declare that I am employed in the office of a member of the bar of the Court at whose direction the service was made.

Executed on September 5, 2013 at Encino, California.

BRITTANY W. SAN MARTIN

1

2  MICHAEL F. FRANK, ATTORNEY AT LAW
   Michael F. Frank, Esq. SBN 125149
3  Peggi A. Gross, Esq. SBN 250648
   9901 Durant Drive, Suite H
   Beverly Hills, CA  90212
4  Telephone: (310) 277-2559
   Facsimile (866) 279-2860

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**SEP 13 2013**

JOHN A. CLARKE, CLERK

BY L. JOHNSON, DEPUTY

5

6  Attorneys for Plaintiff
      WENDY BRISCOE

7

8     **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

9  WENDY BRISCOE,       )   Case No.:  BC518110
                        )
10                    )  [Assigned to: Dept 38; Judge
                      )  Duffy-Lewis]
11        Plaintiff,   )
                      )  REPLY  BY  PLIANTIFF  WENDY
12       vs.          )  BRISCOE  TO   OPPOSITION  TO
                      )  NOTICE OF RELATED CASES
   NATIONSTAR MORTGAGE, LLC, a )
13  Delaware  limited  liability )
   company,  FEDERAL  HOME  LOAN )  [unlimited jurisdiction]
14  MORTGAGE  CORPORATION,  and )  Complaint Filed: 08-13-2013
   DOES   1   THROUGH   50, )
15  INCLUSIVE,        )  *hearing*:
                      )     Date: [NONE SET]
16        Defendants.   )     Time: 8:30 a.m.
                      )     Dept: 38

17     YOU   ARE   HEREBY   NOTIFIED   THAT   Plaintiff   WENDY   BRISCOE

18  hereby Replies to the Opposition filed by DEFENDANT  FEDERAL

19  HOME  LOAN  MORTGAGE  CORPORATION  as  to  the  Notice  of  Related

20  Case.   This  reply  refers  to  the  BRISCOE  DECLARATION  filed  in

21  this action in conjunction with the Ex Parte Application and as

22  well the Motion to Consolidate and the Verified Complaint on

23  file in this action.

24                             MICHAEL F. FRANK, ATTORNEY AT LAW

   DATED:    September 9, 2013    By:  _Michael F. Frank_
25                              MICHAEL F. FRANK, Esq.
                            Attorneys for Plaintiff/Applicant
26                            Wendy Briscoe

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

The defendant FEDERAL HOME LOAN MORTGAGE CORPORATION ("Freddie Mac") does not provide a single reason to prevent relating the cases.

Freddie Mac argues that the parties are different. This is untrue. Wendy Briscoe is in both actions. Freddie Mac is in both actions. The present action simply adds the agent (servicer) for Freddie Mac, Nationstar.

Freddie Mac argues that plaintiff must tender the entire default amount — which has nothing to do with relating the cases. However, The TENDER RULE is not applicable in this action. The subject sale is and was void [and void *ab initio*] and not merely voidable thereby. "[W]here a sale is void, rather than simply voidable, tender is not required." *Tamburri v. Suntrust Mortgage*, 2011 WL 6294472 at 4 (citing *Miller & Starr California Real Estate* 3d § 10:212 and the sale "has no force and effect," *Dimock v. Emerald Properties LLC.* 81 Cal. Apo. 4th 868. 878 (2000). There is at minimum herein a notice defect providing the basis for challenging the sale under a deed of trust, as is the case here with the allegation of noncompliance with *Cal. Civ. Code* § 2923.5.

Freddie Mac claims that they are just pursuing an unlawful detainer for possession — but you title for that so clearly the actions are related as to substance and issues and law.

2

Freddie Mac claims that there will be not rent payments made in the interim which has nothing to do with relating them but Plaintiff has offered reasonable rent to be put aside.

Freddie Mac argues that this will take too long. We can have an expedited trial on both matters — as long as title is an issue. Lack of Discovery appears to favor the plaintiff in this action as plaintiff has "written evidence" from the servicer Nationstar that has been submitted and filed in this action in an ex parte application.

Freddie Mac cannot make any argument that prevents this Court from relating the cases.

The facts in this matter are:

The within action was filed on August 13, 2013 and the unlawful detainer action to be related filed August 15, 2013. So, the within action is first in time filed.

Plaintiff is an individual residing in the City of Los Angeles, County of Los Angeles, and State of California at 9950 Reseda Boulevard, unit number 10 (a condominium), zip code 91324, assessor number 2731-024-047 (in Northridge) (hereinafter "RESIDENCE") and at all relevant times she owned in fee simple the RESIDENCE [BRISCOE DECLARATION ON FILE AND BRISCOE VERIFIED COMPLAINT ON FILE]

Defendant NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") is a limited liability company lender, mortgage company, and servicer of mortgages and trust deeds. The Federal Home Loan Mortgage Corporation ("FREDDIE MAC"), is a national corporation, and title from foreclosure by servicer NATIONSTAR

3

the servicer is in the name of FREDDIE MAC the principal. [BRISCOE DECLARTION/VERIFIED COMPLAINT]

The RESIDENCE legal description is TRACT NOS 21726 AND 26884 CONDOMINIUM UNIT 10. The instrument number for Trustee Sale Deed is 2013-1004407 (hereinafter "TRUSTEE DEED") for RESIDENCE. The Trustee Sale took place on June 26, 2013 and TRUSTEE DEED recorded July 9, 2013 for the RESIDENCE. The Notice of Trustee Sale was recorded June 3, 2013 as instrument number 0***3389 for the RESIDENCE. The Notice of Default was recorded February 27, 2013 as instrument number 0***8682 for the RESIDENCE. The California Homeowner's Bill of Rights statutes became effective January 1, 2013.

The estimated foreclosure accelerated note amount by NATIONSTAR/FREDDIE MAC was supposedly $310,927.00 while the estimated value of the RESIDENCE is $324,000 as of date of foreclosure.

That after February 27, 2013 and before May 1, 2013, Plaintiff contacted NATIONSTAR (servicer for FREDDIE MAC) and submitted an application for a loan modification as to my RESIDENCE on her own initiative. [BRISCOE DECLARATION/VERIFIED COMPLAINT] The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

///

///

4

NATIONSTAR was suppose to postpone the sale from June 26, 2013 and not sell the RESIDENCE.

Further, on or about June 12, 2013, via the date printed therein, NATIONSTAR sent plaintiff a letter containing an offer and promise which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request. In order to be considered for this program, these documents must be returned no later than 07/12/2013:   I. Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps.     Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure processes if your account was previously referred to foreclosure.  However, your property will not be sold at a foreclosure sale if you are offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . ." [EXHIBIT A TO BRISCOE DECLARATION; BRISCOE DECLARATION/VERIFIED COMPLAINT]

The offer and promise in the June 12, 2013 dated letter by NATIONSTAR [Exhibit A] offering postponement of the sale promised by NATIONSTAR to plaintiff if accepted by her was accepted by her as on July 10, 2013 as she sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was

prior to the July 12, 2013 acceptance date [EXHIBIT B; BRISCOE DECLARATION/VERIFIED COMPLAINT]

The sale of the RESIDENCE took place on June 26, 2013. [BRISCOE DECLARATION/VERIFIED COMPLAINT] Clearly, NATIONSTAR/FREDDIE MAC breached the oral agreement by the sale, their own written agreement by the sale, and violated *California Civil Code* § 2923.5(a)(1) by not contacting plaintiff prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR/FREDDIE MAC.

Since NATIONSTAR failed to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010). Therefore, any sale thereon and deed thereon is void *ab initio* since no sale could have taken place as to the RESIDENCE [wrongful foreclosure]

Fraud also permits a void sale *ab initio.* Clearly, there were misrepresentations by NATIONSTAR as servicing agent for FREDDIE MAC. NATIONSTAR/FREDDIE MAC committed fraud by processing a loan modification and claiming that the sale would be postponed and making such oral and written misrepresentations as stated above to plaintiff yet sold on June 26, 2013 and for which she detrimentally relied on such promises of postponement. [BRISCOE DECLARATION/VERIFIED COMPLAINT; EXHIBITS A and B TO THE DECLARATION]

She could have filed for bankruptcy or applied for an injunction to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears.

Therefore, the sale and TRUSTEE DEED will be set-aside, canceled, and void *ab initio* placing my name on title.

Therefore, it is clear that both actions involve the same parties and common issues of facts and law and the unlawful detainer depends upon the within case as to title.

On or about August 16, 2013, plaintiff received notice of an unlawful detainer action filed against HER to evict her from her RESIDENCE with a trial date now set for September 17, 2013 on case number PAS 13P04496, *Federal Home Loan Mortgage vs. Briscoe*. The sale and TRUSTEE DEED are void *ab initio* and the unlawful detainer action should be stayed pending resolution of the within case as to title of the RESIDENCE. [BRISCOE DECL.]

By permitting the unlawful detainer action to proceed and permit a trial or any action proceeding against plaintiff, she will be irreparably harmed as she will be evicted from her home RESIDENCE, the residence might be sold preventing return of title to her, forcing her to incur rental costs elsewhere when she has a RESIDENCE, and possibly in a summary fashion creating a *res judicata* or collateral estoppel of title to the RESIDENCE without permitting this civil proceeding to be heard as the unlawful detainer action will possibly not permit these issues.

DATED:      September 9, 2013     MICHAEL F. FRANK, ATTORNEY AT LAW
                                  By: *Michael F. Frank*
                                      MICHAEL F. FRANK, Esq.
                                  Attorneys for Plaintiff/Applicant
                                  Wendy Briscoe

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: [X] 9901 Durant Drive, Suite H, Beverly Hills, California 90212;; Judicial Notice, 850 Venice Blvd., Los Angeles, California 90015; [ ] United Express, Los Angeles, California; [ ] 3500 West Olive Avenue, Suite 300, Burbank, CA 91505.

On <u>September 13, 2013</u>, I served the foregoing document(s) described as:

"REPLY BY PLIANTIFF WENDY BRISCOE TO OPPOSITION TO NOTICE OF RELATED CASES"

in this action [X] by placing [X] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[X]     See Attached Mailing/Service List

[X]   **VIA MAIL**
I deposited such envelope(s) in the U.S. mail at Beverly Hills, California. The envelope was mailed with postage thereon fully prepaid as first class.

[ ]   **VIA EMAIL**

[ ]   **VIA MESSENGER**
I delivered such envelope(s) by hand to the office(s) of the addressee(s) during regular business hours on said date.

[ ]   **VIA TELECOPIER** [i.e., facsimile]
A copy of the above-referenced document(s) was transmitted, via facsimile transmission, to the above addressee and said date.

[ ]   **VIA PERSONAL SERVICE**
I personally delivered such envelope(s) to the addressee(s) at 111 N. Hill Street, Los Angeles, CA 90012 Department 38 about 8:30 a.m., on said date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this <u>September 13, 2013</u> in California.

/s/     _Michael F. Frank_
Michael F. Frank, Esq.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Service/Mailing List

[Defendants' Attorneys:]

Michael Withem, Esq.
Michael D Zeff, Esq.
Robert L Rosenthal, Esq.
Rosenthal, Withem and Zeff
16027 Ventura Blvd ste 320
Encino Ca 91436
818-789-7711

9

MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. SBN 125149
Peggi A. Gross, Esq. SBN 250648
9901 Durant Drive, Suite H
Beverly Hills, CA 90212
Telephone: (310) 277-2559
Facsimile (866) 279-2860

Attorneys for Plaintiff
        WENDY BRISCOE


        SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| WENDY BRISCOE, | Case No.: BC518110 |
| | [Assigned to: Dept 38; Judge Duffy-Lewis] |
| Plaintiff, | *EX PARTE* APPLICATION BY PLIANTIFF WENDY BRISCOE FOR INJUNCTIVE ORDER STAYING |
| vs. | ACTIONS OR PROCEEDINGS BY DEFENDANT FEDERAL HOME LOAN |
| NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, FEDERAL HOME LOAN MORTGAGE CORPORATION, and DOES 1 THROUGH 50, INCLUSIVE, | MORTGAGE CORPORATION TO TAKE POSSESSION OF PLAINTIFF RESIDENCE |
| | [unlimited jurisdiction] Complaint Filed: 08-13-2013 |
| Defendants. | *Ex Parte* Application: Date: 09-13-2013 Time: 8:30 a.m. Dept: 38 |

    YOU ARE HEREBY NOTIFIED THAT THIS *EX PARTE* APPLICATION BY

PLIANTIFF WENDY BRISCOE FOR INJUNCTIVE ORDER STAYING ACTIONS OR

PROCEEDINGS BY DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION

TO TAKE POSSESSION OF PLAINTIFF RESIDENCE is set for September

13, 2013 at 8:30 a.m. in Department 38 of the Los Angeles

Superior Court — Central District, 111 N. Hill Street, Los

Angeles, California 90012.

///

                                1

## MEMORANDUM OF POINTS AND AUTHORITIES

*Cal. Rules of Court*, Rule 3.1201 states that an application for an *ex parte* order requires the application, supporting declaration, notice declaration, memorandum, and proposed Order. All have been tendered herein.

*Cal. Rules of Court*, Rule 3.1202(c.), requires that "[a]n applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." There are no such grounds herein.

Plaintiff is an individual residing in the City of Los Angeles, County of Los Angeles, and State of California at 9950 Reseda Boulevard, unit number 10 (a condominium), zip code 91324, assessor number 2731-024-047 (in Northridge) (hereinafter "RESIDENCE") and at all relevant times she owned in fee simple the RESIDENCE [BRISCOE DECLARATION]

Defendant NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") is a limited liability company lender, mortgage company, and servicer of mortgages and trust deeds. The Federal Home Loan Mortgage Corporation ("FREDDIE MAC"), is a national corporation, and title from foreclosure by servicer NATIONSTAR the servicer is in the name of FREDDIE MAC the principal. [BRISCOE DECLARTION]

2

1
2
3   The RESIDENCE legal description is TRACT NOS 21726 AND 26884
4   CONDOMINIUM UNIT 10. The instrument number for Trustee Sale
    Deed is 2013-1004407 (hereinafter "TRUSTEE DEED") for
5   RESIDENCE. The Trustee Sale took place on June 26, 2013 and
6   TRUSTEE DEED recorded July 9, 2013 for the RESIDENCE. The
7   Notice of Trustee Sale was recorded June 3, 2013 as instrument
8   number 0***3389 for the RESIDENCE. The Notice of Default was
9   recorded February 27, 2013  as instrument number 0***8682 for
10  the RESIDENCE. The California Homeowner's Bill of Rights
11  statutes became effective January 1, 2013.
12
    The estimated foreclosure accelerated note amount by
13  NATIONSTAR/FREDDIE MAC was supposedly $310,927.00 while the
14  estimated value of the RESIDENCE is $324,000 as of date of
15  foreclosure.
16
17  The TENDER RULE is not applicable in this action.
18  The subject sale is and was void [and void *ab initio*] and not
19  merely voidable thereby. "[W]here a sale is void, rather than
    simply voidable, tender is not required." *Tamburri v. Suntrust
20  Mortgage,* 2011 WL 6294472 at 4 (citing *Miller & Starr
21  California Real Estate* 3d § 10:212 and the sale "has no force
22  and effect," *Dimock v. Emerald Properties LLC.* 81 Cal. Apo. 4th
23  868. 878 (2000).  There is at minimum herein a notice defect
24  providing the basis for challenging the sale under a deed of
25  trust, as is the case here with the allegation of noncompliance
26  with *Cal. Civ. Code* § 2923.5.
27                              3
28

That after February 27, 2013 and before May 1, 2013, Plaintiff contacted NATIONSTAR (servicer for FREDDIE MAC) and submitted an application for a loan modification as to my RESIDENCE on her own initiative. [BRISCOE DECLARATION] The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

NATIONSTAR was suppose to postpone the sale from June 26, 2013 and not sell the RESIDENCE.

Further, on or about June 12, 2013, via the date printed therein, NATIONSTAR sent plaintiff a letter containing an offer and promise which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request. In order to be considered for this program, these documents must be returned no later than 07/12/2013: I. Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps. Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure processes if your account was previously referred to foreclosure. However, your property will not be sold at a foreclosure sale if you are offered and accept a foreclosure prevention alternative or

4

other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . ." [EXHIBIT A; BRISCOE DECLARATION]

The offer and promise in the June 12, 2013 dated letter by NATIONSTAR [Exhibit A] offering postponement of the sale promised by NATIONSTAR to plaintiff if accepted by her was accepted by her as on July 10, 2013 as she sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was prior to the July 12, 2013 acceptance date [EXHIBIT B; BRISCOE DECLARATION]

The sale of the RESIDENCE took place on June 26, 2013. [BRISCOE DECLARATION]   Clearly, NATIONSTAR/FREDDIE MAC breached the oral agreement by the sale, their own written agreement by the sale, and violated *California Civil Code* § 2923.5(a)(1) by not contacting plaintiff prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR/FREDDIE MAC.

Since NATIONSTAR failed to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010). Therefore, any sale thereon and deed thereon is void *ab initio* since no sale could have taken place as to the RESIDENCE [wrongful foreclosure]

Fraud also permits a void sale *ab initio*.  Clearly, there were misrepresentations by NATIONSTAR as servicing agent for FREDDIE MAC.  NATIONSTAR/FREDDIE MAC committed fraud by processing a loan modification and claiming that the sale would be postponed and making such oral and written misrepresentations as stated above to plaintiff yet sold on June 26, 2013 and for which she detrimentally relied on such promises of postponement. [BRISCOE DECLARATION; EXHIBITS A and B]

She could have filed for bankruptcy or applied for an injunction to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears otherwise.

Therefore, the sale and TRUSTEE DEED will be set-aside, canceled, and void *ab initio* placing my name on title.

 These acts by NATIONSTAR/FREDDIE MAC are also violations of California Homeowners Bill of Rights (i.e., "HBOR") — as to "dual tracking" and causing "damages following a sale" [AB278, SB900, AB2610, AB1950, SB1474, AB2314] for which there is a private right of action. The California Homeowner Bill of Rights became law on January 1, 2013.

Therefore, it is clear that plaintiff should prevail in this action.

///

///

6

On or about August 16, 2013, plaintiff received notice of an unlawful detainer action filed against HER to evict her from her RESIDENCE with a trial date now set for September 17, 2013 on case number PAS 13P04496, *Federal Home Loan Mortgage vs. Briscoe*. The sale and TRUSTEE DEED are void *ab initio* and the unlawful detainer action should be stayed pending resolution of the within case as to title of the RESIDENCE. [BRISCOE DECL.]

By permitting the unlawful detainer action to proceed and permit a trial or any action proceeding against plaintiff, she will be irreparably harmed as she will be evicted from her home RESIDENCE, the residence might be sold preventing return of title to her, forcing her to incur rental costs elsewhere when she has a RESIDENCE, and possibly in a summary fashion creating a *res judicata* or collateral estoppel of title to the RESIDENCE without permitting this civil proceeding to be heard as the unlawful detainer action will possibly not permit these issues.

Since the unlawful detainer action trial has been set for September 17, 2013, this is an emergency [Exhibit C].

A Notice of Related Case in this action with respect to the Unlawful detainer action was filed — but have not received any orders or settings based upon it, and have filed a motion to consolidate the two actions, set for hearing.

///

///

7

We request that this court stay or order an injunction preventing ejectment-eviction pending the outcome as to ownership and title of this action.  In the alternative, this court could merely deem the two matters related and bring the unlawful detainer matter into this court if the Court finds it was filed prior in time and is deemed related.

Note that this Court does not actually have to obtain jurisdiction over any other action in the Los Angeles Superior Court as this Court can simply prevent defendants from taking any action since this Court has jurisdiction over defendants.

Clearly, there is an emergency herein and irreparable harm.

There is good cause for the Ordering of an injunction and stay.

The proposed Order has all of the necessary additional language that this Court can use to protect the defendants and fashion the Order or any future hearing to best protect defendants while protecting the plaintiff.  If the Court wants to set an OSC, that language is included.  If the Court wants to provide adequate protection in the form of rent or other amounts then this language also appears in the proposed Order.

MICHAEL F. FRANK, ATTORNEY AT LAW

DATED:     September 5, 2013     By:__Michael F. Frank_____,
                                      MICHAEL F. FRANK, Esq.
                                      Attorneys for Plaintiff/Applicant
                                      Wendy Briscoe

8

MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. SBN 125149
Peggi A. Gross, Esq. SBN 250648
9901 Durant Drive, Suite H
Beverly Hills, CA 90212
Telephone: (310) 277-2559
Facsimile (866) 279-2860


Attorneys for Plaintiff
          WENDY BRISCOE


          SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

WENDY BRISCOE,                      )
                                    )        Case No.:  BC518110
                                    )
          Plaintiff,                )    [Dept: 38                ]
                                    )    [Assigned   to:  Judge  Duffy-
                                    )    Lewis]
          vs.                       )
                                    )
NATIONSTAR MORTGAGE, LLC, a         )
Delaware  limited  liability        )    DECLARATION OF WENDY BRISCOE
company,  FEDERAL  HOME  LOAN       )
MORTGAGE    CORPORATION,    and     )    [unlimited jurisdiction]
DOES    1    THROUGH    50,         )
INCLUSIVE,                          )
                                    )    Complaint Filed: 08-13- 2013
                                    )
          Defendants.               )
_____       )


                    DECLARATION OF WENDY BRISCOE


     1.   I am an individual residing in the City of Los
Angeles, County of Los Angeles, and State of California at 9950
Reseda Boulevard, unit number 10 (a condominium), zip code
91324,  assessor  number  2731-024-047  (in  Northridge)
(hereinafter my "RESIDENCE") and at all relevant times I owned
in fee simple the RESIDENCE.

///

                                1

2.    Defendant NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") is a limited liability company lender, mortgage company, and servicer of mortgages and trust deeds.

3.    The Federal Home Loan Mortgage Corporation ("FREDDIE MAC"), is a national corporation, and title from foreclosure by servicer NATIONSTAR the servicer is in the name of FREDDIE MAC the principal.

4.    The RESIDENCE legal description is TRACT NOS 21726 AND 26884 CONDOMINIUM UNIT 10.

5.    The instrument number for Trustee Sale Deed is 2013-1004407 (hereinafter "TRUSTEE DEED") for RESIDENCE.

6.    The Trustee Sale took place on June 26, 2013 and TRUSTEE DEED recorded July 9, 2013 for the RESIDENCE.

7.    The Notice of Trustee Sale was recorded June 3, 2013 as instrument number 0***3389 for the RESIDENCE.

8.    The Notice of Default was recorded February 27, 2013 as instrument number 0***8682 for the RESIDENCE.

9.    The California Homeowner's Bill of Rights statutes became effective January 1, 2013.

///

///

2

10.   The estimated foreclosure accelerated note amount by NATIONSTAR/FREDDIE MAC was supposedly $310,927.00 while the estimated value of the RESIDENCE is $324,000 as of date of foreclosure.

11.   The NATIONSTAR (servicer for FREDDIE MAC_ contacts with me were all conversations and representations that were oral at all relevant times and were made by ANDREA SMITH 0116, ERICA extension 2404635, TJ, JOHN (on conversations May 2, 2013 regarding taxes), KRISTA (June 10, 2013), Hannah (on June 12, 2013), Kim (on July 11, 2013 who said RESIDENCE went to sale on June 26, 2013 but wanted letter stating BRISCOE had until July 13, 2013 to complete paperwork), Nicole (on July 11, 2013 said the paperwork sent out offering the loan modification and staying and forbearing the sale of RESIDENCE was sent out in error and now an REO property and nothing can be done and don't bother contacting an attorney as nothing legally could be done and she confirmed that all information had been received prior to the July 12, deadline in the NATIONSTAR letter but that this did not matter) NATHAN FRANCE (FRAN — conversations on May 2, 2013) extension 9566820 account manager (who confirmed nothing legally could be done), through NATIONSTAR contact telephone number 866-316-2432 and NATIONSTAR contact fax number was 972-353-6962 and NATIONSTAR Krista contact fax number was 214-488-1823, and NATIONSTAR Kim fax number is 972-966-4846. NATIONSTAR acted through these persons.

///

///

3

12.   The TENDER RULE is not applicable in this action. The subject sale is and was void [and void *ab initio*] and not merely voidable thereby. "[W]here a sale is void, rather than simply voidable, tender is not required." *Tamburri v. Suntrust Mortgage*, 2011 WL 6294472 at 4 (citing *Miller & Starr California Real Estate* 3d § 10:212 and the sale "has no force and effect," *Dimock v. Emerald Properties LLC*. 81 Cal. Apo. 4th 868. 878 (2000).   There is at minimum herein a notice defect providing the basis for challenging the sale under a deed of trust, as is the case here with the allegation of noncompliance with *Cal. Civ. Code* §2923.5.

13.   That after February 27, 2013 and before May 1, 2013, I contacted NATIONSTAR (servicer for FREDDIE MAC) and submitted an application for a loan modification as to my RESIDENCE on my own initiative.

14.   The application was acknowledged orally by NATIONSTAR and postponement of the sale promised by NATIONSTAR to BRISCOE by May 2, 2013.

15.   NATIONSTAR was suppose to postpone the sale from June 26, 2013 and not sell the RESIDENCE.

///
///
///
///
///

4

16. Further, on or about June 12, 2013, via the date printed therein, NATIONSTAR sent me a letter containing an offer and promise which verbatim stated "[w]e have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request. In order to be considered for this program, these documents must be returned no later than 07/12/2013: I. Uniform Borrower Assistance . . II. IRS 4506 . . . Once we have received and evaluated your information, we will contact you regarding your options and next steps.   Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure processes if your account was previously referred to foreclosure. However, your property will not be sold at a foreclosure sale if you are offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan. . ."

17. A true and correct copy of said document stated verbatim in paragraph 16 above is attached hereto as Exhibit A.

///
///
///
///
///
///
///

18. The offer and promise in the June 12, 2013 dated letter by NATIONSTAR [Exhibit A] offering postponement of the sale promised by NATIONSTAR to me if accepted by me was accepted by me as on July 10, 2013 as I sent the required and requested information and documents completed therein to NATIONSTAR via facsimile and confirmed their receipt which was prior to the July 12, 2013 acceptance date [a true and correct copy attached hereto as Exhibit B].

19. The sale of the RESIDENCE took place on June 26, 2013.

20. Clearly, NATIONSTAR/FREDDIE MAC breached the oral agreement by the sale, their own written agreement by the sale, and violated *California Civil Code* § 2923.5(a)(1) by not contacting me prior to noticing and recording the notice of default on the RESIDENCE and did not perform any due diligence thereon as no contact of any form was made by NATIONSTAR/FREDDIE MAC.

21. Since NATIONSTAR failed to comply with § 2923.5, ''then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010). Therefore, any sale thereon and deed thereon is void *ab initio* since no sale could have taken place as to the RESIDENCE [wrongful foreclosure]   Fraud also permits a void sale *ab initio*.

///

///

6

22.   NATIONSTAR/FREDDIE MAC committed fraud by processing a loan modification and claiming that the sale would be postponed and making such oral and written misrepresentations as stated above to me yet sold on June 26, 2013 and for which I detrimentally relied on such promises of postponement.

23.   I could have filed for bankruptcy or applied for an injunction to prevent the foreclosure or could have borrowed or arranged financing to pay off the debt or the alleged arrears otherwise.

24.   Therefore, the sale and TRUSTEE DEED will be set-aside, canceled, and void *ab initio* placing my name on title.

25.   These acts by NATIONSTAR/FREDDIE MAC are also violations of California Homeowners Bill of Rights (i.e., "HBOR") — as to "dual tracking" and causing "damages following a sale" [AB278, SB900, AB2610, AB1950, SB1474, AB2314] for which there is a private right of action. The California Homeowner Bill of Rights became law on January 1, 2013.

26.   Therefore, it is clear that I should prevail in this action.

///
///
///
///
///

7

27. On or about August 16, 2013, I received notice of an unlawful detainer action filed against me to evict me from my RESIDENCE with a trial date now set for September 17, 2013 on case number PAS 13P04496, *Federal Home Loan Mortgage vs. Briscoe*. The sale and TRUSTEE DEED are void *ab initio* and the unlawful detainer action should be stayed pending resolution of our case as to title of my RESIDENCE.

28. By permitting the unlawful detainer action to proceed and permit a trial or any action proceeding against me, I will be irreparably harmed as I will be evicted from my home RESIDENCE, the residence might be sold preventing return of title to me, forcing me to incur rental costs elsewhere when I have a RESIDENCE, and possibly in a summary fashion creating a res judicata or collateral estoppel of title to the RESIDENCE without permitting this civil proceeding to be heard as the unlawful detainer action will possibly not permit these issues.

29. Since the unlawful detainer action trial has been set for September 17, 2013, this is an emergency [true and correct copy attached hereto as Exhibit C].

30. I have filed a Notice of Related Case in this action with respect to the Unlawful detainer action — but I have not received any orders or settings based upon it, and I have filed a motion to consolidate the two actions, set for hearing.

///

///

8

I request that this court stay or order an injunction preventing ejectment-eviction pending the outcome as to ownership and title of this action. In the alternative, this court could merely deem the two matters related and bring the unlawful detainer matter into this court if the Court finds it was filed prior in time and is deemed related.

Executed on September 4, 2013 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9/04/2013 /s/ Wendy Briscoe

WENDY BRISCOE

9

EXHIBIT A

6-692-74287-0000178-001-2-000-000-000-000

08/12/2013

# Nationstar
## MORTGAGE
P.O. Box 630288
Irving, TX 75063

WENDY E BRISCOE
8960 RESEDA BLVD UNIT 10
NORTHRIDGE CA  91324-1610

Reference: Loan Number 0597119813

Dear WENDY E BRISCOE:

We have received your request for assistance. Please find enclosed the following documents that must be completed in full and returned to Nationstar Mortgage in order for us to evaluate your request. In order to be considered for this program, these documents must be returned no later than 07/12/2013.

**I.  Uniform Borrower Assistance Form (UBAF)**
This form incorporates all necessary information required for the Home Affordable Modification Program. The form must be signed, dated and returned.  The sections to be completed are:

- Borrower and Co-Borrower Information
- Hardship Affidavit - this section explains the circumstances that have or will make it difficult for you to stay up-to-date with your mortgage payments. There is no notary required and you need not be currently delinquent on your loan.
- Income/Expenses for your household
- Information For Government Monitoring Purposes

**II.  IRS 4506-T Request for Transcript of Tax Return Form**
This form allows Nationstar Mortgage to order a transcript of your most recent tax return for income verification purposes if you are unable to provide a signed copy of the return. The form must be signed, dated, and returned.

**Send Us the Information We Need to Help You**
Requesting help is the first step. Start by providing information and documentation to help us understand the challenges you are facing.  To do this, follow the detailed instructions on the attached Homeowner Checklist to complete and submit your Borrower Response Package to us.

Once we have received and evaluated your information, we will contact you regarding your options and next steps.

Please note that during the evaluation period, your mortgage loan will be subject to concurrent modification and foreclosure processes if your account was previously referred to foreclosure. However, your property will not be sold at a foreclosure sale if you are offered and accept a foreclosure prevention alternative or other relief option, or if you are making timely payments under a HAMP Trial Period Plan or other modification trial plan.

**Learn More and Act Now**
For more information, please see the Frequently Asked Questions and other information provided with this letter. If you need assistance, your Assigned Foreclosure Prevention Specialist is Christopher Anderson at (866) 316-2432 EXT. 2404630 or via mail at the above listed mailing address.

Remember, you must complete and return the entire Borrower Response Package by 07/12/2013.

Sincerely,

Nationstar Mortgage LLC

---

## TO RECEIVE HELP WITH YOUR MORTGAGE, YOU MUST ACT BY: 07/12/2013!

1. See the instructions on the Homeowner Checklist

2. Review:
   - Avoiding Foreclosure
   - Frequently Asked Questions
   - Beware of Foreclosure Rescue Scams

3. Submit required Borrower Response Package:
   - Uniform Borrower Assistance Form (Borrower Assistance Form) (attached)
   - IRS Form 4506-T (attached)
   - Income documentation (described on Borrower Assistance Form)
   - Hardship documentation (described on Borrower Assistance Form)

### If you need assistance contact us immediately at:

### 1-888-366-1119

---

HBRP

Page 1 of 6

EXHIBIT B

JOB STATUS REPORT

```
TIME  : 07/10/2013 06:21
NAME  : IV DEPT
FAX#  : 8187469841
TEL#  : 8187469800
SER.# : 2090280
```

```
DATE,TIME         07/10  06:20
FAX NO./NAME      912144891023
DURATION          00:01:15
PAGE(S)           08
RESULT            OK
MODE              STANDARD
                  ECM
```

# FAX  TRANSMITTAL SHEET

## Mail Box World

18543 Devonshire Blvd.
Northridge, CA, 91324
Fax # (818) 360-8900

From: _Wendy Briscoe_

If there are any problems with this transmission,

Please call: _1-818-939-4453_

☒ **Urgent**

☐ **Confidential**

Date: _____  Time: _____

Number of Page (including this sheet): _5_

To: _Christa Alava_   Fax Number: _1-214-488-1823_

Message: _additional requested form and information_

We are ready to assist YOU in the following areas:

| | | | | |
|---|---|---|---|---|
| √ UPS | √ Notary | • Fax | √ Mail Box Rental | √ Income Tax |
| • USPS | • Passport Photos | • Key | • Business Card | √ Immigration Service |
| √ FedEx | • Finger Print | • Copies | • Rubber Stamp | • Accounting Service |
| • Packaging | | | • Office Supplies | |
| | | | • Resume | |

# FAX   TRANSMITTAL SHEET

**Mail Box World**

18543 Devonshire Blvd,
Northridge, CA, 91324
Fax # (818) 360-3880

From: _Wendy Briscoe_
If there are any problems with this transmission,

Please call; _1-818-939-4452_

☒ Urgent
☐ Confidential

Date: _____ Time: _____   Number of Page (including this sheet): _5_

To: _Christa Alava_   Fax Number: _1-214-488-1823_

Message: _additional requested form and information_

---

We are ready to assist YOU in the following areas:

| | | | | |
|---|---|---|---|---|
| √ UPS | √ Notary | • Fax | √ Mail Box Rental | √ Income Tax |
| • USPS | • Passport Photos | • Key | • Business Card | √ Immigration Service |
| √ FedEx | • Finger Print | • Copies | • Rubber Stamp | • Accounting Service |
| • Packaging | | | • Office Supplies | |
| | | | • Resume | |

6-602-74287-0000178-001-13-000-000-000-000

**Form 4506-T**

(Rev. January 2012)

Department of the Treasury
Internal Revenue Service

## Request for Transcript of Tax Return

▶ Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-1872

Tip. Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946. If you need a copy of your return, use Form 4506, Request for Copy of Tax Return. There is a fee to get a copy of your return.

| 1a | Name shown on tax return. If a joint return, enter the name shown first. | 1b | First social security number on tax return or individual taxpayer identification number, or employer identification number (see instructions) |
| | *Wendy Briscoe* | | ~~blacked out~~ |
| 2a | If a joint return, enter spouse's name shown on tax return. | 2b | Second social security number or individual taxpayer identification number if joint tax return |

3  Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

*9950 Reseda Bl. Unit 10 Northridge Ca. 91324*

4  Previous address shown on the last return filed if different from line 3 (see instructions)

5  If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Nationstar Mortgage, P.O. Box 630268, Irving, TX 75063

Caution. If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your IRS transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

6  Transcript requested. Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶  *1040*

a  **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120A, Form 1120H, Form 1120L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days . . . . . . . . . . . . . . . . .  ☒

b  **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 30 calendar days  ☐

c  **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 30 calendar days . . . . .  ☐

7  **Verification of Nonfiling,** which is proof from the IRS that you did not file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days  . . .  ☐

8  **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2010, filed in 2011, will not be available from the IRS until 2012. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 45 days  . . . .  ☐

Caution. If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

9  Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

*12/31/2012*

Check this box if you have notified the IRS or the IRS has notified you that one of the years for which you are requesting a transcript involved identity theft on your federal tax return  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ☐

Caution. Do not sign this form unless all applicable lines have been completed.

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. Note. For transcripts being sent to a third party, this form must be received within 120 days of the signature date.

Phone number of taxpayer on line 1a or 2a

*(818) 939 - 4452*

**Sign Here**

▶ Signature (see instructions)   *Wendy Briscoe*   Date  *7/10/2013*

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature   Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.   Cat. No. 37667N   Form **4506-T** (Rev. 1-2012)

Bank of America | Online Banking | Accounts | Account Details | Account Activity          Page 2 of 3

| Date | Description | Status | $Amount | $Available Balance |
|---|---|---|---|---|
| 07/08/2013 | BILL PAY CHECK 9241: KOHL'S | C | -120.00 | 20,029.74 |
| 07/08/2013 | BEST BUY Bill Payment | C | -120.00 | 20,149.74 |
| 07/08/2013 | BILL PAY CHECK 9245: Verizon Wireless | C | -210.00 | 20,269.74 |
| 07/08/2013 | BILL PAY CHECK 9244: TIME WARNER | C | -250.00 | 20,479.74 |
| 07/05/2013 | CHECKCARD 0703 RN *GAMEHOUSE.COM 866 -597-5509 WA... | C | -9.99 | 20,729.74 |
| 07/05/2013 | CHECKCARD 0704 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -14.99 | 20,739.73 |
| 07/05/2013 | CHECKCARD 0704 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -19.99 | 20,754.72 |
| 07/05/2013 | THE GAS COMPANY Bill Payment | C | -25.00 | 20,774.71 |
| 07/03/2013 | CHECKCARD 0703 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -9.95 | 20,799.71 |
| 07/03/2013 | CHECKCARD 0703 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -16.98 | 20,809.66 |
| 07/03/2013 | CHECKCARD 0703 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -19.99 | 20,826.64 |
| 07/03/2013 | AEIS DES:CREDIT ID:0300229288491 INDN:BRISCOE,WENDY E CO ID:8411667006... | C | 1,300.00 | 20,846.63 |
| 07/02/2013 | CHECKCARD 0701 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -10.95 | 19,546.63 |
| 07/02/2013 | BILL PAY CHECK 9243: Los Angeles Times | C | -20.00 | 19,557.58 |
| 07/02/2013 | Wawanesa Insurance Company Bill Payment | C | -120.00 | 19,577.58 |
| 07/01/2013 | CHECKCARD 0630 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -12.99 | 19,697.58 |
| 07/01/2013 | CHECKCARD 0630 QVC*423722898101*2 OF 2 800-367-9444 PA... | C | -20.99 | 19,710.57 |
| 07/01/2013 | CHECKCARD 0629 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -21.98 | 19,731.56 |
| 07/01/2013 | CHECKCARD 0629 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -23.97 | 19,753.54 |
| 07/01/2013 | CHECKCARD 0630 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -24.99 | 19,777.51 |
| 07/01/2013 | CHECKCARD 0630 APL*APPLE ITUNES STORE 866-712-7753 CA... | C | -26.98 | 19,802.50 |

# Your New Benefit Amount

0517970

**BENEFICIARY'S NAME: WENDY E BRISCOE**

Your Social Security benefits will increase by 3.6 percent in 2012 because of a rise in the cost of living. You can use this letter when you need proof of your benefit amount to receive food, rent, or energy assistance; bank loans: or for other business.

### How Much Will I Get And When?
- Your monthly amount (before deductions) is                                                    $2,061.90
- The amount we deduct for Medicare medical insurance is                                           $99.90
(If you did not have Medicare as of Nov. 17, 2011,
or if someone else pays your premium, we show $0.00.)
- The amount we deduct for your Medicare prescription drug plan is                                  $0.00
(If you did not elect withholding as of Nov. 1, 2011, we show $0.00.)
- The amount we deduct for voluntary Federal tax withholding is                                     $0.00
(If you did not elect voluntary tax withholding as of
Nov. 17, 2011, we show $0.00.)
- After taking any other deductions, we will deposit                                             $1,962.00
into your bank account on Jan. 25, 2012.

If you disagree with any of these amounts, you must write to us within 60 days from the date you receive this letter. We would be happy to review the amounts.

### What If I Have Questions?
Please visit our website at *www.socialsecurity.gov* for more information and a variety of online services. You also can call 1-800-772-1213 and speak to a representative from 7 a.m. until 7 p.m., Monday through Friday. Recorded information and services are available 24 hours a day. Our lines are busiest early in the week, early in the month, as well as during the week between Christmas and New Year's Day; it is best to call at other times. If you are deaf or hard of hearing, call our TTY number, 1-800-325-0778. If you are outside the United States, you can contact any U.S. embassy or consulate office, or the Veterans Affairs Regional Office in Manila. Please have your Social Security claim number available when you call or visit and include it on any letter you send to Social Security. If you are inside the United States, and need assistance of any kind, you also can visit your local office.

9168 DE SOTO AVENUE
CHATSWORTH CA

# IMPORTANT INFORMATION

## Your Benefit Amount

We are writing to tell you that your Social Security Benefits will increase by 3.6 percent in 2012. Please check the other side of this letter to learn how this affects you.

## What If I Work Or Want To Return To Work?

If you work, you must call 1-800-772-1213 right away to tell us about earnings you have. There are special rules that help people with disabilities return to work without losing their benefits and Medicare or Medicaid. If you do not follow these rules and report your work, you may have to repay a large part of your benefits. For more information, contact us for the free booklet, *Working While Disabled—How We Can Help* (Publication No. 05-10095). This booklet includes information about the Ticket to Work program, which can help you work or increase your earnings. To learn more, call 1-866-968-7842 (TTY 1-866-833-2967) or visit *www.socialsecurity.gov/work*.

## Rules For Certain Family Members

If you receive benefits as a widow, widower, parent, or child and you marry or remarry, you must let us know. If you are a custodial parent, you also must let us know if a child who receives benefits no longer lives with you. If a stepchild receives benefits based on your work and you and the stepchild's parent divorce, you must report the divorce to us. We must stop the stepchild's benefits the month after the divorce becomes final.

## Health Insurance For Children

If you have children or grandchildren younger than age 19 who are not covered by health insurance, the Children's Health Insurance Program may help. To find out more, visit *www.insurekidsnow.gov* or call 1-877-KIDS-NOW (1-877-543-7669). The number connects you to your State's program.

## Help For Elders

The Eldercare Locator is a free public service of the U.S. Administration on Aging. By calling 1-800-677-1116, or visiting *www.eldercare.gov*, you can connect with a specialist in your area who can explain programs that give financial, employment, legal, and caregiving help to seniors.

## Help Prevent Identity Theft

Be aware of scams through the mail, Internet, telephone, or in person. You should be careful when someone asks for personal information, including your Social Security number.

## Medicare Information

The Centers for Medicare & Medicaid Services recently mailed the *Medicare & You 2012* handbook to all households with Medicare.

EXHIBIT C

08/21/2013  04:40   8187469841               IV DEPT                      PAGE  02/02

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS: 300 EAST WALNUT STREET
PASADENA, CALIFORNIA 91101

PLAINTIFF: FEDERAL HOME LOAN MORTGAGE

DEFENDANT: BRISCOE, WENDY E.

### NOTICE OF UNLAWFUL DETAINER (EVICTION)

CASE NUMBER:
PAS 13P04498

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant. It is important for you to take immediate action. **YOU ARE ALLOWED FIVE (5) DAYS AFTER YOU ARE SERVED TO RESPOND TO THE COMPLAINT.**

The following organizations, among others, may be called for legal advice:

BET TZEDEK LEGAL SERVICES (L.A. COUNTY)   (323) 939-0808
LEGAL AID SOCIETY OF ORANGE COUNTY         (800) 834-5001
EVICTION ASSISTANCE CENTER (SHRIVER)       (818) 485-0870
(FOR HELP WITH CASES FILED ONLY AT THE STANLEY MOSK COURTHOUSE, 111 N. HILL ST., RM. 115, LOS ANGELES)
LOS ANGELES COUNTY BAR ASSOCIATION         (213) 627-2727

LEGAL AID FOUNDATION OF LOS ANGELES        (213) 640-3881
LOS ANGELES CENTER FOR LAW AND JUSTICE     (213) 980-3500
LOS ANGELES COUNTY BAR ASSOCIATION         (213) 243-1525
NEIGHBORHOOD LEGAL SERVICES OF LOS ANGELES (800) 433-6251

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-422-2529.

Persons with disabilities may request an accommodation by completing a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council Form MC-410). Forms are available in the clerk's office, on the court's Web site, or will be mailed upon request. Submit the completed form to the clerk or ADA Coordinator at the courthouse where your case is pending. Form MC-410, and any other pleadings in this case, may be filed by fax. For more information, contact the ADA Coordinator's office at (213) 974-5686, TDD (213) 633-4863 or visit the court's Web site at   www.lasuperiorcourt.org.

During the first 60 days from the date of filing, the case file may only be reviewed by the following persons:
1) Any party listed in the action,
2) An attorney for one of the parties,
3) Any other person who provides the clerk the following: (a) Name of at least one plaintiff and one defendant in the action and the address, including any applicable apartment, unit, or space number of the subject premises, (b) The name of one of the parties in the action or the case number and can establish through proper identification that (s)he lives at the subject premises.

Persons who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except pursuant to an ex parte order upon a showing of good cause.

## CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in PASADENA, CALIFORNIA,
one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

BRISCOE, WENDY E.

9960 RESEDA BLVD., UNIT 10

NORTHRIDGE, CA 91324

ANY AND ALL OCCUPANTS

9960 RESEDA BLVD., UNIT 10

NORTHRIDGE, CA 91324

JOHN A. CLARKE, Executive Officer/Clerk

By: GILBERT GLORIOSO, Deputy Clerk

Dated: 08/16/2013

LACIV 002 (Rev. 04/13)
LASC Approved 04-08
For Optional Use

**NOTICE OF UNLAWFUL DETAINER (EVICTION)**

Code Civ. Proc., Sections
1161.2, 1161.2(c)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: [X] 9901 Durant Drive, Suite H, Beverly Hills, California 90212;; Judicial Notice, 850 Venice Blvd., Los Angeles, California 90015; [ ] United Express, Los Angeles, California; [ ] 3500 West Olive Avenue, Suite 300, Burbank, CA 91505.

On September 13, 2013, I served the foregoing document(s) described as:

*"EX PARTE APPLICATION BY PLIANTIFF WENDY BRISCOE FOR INJUNCTIVE ORDER STAYING ACTIONS OR PROCEEDINGS BY DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION TO TAKE POSSESSION OF PLAINTIFF RESIDENCE"*

in this action [X] by placing [X] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[X]    See Attached Mailing/Service List

[ ]    **VIA MAIL**
I deposited such envelope(s) in the U.S. mail at Beverly Hills, California. The envelope was mailed with postage thereon fully prepaid as first class.

[ ]    **VIA EMAIL**

[ ]    **VIA MESSENGER**
I delivered such envelope(s) by hand to the office(s) of the addressee(s) during regular business hours on said date.

[ ]    **VIA TELECOPIER** [i.e., facsimile]
A copy of the above-referenced document(s) was transmitted, via facsimile transmission, to the above addressee and said date.

[X]    **VIA PERSONAL SERVICE**
I personally delivered such envelope(s) to the addressee(s) at 111 N. Hill Street, Los Angeles, CA 90012 Department 38 about 8:30 a.m., on said date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this September 13, 2013 in California.

/s/    Michael F. Frank                              .
Michael F. Frank, Esq.

9

1
2
3
4
5
6          <u>Service/Mailing List</u>
7
8          [Defendants' Attorneys:]
9
10              Michael Withem, Esq.
                Michael D Zeff, Esq.
11            Robert L Rosenthal, Esq.
              Rosenthal, Withem and Zeff
12            16027 Ventura Blvd ste 320
                  Encino Ca 91436
13                 818-789-7711
14
15
16
17
18
19
20
21
22
23
24
25
26
27              10
28

MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. SBN 125149
Peggi A. Gross, Esq. SBN 250648
9901 Durant Drive, Suite H
Beverly Hills, CA  90212
Telephone: (310) 277-2559
Facsimile (866) 279-2860


Attorneys for Plaintiff
      WENDY BRISCOE


## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| WENDY BRISCOE, | Case No.: BC518110 |
| Plaintiff, | [Assigned to: Dept 38; Judge Duffy-Lewis] |
| vs. | DECLARATION OF MICHAEL F. FRANK RE NOTICE |
| NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, FEDERAL HOME LOAN MORTGAGE CORPORATION, and DOES 1 THROUGH 50, INCLUSIVE, | [unlimited jurisdiction] Complaint Filed: 08-13- 2013 |
| | Ex Parte Application: |
| | Date: 09-13-2013 |
| | Time: 8:30 a.m. |
| Defendants. | Dept: 38 |


### DECLARATION OF MICHAEL F. FRANK

I, MICHAEL F. FRANK, declare as follows:

1.  I am the attorney for Plaintiff and Applicant WENDY BRISCOE. I am a member in good standing of the California State Bar. I have personal knowledge of the facts set forth herein and could, if called upon, competently testify thereto.

///

1

2.    On September 4, 2013, at about 11:00 a.m., I gave *ex parte* application notice via facsimile letter directed to Defendant FEDERAL HOME LOAN MORTGAGE CORPORATION attorneys. Both FEDERAL HOME LOAN MORTGAGE CORPORATION and NATIONSTAR have been served but not appeared in the action to date.

3.    There is an unlawful detainer action brought by FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC) against WENDY BRISCOE as case number PAS 13P04496.  The FREDDIE MAC attorneys are Rosenthal, Withem and Zeff.  I have given notice to Mr. Rosenthal, Mr. Withem, and Mr. Zeff as of September 4, 2013.  They wrote back indicating that they received the notice. I assume they will oppose the application.

4.    I have sent a courtesy copy of the summons, complaint, and attachments to such attorneys for FREDDIE MAC a week or more prior to the notice, with notice of the matter being in downtown Los Angeles in department 38.

5.    The notice stated that we intended to bring an Ex Parte Application and hearing for Friday, September 13, 2013 [a day for which I checked was not dark for this department], to obtain a stay-injunction of all proceeding including the current unlawful detainer action [Federal Home Loan Mortgage vs. Briscoe, PAS 13P04496] — that purports to eject or otherwise evict Ms. Briscoe until resolution of the LASC BC518110 case as to title and

2

possession, in department 38, Los Angeles Superior Court, 111 N. Hill St.

6.     I am attaching the correspondence sent and received after notice was provided hereto collectively.


I declare, under penalty of perjury under the Laws of the State of California, that the foregoing is true and correct and that this Declaration is executed this September 5, 2013, at Los Angeles, California.

*Michael F. Frank*
MICHAEL F. FRANK

3

# MICHAEL F. FRANK
ATTORNEY AT LAW

9901 DURANT DRIVE
SUITE H
BEVERLY HILLS, CA  90212

TELEPHONE (310) 277-2559
TELECOPIER (866) 279-2860
mfrankatty@aol.com

September 4, 2013

**VIA FACSIMILE ONLY**                    **(818) 986-3875**

Michael D Zeff, Esq.
Robert L Rosenthal, Esq.
Rosenthal, Withem and Zeff
16027 Ventura Blvd ste 320
Encino Ca 91436

|      | Re: | Our Client | : | Wendy Briscoe |
|------|-----|------------|---|---------------|
|      |     | Matter     | : | Briscoe vs. Nationstar, |
|      |     |            |   | Federal Home Loan Mortgage |
|      |     |            |   | (Court Matter) |
|      |     | Case No.   | : | LASC BC 518110 |

Dear Gentlemen:

This is formal notice of our intention to bring an *Ex Parte* Application and hearing for Friday, September 13, 2012, in Department 38 at 8:30 a.m.   The relief requested will be a stay-injunction of all proceedings-including the current Unlawful Detainer action [Federal Home Loan Mortgage vs. Briscoe, PAS 13P04496] – that purports to eject or otherwise evict Ms. Briscoe until resolution of the LASC BC518110 case as to title and possession.

Thank you for your expected cooperation in this matter in advance.

Sincerely,
MICHAEL F. FRANK
ATTORNEY AT LAW
By: *Michael F. Frank*
Michael F. Frank, Esq.

09/04/2013  14:46    8189863875                    ROSENTHAL                          PAGE  01/03

# facsimile
## TRANSMITTAL

| | |
|---|---|
| **to:** | Michael F. Frank, Esq. |
| **fax #:** | **866-279-2860** |
| **re:** | Briscoe v. Nationstar, Federal Home Loan & Federal Home Loan v. Briscoe<br>**LASC Case No.:**   BC 518110 & 13P04496<br>RWZ Litigation No:  3786 & 4119 |
| **date:** | September 4, 2013 |
| **from:** | Michael L. Withem<br>*Rosenthal, Withem & Zeff*<br>*Litigation Dept.* |
| **pages:** | 3, including this page. |

From the desk of...

**BRITTANY W. SAN MARTIN,** *Assistant to*
MICHAEL L. WITHEM, ESQ.

(818) 780-7711
Fax: (818) 986-3875

09/04/2013  14:46     8189863875              ROSENTHAL                              PAGE  02/03

LAW OFFICES
# ROSENTHAL, WITHEM & ZEFF
16027 VENTURA BOULEVARD, SUITE 320
ENCINO, CALIFORNIA 91436-2733

(818) 789-7711
Fax (818) 686-3875

September 4, 2013

**Via Facsimile & U.S. Mail**                              **866-279-2860**

Michael F. Frank, Esq.
Michael F. Frank, Attorney at Law
9901 Durant Drive, Suite H
Beverly Hills, CA 90212

Re:  Briscoe v. Nationstar, Federal Home Loan & Federal Home Loan v. Briscoe
     LASC Case No.:    BC 518110 & 13P04496
     RWZ Litigation No:  3786 & 4119

Dear Mr. Frank:

My offices, received your fax transmittal letter of September 4, 2013 where you purport to provide
Ex Parte notice of hearing which you have set in an Unlimited Jurisdiction matter, Los Angeles
Superior Court Case Number BC518110 which you have noticed to take place on Friday September
13, 2013 at 8:30 a.m. Dept. 38.

This letter is to again remind you, that my firm/offices does not have authority to accept service of
process of the separate civil suit, Los Angeles Superior Court Case number BC518110 on behalf of
any named defendant.  Before any Ex Parte Notice that you provide for a matter pending in the
Superior Court Unlimited Jurisdiction matter, which is sent to my offices, although appreciated, it
is not proper.

In addition, my offices on behalf of Unlawful Detainer Plaintiff Freddie Mac, has not consented to
service or notice facsimile transmittal.

Your attention is directed to California Rule of Court 2.306 which provides as follows:
     "2.306(a)(1) Agreement of parties required
     Service by fax transmission is permitted only of the parties agree and a written confirmation
     of that agreement is made."

Please note we have no written agreement by and between our respective offices concerning either
the Unlawful Detainer action or the pending civil matter, that would permit service by fax.

I am again requesting, that should your offices serve the separate civil lawsuit upon any named

Michael F. Frank, Esq.
September 4, 2013
Page 2

defendant or properly serve an Ex Parte Notice upon any named defendant, that you immediately advise my offices of said service of process. In addition, if you intend to serve Freddie Mac as the Plaintiff in the Unlawful Detainer action, please so advise. Plaintiff Freddie Mac, is not a party to the civil action and there is no jurisdiction over Freddie Mac in the pending Superior Court Unlimited Jurisdiction matter.

Thank you for your professional courtesy and review of this matter.

Very Truly Yours,

MICHAEL L. WITHEM

MLW:bsm
cc. Client
cc. RWZ Eviction Dept.

MICHAEL F. FRANK
ATTORNEY AT LAW

9901 DURANT DRIVE
SUITE H
BEVERLY HILLS, CA 90212

TELEPHONE (310) 277-2559
TELECOPIER (866) 279-2860
mfrankatty@aol.com

September 4, 2013

**VIA FACSIMILE ONLY**                    **(818) 986-3875**

Michael L. Withem, Esq.
Rosenthal, Withem and Zeff
16027 Ventura Blvd Ste 320
Encino CA 91436

|      | Re: | Our Client | : | Wendy Briscoe |
|------|-----|------------|---|---------------|
|      |     | Matter     | : | Briscoe vs. Nationstar, Federal Home Loan Mortgage (Court Matter) |
|      |     | Case No.   | : | LASC BC 518110 |

Dear Mr. Withem:

I would like to correct you about some facts. I have never heard back from your office after I provided a courtesy copy of the complaint to your offices. The copy was provided both as a courtesy and to further the punitive damage claim at trial since your client is proceeding. I served the defendants with process immediately -- not through your offices. And Freddie Mac is a party to both lawsuits. Both lawsuits are pending in the Los Angeles Superior Court. Ex Parte notice is permitted via facsimile. And I cannot contact parties when I know they are represented. And your firm is obligated to contact your client, and I am obligated to notify your offices. Nationstar was an agent as servicer not for the unlawful detainer.

Thank you for your expected cooperation in this matter in advance.

Sincerely,
MICHAEL F. FRANK
ATTORNEY AT LAW
By: *Michael F. Frank*
Michael F. Frank, Esq.

1

MICHAEL F. FRANK, ATTORNEY AT LAW
2  Michael F. Frank, Esq. SBN 125149
   Peggi A. Gross, Esq. SBN 250648
3  9901 Durant Drive, Suite H
   Beverly Hills, CA  90212
4  Telephone: (310) 277-2559
   Facsimile (866) 279-2860

5

   Attorneys for Plaintiff
6        WENDY BRISCOE

7

8        **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

9  WENDY BRISCOE,                      )
                                       )
10                                     )      Case No.:  BC518110
                                       )
11              Plaintiff,             )   [Assigned to: Dept 38  Judge
                                       )   Duffy-Lewis]
12        vs.                          )
                                       )   ORDER ON EX PARTE APPLICATION
13 NATIONSTAR MORTGAGE, LLC, a         )   FOR STAY OF UNLAWFUL DETAINER
   Delaware  limited  liability        )
14 company,  FEDERAL  HOME  LOAN       )   [unlimited jurisdiction]
   MORTGAGE   CORPORATION,   and       )
15 DOES    1    THROUGH    50,         )   Complaint Filed: 08-13-2013
   INCLUSIVE,                          )
16                                     )
               Defendants.            )
17

18      At 8:30 a.m. on September 13, 2013 in Department "38" of

   the Los Angeles Superior Court — Central District, 111 N. Hill
19
   Street, Los Angeles, California  90012, Plaintiff and Applicant
20
   WENDY BRISCOE applied to this court *ex parte* for a TEMPORARY
21
   INJUNCTIVE ORDER STAYING ENFORCEMENT OF DEFENDANT FEDERAL HOME
22
   LOAN MORTGAGE CORPORATION ATTEMPTS TO OBTAIN POSSESSION OF the
23
   improved real property/residence located in the City of Los
24
   Angeles, County of Los Angeles, 9950 Reseda Boulevard, unit
25
   number 10 (a condominium), zip code 91324, assessor number
26
   2731-024-047 (in Northridge) with legal description is TRACT
27
                                   1
28

NOS 21726 AND 26884 CONDOMINIUM UNIT 10, until resolution of title and ownership in this proceeding.

Michael F. Frank, Esq. appeared for applicant.   Michael Withem, Esq. appeared for defendant FEDERAL HOME LOAN MORTGAGE CORPORATION.

For good cause appearing, IT IS HEREBY ORDERED that enforcement of attempts to obtain possession by defendant FEDERAL HOME LOAN MORTGAGE COROoRATION is hereby stayed until trial or further order of the Court or that title and ownership is adjudicated by this Court.

[  ] This court finds Los Angeles Superior Court cases BC518110 and PAS 13P04496 related and all hearing dates and trials in the case PAS 13P04496 are vacated and may be reset in this Court on this Court's availability and as allowed.   The lead case is BC518110.   The notice of related case was filed on August 22, 2013.

[  ] An Order to Show Cause re: continuing of the stay as a preliminary injunction through trial or resolution is set for Department 38 at 8:30 a.m. on _____,  these papers deemed filed and considered the moving papers, and the opposition papers due served via facsimile and filed with the court on _____ any   reply papers due served via facsimile and filed with the court on _____.

///
///
///

2

[    ] Plaintiff BRISCOE is to put aside in a segregated account for the benefit of FEDERAL HOME LOAN MORTGAGE CORPORATION or deposit with the Court monthly the sum of $ _____ as adequate protection and/or reasonable rent for Plaintiff BRISCOE's continued possession pending resolution of ownership and title.   The residence is a 3-beDroom, 3-bathroom condominium with 1,782 square feet per Zillow.com. The real estate website Zillow.com has reasonable rent at $2,228.00 per month.   The payments are to begin October 1, 2013 and be made by the first of each month.   The proof of each payment shall be sent to counsel for FEDERAL HOME LOAN MORTGAGE CORPORATION herein.

Dated:   September 13, 2013

HON. MAUREEN DUFFY-LEWIS
JUDGE OF THE SUPERIOR COURT

3

Michael F. Frank, Esq. SBN 125149
MICHAEL F. FRANK, ATTORNEY AT LAW
9901 Durant Dr, # H
Beverly Hills, California  90212
Telephone: (310) 497-0120

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 19 2013

JOHN A. CLARKE, CLERK

BY L. JOHNSON, DEPUTY

Attorneys for Plaintiff
    WENDY BRISCOE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  |  |
|---|---|
| WENDY BRISCOE,<br><br>                Plaintiff,<br><br>        vs.<br><br>NATIONSTAR MORTGAGE, LLC, a<br>Delaware limited liability<br>company, FEDERAL HOME LOAN<br>MORTGAGE  CORPORATION, and<br>DOES   1    THROUGH   50,<br>INCLUSIVE,<br><br>                Defendants. | Case No.: BC518110<br>[Assigned to Dept 38; Judge<br>Maureen Duffy-Lewis]<br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE**<br><br>Trial: Date: Dec. 6, 2013<br>       Time: 8:30 a.m.<br>       Dept: 38<br><br>Complaint filed: 08-13-2013<br>FSC: None.<br>Trial Date:  None. |

NOTICE IS HEREBY GIVEN BY THE PLAINTIFF WENDY BRISCOE that:

    The  Court  has  set  a  Case  Management  Conference  for
December  6, 2013 at 8:30 a.m. in Department 38, Los Angeles
Superior Court, 111 N. Hill Street, Los Angeles, CA 90012. A
true and correct copy of the Court's order is attached hereto.
All parties and counsel must timely file a Case Management
Conference statement..

                        MICHAEL F. FRANK, ATTORNEY AT LAW

DATED:    September 9, 2013        By: Michael F. Frank              .
                                  MICHAEL F. FRANK, Esq.,
                                  Attorney for Plaintiff BRISCOE

EXHIBIT 2



**This page is part of your document - DO NOT DISCARD**



# 20131004407



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/09/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201307090210023

00007976125



004983721

**SEQ:**
**20**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

t29

RECORDING REQUESTED BY:
First American Title Ins Co.
AND WHEN RECORDED TO:
Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, TX 75067



07/09/2013

*20131004407*

**Mail Tax Statements To The Above Address**

---

[SPACE ABOVE LINE FOR RECORDER'S USE ONLY]

TS #: 12-21905

Order #: **7525344**
APN: **2731-024-047**

# TRUSTEE'S DEED UPON SALE

A.P.N.: **2731-024-047**              Transfer Tax: **$0.00**
"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3"

The Grantee Herein **was** The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was **$327,970.62**
The Amount Paid By The Grantee Was **$323,701.00**
Said Property Is In The City of **NORTHRIDGE**, County of **Los Angeles**

**Law Offices of Les Zieve**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to **Federal Home Loan Mortgage Corporation**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los Angeles**, State of **CALIFORNIA**, described as follows:
A CONDOMINIUM COMPRISED OF: A) AN UNDIVIDED 1/42ND INTEREST IN AND TO LOT 1 OF TRACT NO. 26864, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 825 PAGES 85 AND 86 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND IN AND TO LOT 1 OF TRACT NO. 21726, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 825 PAGES 95 AND 96 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPT FROM THE ABOVE DESCRIBED LAND, UNITS 1 TO 42, INCLUSIVE, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED APRIL 18, 1973 AS INSTRUMENT NO. 582, IN BOOK M4352 PAGE 400, OFFICIAL RECORDS. B) UNIT 10 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED

9950 RESEDA BLVD NO 10
LOS ANGELES, CA 91324

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **WENDY E BRISCOE, A WIDOW** as Trustor, dated **12/11/2006** of the Official Records in the office of the Recorder of **Los Angeles**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **1/3/2007**, instrument number **20070008851**, Book --, Page -- of Official records.

206



## TRUSTEE'S DEED UPON SALE

TS #: **12-21905**
Order #: **7525344**

Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **6/26/2013**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$323,701.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Law Offices of Les Zieve**, as Trustee, has this day, caused its name to be hereunto.

Date: ~~6/26/2013~~ 7/5/13

Law Offices of Les Zieve

By: _____
**Marcy Axelrod, Trustee Sale Officer**

State of California
County of Orange
7-5-13 COB
On ~~6/26/201~~3 before me, Christine O'Brien Notary Public personally appeared, Marcy Axelrod who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Christine O'Brien                    (Seal)

CHRISTINE O'BRIEN
Commission # 1986128
Notary Public - California
Orange County
My Comm. Expires Aug 21, 2016

## PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado.  I am over the age of 18 and not a party to the within action.  My business address is 1400 Wewatta Street, Suite 500, Denver, Colorado 80202.

On **September 17, 2013**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION
## BASED ON DIVERSITY JURISDICTION

Michael F. Frank, Esq.

Peggi A. Gross, Esq.

Michael F. Frank, Attorney at Law

9901 Durant Drive, Suite H

Beverly Hills, CA 90212

Tel: 310-277-2559

Fax: 866-279-2860

*Attorney for Plaintiff*

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Denver, Colorado.

☒   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐   (FACSIMILE) I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

AKERMAN SENTERFITT LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 - FAX: (213) 627-6342

☐   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **September 17, 2013**, at Denver, Colorado.

_____          _____
Holly Watson                                                      (Signature)
(Type or print name)

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Wendy Briscoe | Nationstar Mortgage LLC; Federal Home Loan Mortgage Corporation; and Does 1-50, Inclusive |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>Michael F. Frank, Esq. and Peggi A. Gross, Esq.<br>9901 Durant Drive, Suite H<br>Beverly Hills, CA 90212<br>Tel. 310-277-2559 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>Akerman Senterfitt LLP<br>Justin D. Balser<br>725 S. Figueroa Street, 38th Floor, Los Angeles, CA 90017<br>Tel. 213-688-9500 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
wrongful foreclosure

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☒ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV13-06840**

CV-71 (09/13)   CIVIL COVER SHEET   Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No | ☒ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no, " go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right.  ➡

**C.2. Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**:  Have any cases been previously filed in this court that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**    _____    DATE: 9/17/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Dean D. Pregerson _____ and the assigned Magistrate Judge is _____ Paul L. Abrams _____.

The case number on all documents filed with the Court should read as follows:

## 2:13-CV-6840-DDP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 17, 2013
_____
Date

By _MDAVIS_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☒ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)      NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES